UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| Case No. | CV 11-9437 DSF (JCx) | Date | 7/13/12 |
|---|---|---|---|
| Title | Alkiviades David, et al., v. CBS Interactive Inc., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order GRANTING in part and DENYING in part Defendants' Motion to Dismiss Complaint (Docket No. 14)

## I.  INTRODUCTION

Defendant CBS Interactive is the owner and operator of Defendant corporation CNET Networks, Inc.  (Mot. Dismiss 4.)  CNET is a website network that specializes in information about technology, software, and consumer electronics.  (Id. 3.)  One of the websites in CNET's network is download.com, which provides its users with download links for third-party software that is submitted by the software publishers.  (Id.)  Hundreds of thousands of products are accessible on download.com, including peer-to-peer (P2P) file-sharing software.  (Id. 4.)

Based upon allegations that Defendants distributed P2P software that was used to infringe copyrights, Plaintiffs brought suit, asserting claims for (1) vicarious copyright infringement, (2) contributory infringement, and (3) inducement of infringement.  (Id. 5; Pls.' Complaint ¶ 2.)  Beyond allegations that Defendants distributed P2P software, Plaintiffs also allege that Defendants published articles, videos, and reviews that encouraged users to download copyrighted material with the available P2P software.  (Pls.' Complaint ¶ 10.)

Defendants filed a Motion to Dismiss, seeking to dismiss all claims.  (Docket No. 14.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, allegations contradicted by matters properly subject to judicial notice or by exhibit need not be accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (alteration in original; internal quotation marks and citation omitted).

"Normally, when a viable case may be pled, a district court should freely grant leave to amend." Cafasso v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011).

## III.  DISCUSSION

### A.  Vicarious Copyright Infringement

To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant is (1) profiting from the direct infringement, and (2) declining to exercise a right and ability to stop the infringement. Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd. 545 U.S. 913, 930 (2005) (Grokster); see also Perfect-10, Inc. v. Visa Int'l Serv., Ass'n, 494 F.3d 788, 802 (9th Cir. 2007) (Perfect-10 Visa). Vicarious liability doctrine arises from the principles of *respondeat superior*, and focuses on the degree of direct control that the defendant has over the directly infringing party. Perfect-10 Visa, 494 F.3d at 802-03. Defendant must have more than just an opportunity to control the infringement, they must have a legal right to do so. Id. ("[T]he mere ability to withdraw a financial 'carrot' does not create the 'stick' of 'right and ability' that vicarious infringement requires."); see also Perfect-10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1173 (9th Cir. 2007) (Perfect-10 Amazon).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

In <u>Perfect-10 Amazon</u>, the Ninth Circuit affirmed the dismissal of a vicarious copyright infringement claim against an internet search engine because it had neither a contractual nor implied right to "stop direct infringement by third-party websites," despite its ability to control its index, search results, and web pages. 508 F.3d at 1173-74. Even though the search engine's policies stated that it reserved "the right to monitor and terminate partnerships with entities that violate others' copyright[s]," the Ninth Circuit affirmed that the search engine did not have the right to stop direct infringement by third party web sites, because the web site could continue to infringe copyrights even after the partnership was terminated. <u>Id.</u>

Similarly, the Ninth Circuit affirmed the dismissal of a vicarious infringement claim against companies that provided payment services to third-party file-sharing websites in <u>Perfect-10 Visa</u>, 494 F.3d at 802-03. The necessary level of control was not established because, "[d]efendants cannot take away the software the offending websites use to copy, alter, and distribute the infringing images, cannot remove those websites from the internet, and cannot themselves block the distribution of those images over the internet." <u>Id.</u> at 805. Though the companies had the right to deny their services, "and hence, the literal power to 'stop or limit' the infringement, they . . . do not exercise sufficient control over the actual infringing activity for vicarious liability to attach." <u>Id.</u> at 806.

Here, Plaintiffs do not sufficiently allege that Defendants have the ability to control the direct infringement. If Defendants removed the links to P2P software from their site, infringing third-parties would not be prevented from seeking the software out elsewhere and continuing to pirate copyrighted music. Defendants control whether infringing third-parties can access the P2P software through their site, but do not have the right to stop users from using the software to download copyrighted material illegally. Similar to the search engine in <u>Perfect-10 Amazon</u>, Defendants exercise control over their index and search results, curating the programs available through their services. This does not equate to control over direct infringement.

Because Plaintiffs fail to allege that Defendants had the right and ability to control the direct infringement, the Motion to Dismiss is GRANTED as to the vicarious copyright infringement claim.

### B.    Contributory Copyright Infringement

Traditionally, a party who "induces, causes or materially contributes to the infringing conduct of another," and who has knowledge of the infringing conduct, may be held liable for contributory infringement. <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 1004, 1019 (9th Cir. 2001) (<u>Napster</u>). In <u>Grokster</u>, the Supreme Court identified two variations on contributory liability: "Liability under our jurisprudence may be predicated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

on actively encouraging (or inducing) infringement through specific acts . . . or on distributing a product distributees use to infringe copyrights, if the product is not capable of 'substantial' or 'commercially significant' non-infringing uses." 545 U.S. at 942 (Ginsburg, J., concurring). The Ninth Circuit has further attempted to articulate the basic test, distinguishing the variations as situations in which the defendant either (1) materially contributes to the infringement, or (2) induces the infringement. Perfect-10 Visa, 494 F.3d at 795.

### 1.     Material Contribution

Stating a claim under the material contribution theory of contributory liability requires allegations that defendant knew or should have known of specific infringing material. Napster, 239 F.3d at 1020-21 (9th Cir. 2001). Knowledge cannot be imputed to a defendant merely because it is distributing a product that is used for purposes of infringement, if the product is "capable of substantial noninfringing uses." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 442 (1984) ("the sale of copying equipment, like the sale of other articles of commerce, does not constitute contributory infringement if the product is widely used for legitimate, unobjectionable purposes."); see also Napster, 239 F.3d at 1021.

Defendants contend that Napster requires actual knowledge of specific infringements, relying on the statement, "absent any specific information which identifies infringing activity, a computer system operator cannot be liable for contributory infringement merely because the structure of the system allows for the exchange of copyrighted material." Id. But the Ninth Circuit did not discard constructive knowledge as a sufficient basis for contributory liability. It simply found that it need not address constructive knowledge. Following Sony, the court declined to impose liability based solely on defendant Napster's P2P software, instead basing liability on Napster's conduct with respect to the use of that software. Id. at 1020 ("We are compelled to make a clear distinction between the architecture of the Napster system and Napster's conduct in relation to the operational capacity of the system."). The Ninth Circuit determined that liability could be imposed because Napster had "*actual* knowledge that *specific* infringing material [was] available using its system." Id. at 1022; see also id. at 1022, n. 6 ("[D]efendant had actual notice of direct infringement because the RIAA informed it of more than 12,000 infringing files.").

In Perfect-10 Amazon, the court upheld the Napster test, re-emphasizing that the knowledge be of *specific* infringing material. 508 F.3d at 1172 ("Applying our test, Google could be held contributorily liable if it had knowledge that infringing Perfect 10 images were available using its search engine, could take simple measures to prevent further damage to Perfect 10's copyrighted works, and failed to take such steps."); see

**MEMORANDUM**

also <u>Sony</u>, 464 U.S. at 446 ("[I]n an action for *contributory* infringement . . . the copyright holder may not prevail unless the relief that he seeks affects only his programs, or unless he speaks for virtually all copyright holders with an interest in the outcome.").

Along with knowledge of specific infringing material, the plaintiffs must also allege that the defendant materially contributed to the infringing conduct. <u>Perfect-10 Visa</u>, 494 F.3d at 796. A party materially contributes to copyright infringement if the infringing activity would be substantially more difficult without that party's services. <u>Fonovisa, Inc. v. Cherry Auction, Inc.</u>, 76 F.3d 259, 264 (9th Cir. 1996). Alleging that a defendant provided the "sites and facilities" for the infringement is adequate to plead material contribution. See <u>id.</u>; <u>Napster</u>, 239 F.3d at 1022. In <u>Napster</u>, Napster materially contributed because its users could not "find and download the music they want with . . . ease" in the absence of Napster's services. 239 F.3d at 1022. Likewise, in <u>Fonovisa</u>, a swap meet operator was found contributorily liable for the sale of pirated music at a swap meet because it "actively strive[d] to provide the environment and the market for counterfeit recording sales to thrive." 76 F.3d at 264. Conversely, in <u>Perfect-10 Visa</u>, defendant credit card companies did not materially contribute to third-party infringement because the plaintiff did not allege that the infringing material passed over the defendants' networks, that defendants' networks were used to alter or display the infringing images, or that the defendants helped locate or distribute infringing material.

Here too, Plaintiffs fail to allege that Defendants had knowledge sufficient to state a claim for contributory liability. Though the Ninth Circuit did not preclude constructive knowledge as a basis for material contribution in <u>Napster</u> as Defendants here assert, it did not delineate what constitutes constructive knowledge in a contributory liability claim, focusing instead on Napster's *actual* knowledge. Regardless, Plaintiffs do not allege that Defendants had knowledge - actual or constructive - of *specific* works of the Plaintiffs. Allegations that Defendants had knowledge that the overarching purpose of the P2P software was piracy are not enough to satisfy the knowledge standard laid out by the Ninth Circuit in <u>Napster</u>. Unlike <u>Napster</u>, where defendant Napster had been notified of 12,000 specific infringing files, Plaintiffs make no claim that Defendants had specific knowledge of their copyrighted works being infringed by users of their services. Though Plaintiffs allege that CNET's editors compared different P2P products using specific copyrighted songs of non-parties, Plaintiffs do not assert any specific examples of infringement of Plaintiffs' works. Plaintiffs do not allege that Defendants were notified of specific infringement of Plaintiffs' copyrights, nor that they had the ability to learn of such infringement.

Further, Plaintiffs do not adequately allege that Defendants materially contributed to the infringing conduct. Although Plaintiffs allege that Defendants' distribution of the P2P software is a material contribution, no copyrighted material is available through Defendants' website. Instead, a potential infringer can only download the P2P software.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

The courts have yet to find contributory liability based on a tertiary actor's conduct. In Fonovisa, the infringing material was located in and traded at the defendant's market. In Napster, Napster's services allowed users to locate and download copyrighted material. In both instances, the defendant's service allowed for a user to directly infringe on copyrights. Here, Defendants' services do not allow for direct infringement, as Defendants do not provide the "site and facilities" for users to find copyrighted material. Like Perfect-10 Visa, the Defendants' services are not used to distribute infringing materials. The P2P software on Defendants' website was not developed by Defendants, is not maintained by them, and is accessible elsewhere on the internet.

The test that has been reiterated by the Ninth Circuit requires knowledge of specific infringements first. Next, the defendant must be able to take simple steps to stop the infringement. Here, even if knowledge could be properly alleged, Defendants could not take simple steps to stop the infringement. Though Defendants could remove the P2P software from their website, they cannot disable the software that has already been downloaded, and cannot prevent future infringement.

Because Plaintiffs fail to allege both that Defendants had the requisite knowledge and that Defendants materially contributed to the direct infringement, the Motion to Dismiss this count is GRANTED.

### 2. Inducement

Stating a claim under the "inducement" variation of contributory copyright infringement requires a plaintiff to plead that defendants distributed a device "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." Grokster, 545 U.S. at 936-37. The plaintiff must allege that the defendant had more than just knowledge of actual or potential infringement. Id. at 937. Liability is premised on "purposeful, culpable expression and conduct." Id. ("The classic instance of inducement is by advertisement or solicitation that broadcasts a message designed to stimulate others to commit violations."); see also id. at 941 ("If liability for inducing infringement is ultimately found, it will not be on the basis of presuming or imputing fault, but from inferring a patently illegal objective from statements and actions showing what that objective was."). Further, the inducement theory requires "evidence of actual infringement by recipients of the device." Id. at 940. In Grokster, the Supreme Court found that the defendants' "unlawful objective was unmistakable" because, along with distributing their own P2P software, they also advertised the software's ability to access copyrighted music, and presented themselves as an alternative to Napster. Id. at 937-940.

Here, Plaintiffs properly state a claim for inducement. Plaintiffs allege that Defendants distributed several P2P programs, and reviewed the programs in relation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

other P2P programs known for copyright infringement, such as Napster and Limewire. (Pls.' Complaint ¶ 121-24.)  Plaintiffs also allege that Defendants posted videos to their websites demonstrating how to use specific P2P programs by searching for songs by copyrighted artists, and posted articles and how-to guides that included references to Napster, Limewire, and downloading copyrighted material.  (Id. ¶ 127-144).  Defendants contend that an inducement theory of liability requires allegations that specific files have been infringed.  However, the case law does not support this contention.

Defendants contend that imposing liability under an inducement theory would infringe their First Amendment rights, as the subject videos and articles are merely opinions.  They point to other well-known websites that allegedly offer similar commentary on P2P software.  However, Defendants here are alleged to have distributed specific P2P software, while simultaneously providing explicit commentary on that software's effectiveness in infringing copyright.  Such behavior moves beyond opinion into the realm of conduct and does not directly implicate any First Amendment issues.

Defendants' argument that a finding of inducement in this case would make it difficult to counsel future parties on the proper boundaries of editorial content is greatly overstated.  This is not a particularly close or challenging case for inducement based on the facts alleged.  Here, Defendants are alleged to have taken the unusual and ill-advised steps of distributing software programs that are capable of widespread copyright infringement while simultaneously demonstrating how to infringe copyrights using that software and evaluating the various programs as to their effectiveness in copying copyrighted material.  As noted above, inducement liability requires (1) distribution (2) "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." Grokster, 545 U.S. at 936-37.  It would not be difficult to avoid liability by either (1) only providing editorial content without distributing the software or (2) distributing the software without demonstrating or advocating its use for violating copyrights.  The Court is confident that most reasonable parties could find their way to accomplish their general goals without running afoul of inducement liability.

Because Plaintiffs properly state a claim under the inducement theory of contributory liability, Defendants' Motion to Dismiss this count is DENIED.

### C.     Failure to Allege Copyright Registration.

In order to claim secondary infringement of copyright, Plaintiffs must allege primary infringement.  Grokster, 545 U.S. at 940.  Allegation of a registered copyright is an element of a copyright infringement claim.  See Cosmetic Ideas, Inc. v. IAC/Interactive Corp., 606 F.3d 612, 615 (9th Cir. 2010).

Here, Plaintiffs filed a Form AO-121 listing the registered works at issue in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

action.  However, nineteen listed Plaintiffs do not hold any of the copyrights listed on the form.  The Motion to Dismiss as to these Plaintiffs is GRANTED.

## IV.  CONCLUSION

Defendants' Motion to Dismiss is DENIED as to the inducement claim.  The Motion to Dismiss is GRANTED as to the vicarious liability claim and the material contribution theory of contributory liability claim.  Further, the Motion to Dismiss is GRANTED as to the nineteen Plaintiffs who have failed to make a claim to ownership of a copyrighted work.  The counts are dismissed with leave to amend consistent with this Order.  An amended complaint must be filed and served no later than July 25, 2012.  Failure to file by that date will waive Plaintiffs' right to do so.  Leave to amend is granted only where specifically identified and only to address the issues raised in the motion.  The Court does not grant leave to add new defendants or new claims.  Leave to add defendants or claims must be sought by a separate, properly noticed motion.  If Plaintiffs fail to amend, Defendants must answer the Complaint no later than August 15, 2012.

IT IS SO ORDERED.