1 | KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
2 |   *rkendall@kbkfirm.com*
Laura W. Brill (195889)
3 |   *lbrill@kbkfirm.com*
Richard M. Simon (240530)
4 |   *rsimon@kbkfirm.com*
Cassie D. Palmer (268383)
5 |   *cpalmer@kbkfirm.com*
10100 Santa Monica Blvd., Suite 1725
6 | Los Angeles, California  90067
Telephone:  310.556.2700
7 | Facsimile:   310.556.2705

8 | Attorneys for CBS Interactive, Inc.
(f/k/a/ CNET Networks, Inc.)

9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13 | ALKIVIADES DAVID, SUGAR HILL
MUSIC, SOLID PRODUCTIONS,
14 | STEVEN BATIZ, TONY BELL,
DETRON BENDROSS, DERRICK
15 | BRAXTON, REGINALD BROOKS,
ELIJAH BROWN, HORACE BROWN,
16 | OSCAR BROWN, LUTHER
CAMPBELL, JONATHAN
17 | CARLTON, SOLOMON CONNER,
DAYQUAN DAVIS, DOUGLAS
18 | DAVIS, KAREEM DAVIS, SOLAMIN
DAVIS, EMMANUEL RAMONE
19 | DEANDA, DREW CARTER,
NACOLBIE EDWARDS, VANCITO
20 | EDWARDS JOHN FLETCHER,
WILLIAM FINCH, ISAAC
21 | FREEMAN, JR., DARRYL GIBSON,
JALIL HUTCHINS, EMANON
22 | JOHNSON, KEITH JONES, ORAN
"JUICE" JONES, TARSHA JONES,
23 | NAILAH LAMEES, DANA
MCCIEESE, BARRY MOODY, JEFF
24 | REDD, QUAME RILEY, ANTHONY
ROBINSON, NICHOLAS SANCHEZ,
25 | JONATHAN SHINHOSTER,
DIAMOND SMITH, REMINISCE
26 | SMITH, GERALD SPENCE, CHRIS
STOKES, IRENE STOKES, JUANITA
27 | STOKES, WILLIAM TENNYSON
AND THE TENNYSON ESTATE,
28 | CARL THOMAS, JEFF THOMKINS,

Case No. CV11-9437 DSF (JCx)

**DEFENDANT CBS INTERACTIVE,
INC.'S ANSWER TO FIRST
AMENDED COMPLAINT FOR (1)
INDUCEMENT OF COPYRIGHT
INFRINGEMENT**

**JURY TRIAL DEMANDED**

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

ANSWER TO FIRST AMENDED COMPLAINT

1  RONDELL TURNER, RICKY
   WALTERS, KEVIN WILLIAMS,
2  YOLANDA WHITAKE, JOSEPH
   WILLIAMS, RAHEEM WILLIAMS,
3  CASE WOODWARD, ATTRELL
   AND JARRETT CORDES,
4  MITCHELL GRAHAM,

5           Plaintiffs,

6        v.

7  CBS INTERACTIVE INC., CNET
   NETWORKS, INC.,

8           Defendants.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

ANSWER TO FIRST AMENDED COMPLAINT

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant CBS Interactive, Inc. (f/k/a/ CNET Networks, Inc.) ("Defendant") hereby answers the First Amended Complaint ("FAC") of plaintiffs ("Plaintiffs").  Defendant denies all factual allegations set forth in the FAC unless expressly admitted.

Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.  Defendant affirmatively asserts that Plaintiffs should be denied all of the relief they request.

## RESPONSE TO "SUMMARY OF THE ACTION"

1.      In answering Paragraph 1 of the FAC, Defendant states that Paragraph 1 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the FAC.

2.      In answering Paragraph 2 of the FAC, Defendant states that Paragraph 2 contains legal arguments and conclusions that require no response.  To the extent a response is required, as to allegations concerning its own purported conduct, Defendant denies the allegations in Paragraph 2 of the FAC, and as to allegations concerning third parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies these allegations on that basis.

3.      In answering Paragraph 3 of the FAC, Defendant states that Paragraph 3 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 3 of the FAC, except admits that it published editorial reviews of various software programs, including some P2P software programs, in the form of articles, videos, and other media on the websites cnet.com and Download.com.

4.      In answering Paragraph 4 of the FAC, Defendant states that Paragraph 4 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 4 of the FAC.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2                                    1
ANSWER TO FIRST AMENDED COMPLAINT

5. In answering Paragraph 5 of the FAC, Defendant states that Paragraph 5 contains legal arguments and conclusions that require no response. To the extent a response is required, Defendant admits that both it and its parent CBS support the protection of intellectual property rights. Defendant denies the allegations in Paragraph 5 of the FAC relating to Plaintiff Alkiviades David on the basis that David has dismissed his claims against Defendant with prejudice, except that Defendant admits that CBS Broadcasting Inc. and CBS Studios Inc. (which are subsidiaries of Defendant's parent), among other networks and copyright owners, sued FilmOn.com, Inc., a company owned by David that was engaged in the unauthorized streaming of their copyrighted programming; that the Court in that case rejected FilmOn.com's claim that Section 111 of the Copyright Act provided a defense to its unauthorized activities; and that the Court entered a stipulated consent judgment and permanent injunction against David and FilmOn.com, restraining and enjoining them from violating the exclusive rights of the networks/copyright holders under the Copyright Act. Defendant denies the remaining allegations in Paragraph 5 of the FAC.

6. In answering Paragraph 6 of the FAC, Defendant admits that Shelby Bonnie was CNET's co-founder, former CEO, and a member of the board of directors from 1993 to 2006. Defendant lacks sufficient knowledge or information regarding the truth or falsity of the allegations and statements regarding Edgar Bronfman Jr. and Mr. Bonnie outside of his capacities at CNET, and denies these allegations on that basis. Defendant states that Paragraph 6 contains legal arguments and conclusions that require no response. To the extent a response is required, Defendant denies the remaining allegations in Paragraph 6 of the FAC.

7. In answering Paragraph 7 of the FAC, Defendant admits that it removed from its website links to LimeWire software following a 2010 court decision holding LimeWire liable for copyright infringement. Defendant states that Paragraph 7, including Footnote 1, contains legal arguments and conclusions that

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

2

ANSWER TO FIRST AMENDED COMPLAINT

require no response.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 7 of the FAC.

8.     In answering Paragraph 8 of the FAC, Defendant states that Paragraph 8 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 8 of the FAC.

9.     In answering Paragraph 9 of the FAC, Defendant states that Paragraph 9 contains legal argument and conclusions for which no response is required.  To the extent a response is required, as to allegations concerning its own purported conduct, Defendant denies the allegations in Paragraph 9 of the FAC, and as to allegations concerning third parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies these allegations on that basis.

10.     In answering Paragraph 10 of the FAC, Defendant states that Paragraph 10 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations concerning its own purported conduct, except that Defendant admits that an article entitled "You Don't Need Napster to Keep the Music Playing" was published on the CNET website on July 6, 2001, but states that the article is the best evidence of its contents, and denies Plaintiffs' characterizations of the contents of the article.

11.     In answering Paragraph 11 of the FAC, Defendant states that Paragraph 11 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 11 of the FAC.

12.     In answering Paragraph 12 of the FAC, Defendant states that Paragraph 12 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 12 of the FAC.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

3

ANSWER TO FIRST AMENDED COMPLAINT

13.     In answering Paragraph 13 of the FAC, Defendant states that Paragraph 13 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant denies the allegations in Paragraph 13 of the FAC.

14.     In answering Paragraph 14 of the FAC, Defendant states that Paragraph 14 contains legal arguments and conclusions that require no response.  To the extent a response is required, as to the allegations in the first sentence of Paragraph 14, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies these allegations on that basis.  Defendant denies the remaining allegations in Paragraph 14 of the FAC.

### RESPONSE TO JURISDICTION AND VENUE

15.     Paragraph 15 of the FAC contains legal argument and conclusions for which no response is required.  Defendant admits that the Court has subject matter jurisdiction over the claims asserted in the FAC.

16.     Paragraph 16 of the FAC contains legal argument and conclusions for which no response is required.  Defendant admits that the Court has personal jurisdiction over it.  Defendant denies the remaining allegations of Paragraph 16 beginning with the word "and" on page 13, line 23.

17.     Paragraph 17 of the FAC contains legal argument and conclusions for which no response is required.  Defendant admits that venue in this judicial district is proper.

### RESPONSE TO "PARTIES"
### Response to "Plaintiffs"

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 18 of the FAC, and denies them on that basis.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 19 of the FAC, and denies them on

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

4

ANSWER TO FIRST AMENDED COMPLAINT

1    that basis.  Defendant further states that Alkiviades David has dismissed his claims

2    against Defendant with prejudice, and is no longer a party to this lawsuit.

3         20.    Defendant lacks knowledge or information sufficient to form a belief

4    about the truth of the allegations of Paragraph 20 of the FAC, and denies them on

5    that basis.

6         21.    Defendant lacks knowledge or information sufficient to form a belief

7    about the truth of the allegations of Paragraph 21 of the FAC, and denies them on

8    that basis.

9         22.    Defendant lacks knowledge or information sufficient to form a belief

10   about the truth of the allegations of Paragraph 22 of the FAC, and denies them on

11   that basis.

12        23.    Defendant lacks knowledge or information sufficient to form a belief

13   about the truth of the allegations of Paragraph 23 of the FAC, and denies them on

14   that basis.

15        24.    Defendant lacks knowledge or information sufficient to form a belief

16   about the truth of the allegations of Paragraph 24 of the FAC, and denies them on

17   that basis.

18        25.    Defendant lacks knowledge or information sufficient to form a belief

19   about the truth of the allegations of Paragraph 25 of the FAC, and denies them on

20   that basis.

21        26.    Defendant lacks knowledge or information sufficient to form a belief

22   about the truth of the allegations of Paragraph 26 of the FAC, and denies them on

23   that basis.

24        27.    Defendant lacks knowledge or information sufficient to form a belief

25   about the truth of the allegations of Paragraph 27 of the FAC, and denies them on

26   that basis.

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

5

ANSWER TO FIRST AMENDED COMPLAINT

28.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 28 of the FAC, and denies them on that basis.

29.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 29 of the FAC, and denies them on that basis.

30.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 30 of the FAC, and denies them on that basis.

31.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 31 of the FAC, and denies them on that basis.

32.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 of the FAC, and denies them on that basis.

33.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 of the FAC, and denies them on that basis.

34.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 34 of the FAC, and denies them on that basis.

35.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35 of the FAC, and denies them on that basis.

36.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 36 of the FAC, and denies them on that basis.

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

6

ANSWER TO FIRST AMENDED COMPLAINT

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 37 of the FAC, and denies them on that basis.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 38 of the FAC, and denies them on that basis.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 39 of the FAC, and denies them on that basis.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 40 of the FAC, and denies them on that basis.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 of the FAC, and denies them on that basis.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 42 of the FAC, and denies them on that basis.

43.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 43 of the FAC, and denies them on that basis.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44 of the FAC, and denies them on that basis.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45 of the FAC, and denies them on that basis.

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

7

ANSWER TO FIRST AMENDED COMPLAINT

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 46 of the FAC, and denies them on that basis.

47.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 47 of the FAC, and denies them on that basis.

48.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 48 of the FAC, and denies them on that basis.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 49 of the FAC, and denies them on that basis.

50.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50 of the FAC, and denies them on that basis.

51.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 51 of the FAC, and denies them on that basis.

52.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 52 of the FAC, and denies them on that basis.

53.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 53 of the FAC, and denies them on that basis.

54.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 54 of the FAC, and denies them on that basis.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

8

ANSWER TO FIRST AMENDED COMPLAINT

1    55.    Defendant lacks knowledge or information sufficient to form a belief

2    about the truth of the allegations of Paragraph 55 of the FAC, and denies them on

3    that basis.

4    56.    Defendant lacks knowledge or information sufficient to form a belief

5    about the truth of the allegations of Paragraph 56 of the FAC, and denies them on

6    that basis.

7    57.    Defendant lacks knowledge or information sufficient to form a belief

8    about the truth of the allegations of Paragraph 57 of the FAC, and denies them on

9    that basis.

10    58.    Defendant lacks knowledge or information sufficient to form a belief

11    about the truth of the allegations of Paragraph 58 of the FAC, and denies them on

12    that basis.

13    59.    Defendant lacks knowledge or information sufficient to form a belief

14    about the truth of the allegations of Paragraph 59 of the FAC, and denies them on

15    that basis.

16    60.    Defendant lacks knowledge or information sufficient to form a belief

17    about the truth of the allegations of Paragraph 60 of the FAC, and denies them on

18    that basis.

19    61.    Defendant lacks knowledge or information sufficient to form a belief

20    about the truth of the allegations of Paragraph 61 of the FAC, and denies them on

21    that basis.

22    62.    Defendant lacks knowledge or information sufficient to form a belief

23    about the truth of the allegations of Paragraph 62 of the FAC, and denies them on

24    that basis.

25    63.    Defendant lacks knowledge or information sufficient to form a belief

26    about the truth of the allegations of Paragraph 63 of the FAC, and denies them on

27    that basis.

28

**Kendall Brill & Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

9

ANSWER TO FIRST AMENDED COMPLAINT

64.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64 of the FAC, and denies them on that basis.

65.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65 of the FAC, and denies them on that basis.

66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66 of the FAC, and denies them on that basis.

67.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67 of the FAC, and denies them on that basis.

68.     Paragraph 68 of the FAC includes no allegations, and accordingly no response is required to the allegations of Paragraph 68.

69.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 69 of the FAC, and denies them on that basis.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 70 of the FAC, and denies them on that basis.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71 of the FAC, and denies them on that basis.

### Response to "Defendants"

72.     Defendant admits the allegations in Paragraph 72 of the FAC.

73.     Defendant denies the allegations in Paragraph 73 of the FAC. Defendant further states that no corporate entity exists under the name CNET

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

10

ANSWER TO FIRST AMENDED COMPLAINT

1  Networks, Inc. and that CNET Networks, Inc. is now known as CBS Interactive,
2  Inc.

3       74.     Defendant denies the allegations in Paragraph 74 of the FAC.

4  **RESPONSE TO "FACTS"**

5  **Response to "P2P File Sharing Systems"**

6       75.     Defendant admits the allegations in Paragraph 75 of the FAC as to
7  some P2P clients and admits that the identified services are commonly referred to as
8  providing P2P networks.  Defendant lacks knowledge or information sufficient to
9  form a belief about the truth of the allegations of Paragraph 75 to the extent it
10  encompasses all such networks, and denies these allegations on that basis.

11       76.     Defendant admits the allegations in the first two sentences of Paragraph
12  76 of the FAC as to some P2P clients.  Defendant lacks knowledge or information
13  sufficient to form a belief about the truth of the remaining allegations of Paragraph
14  76 of the FAC, and denies these allegations on that basis.

15       77.     Defendant lacks knowledge or information sufficient to form a belief
16  about the truth of the allegations of Paragraph 77 of the FAC, and denies these
17  allegations on that basis.

18       78.     In answering Paragraph 78 of the FAC, as to allegations concerning
19  third parties, Defendant lacks knowledge or information sufficient to form a belief
20  about the truth of the allegations in Paragraph 78 of the FAC, and denies these
21  allegations on that basis.  As to allegations concerning its own purported conduct,
22  Defendant denies the allegations in Paragraph 78 of the FAC.

23  **Response to "LimeWire and the Gnutella Network"**

24       79.     Defendant lacks knowledge or information sufficient to form a belief
25  about the truth of the allegations of Paragraph 79 of the FAC, and denies these
26  allegations on that basis.

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

11

ANSWER TO FIRST AMENDED COMPLAINT

80.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 80 of the FAC, and denies these allegations on that basis.

81.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 81 of the FAC, and denies these allegations on that basis.

82.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 82 of the FAC, and denies these allegations on that basis.

83.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 83 of the FAC, and denies these allegations on that basis.

84.     In answering Paragraph 84 of the FAC, Defendant admits that Judge Kimba Wood of the United States District Court for the Southern District of New York entered an injunction against LimeWire, and that the quoted portions of Judge Wood's order are accurate; Defendant states, however, that the order is the best evidence of its contents, and denies Plaintiffs' characterizations of the contents. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 84 of the FAC, and denies these allegations on that basis.

85.     In answering Paragraph 85 of the FAC, Defendant states that Paragraph 85 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant denies that it ever hosted LimeWire software or other Gnutella applications on its website.  Defendant admits that following a 2010 court decision holding LimeWire liable for copyright infringement, Defendant ended its website's capacity to display links to external sources of LimeWire software.  Defendant also admits that an article entitled "Judge slaps Lime Wire with permanent injunction" was published on the CNET website on October 26,

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

2010, but states that the article is the best evidence of its contents, and denies Plaintiffs' characterizations of its contents.  Defendant denies the remaining allegations in Paragraph 85 of the FAC.

86.     In answering Paragraph 86 of the FAC, Defendant states that Paragraph 86 contains legal arguments and conclusions that require no response.  To the extent a response is required, Defendant admits that Download.com is capable of displaying a link to the software program Phex and that the publisher describes the program as follows:  "You can search for, download, and share all types of file formats . . . . It is compatible with LimeWire, BearShare, Morpheus, and all other P2P Gnutella clients."  As to the allegations concerning third parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86 of the FAC, and denies these allegations on that basis. As to the allegations concerning its own purported conduct, Defendant denies the allegations in Paragraph 86 of the FAC.

87-98.   The FAC includes no paragraphs numbered 87-98, and therefore no responsive pleading is required as to any such allegations.

### Response to "BitComet and the BitTorrent Network(s)"

99.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 99 of the FAC, and denies these allegations on that basis.

100.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 100 of the FAC, and denies these allegations on that basis.

101.    In answering Paragraph 101 of the FAC, Defendant states that Paragraph 101 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant admits that its website has included the capacity to display links to µTorrent, Frostwire and BitTorrent software that is maintained on external websites that are not affiliated with Defendant.  As to

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

13

ANSWER TO FIRST AMENDED COMPLAINT

the allegation in Paragraph 101 concerning the number of downloads of μTorrent in October 2011, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation insofar as it relates to downloads from websites not affiliated with Defendant, and denies the allegations on that basis; insofar as the allegation relates to downloads from website(s) affiliated with defendant, Defendant denies the allegation.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what appeared during Plaintiffs' October 5, 2011 search on Defendant's website, and denies those allegations on that basis.  Defendant denies the remaining allegations in Paragraph 101 of the FAC.

102.   In answering Paragraph 102 of the FAC, Defendant states that Paragraph 102 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant admits that an article entitled "A New Hope for BitTorrent?" was published on the CNET website on January 5, 2005, but states that the article is the best evidence of its contents and denies Plaintiffs' characterizations of the contents.  Defendant admits that a news article discussing BitTorrent software was published on the CNET website on June 18, 2007, but states that the article is the best evidence of its contents and denies Plaintiffs' characterizations of the contents.  Defendant denies the remaining allegations in Paragraph 102 of the FAC.

103.   Defendant states that Paragraph 103 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant states that any Publisher's Description of BitComet is the best evidence of what such document says and denies Plaintiffs characterization of any such document.  Defendant further states that Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 103 of the FAC, and denies these allegations on that basis.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

14

ANSWER TO FIRST AMENDED COMPLAINT

104. In answering Paragraph 104 of the FAC, Defendant states that Paragraph 104 contains legal argument and conclusions for which no response is required. To the extent a response is required, Defendant admits that its website has included the capacity to display links to external and unaffiliated sources of various types of BitTorrent software, including "Offsystem – Anonymous Torrent Download." Defendant admits that the publisher of Offsystem provides certain information about its software, including a screenshot showing the software's user interface, but Defendant denies that it is responsible for such description. Defendant admits that ZDNet.com, a website that CNET acquired in 2000, contains an article about Offsystem, published on December 20, 2008, but states that the article is the best evidence of its contents and denies Plaintiffs' characterizations of the contents. Defendant admits that users may post reviews of software on Download.com, but lacks knowledge or information regarding the specific review mentioned in Paragraph 104 of the FAC and denies that it is responsible for user reviews posted on its website. Defendant denies the remaining allegations in of Paragraph 104 of the FAC.

## <u>Response to "Defendants' Participation In and Profiteering From Infringement"</u>

105. Defendant admits that Download.com is one of the websites owned and operated by Defendant, and that it is one of the world's largest comprehensive software directory and rating services, providing reviews, ratings, and download links for a vast range of third-party software, but to the extent the allegations in Paragraph 105 could be interpreted to suggest that P2P programs or applications are hosted on Defendant's servers, as opposed to being available on unaffiliated and external third-party websites, Defendant denies the allegations in Paragraph 105 of the FAC.

106. Defendant denies that the statement described on lines 23-24 of page 29 is an advertisement. Defendant denies that the allegations of Paragraph 106 contain

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

15

ANSWER TO FIRST AMENDED COMPLAINT

a complete description of Upload.com.  Defendant admits the remaining allegations in Paragraph 106 of the FAC.

107.    Defendant denies that P2P software is placed on Defendant's website.  Defendant admits the remaining allegations in Paragraph 107 of the FAC.

108.    Defendant denies the first sentence in Paragraph 108 of the FAC.  With respect to the second sentence in Paragraph 108, Defendant admits that publishers may categorize their program and fill out an explanation of their program's features and purpose, but Defendant denies that all publishes do so, or that they are required to do so.  Defendant admits that it may permit or not permit a program to be listed on Download.com after reviewing a publisher's application and that it may decide where a program should be listed on Download.com's website.  Defendant denies the remaining allegations in Paragraph 108 of the FAC.

109.    In answering Paragraph 109 of the FAC, Defendant states that Paragraph 109 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant admits that it has the ability to refuse to list or to remove a publisher's software.  Defendant denies the remaining allegations in Paragraph 109 of the FAC.

110.    In answering Paragraph 110 of the FAC, Defendant admits that software publishers formerly had the option of using a free, basic, or premium listing package on Download.com, the latter two of which required a monthly subscription fee, although this option has been discontinued.  Defendant denies the second sentence of Paragraph 110 to the extent it purports to describe Defendant's current business.  Defendant admits footnote 2 to Paragraph 110 of the FAC.  Defendant denies the allegations of the third sentence of Paragraph 110 of the FAC (beginning with the word "Second . . .") with respect to P2P software but admits the allegations in this sentence as to some non-P2P software.  With respect to the fourth sentence in Paragraph 110 of the FAC, Defendant denies that advertisements for its other websites on Download.com have any material effect on traffic or generate

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

16

ANSWER TO FIRST AMENDED COMPLAINT

material income for its other websites.  Defendant denies the allegations in the fifth sentence of Paragraph 110 of the FAC with respect to P2P software but admits the allegations in this sentence as to some non-P2P software.  Defendant denies the remaining allegations in Paragraph 110 of the FAC.

111.   Defendant admits the allegations in Paragraph 111 of the FAC, but denies that it allows P2P software publishers to participate in the Pay-per-Download program.

112.   Defendant denies the allegations in the first sentence of Paragraph 112 of the FAC to the extent that they state or suggest that P2P software is available through the Pay-per-Download program.  Defendant further denies that P2P software resides on Defendant's website.  As to allegations in Paragraph 112 of the FAC concerning third parties, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and denies these allegations on that basis.  Defendant denies the remaining allegations in Paragraph 112 of the FAC.

113.   Defendant denies the allegations in Paragraph 113 of the FAC.

114.   In answering Paragraph 114 of the FAC, Defendant admits that it has an Advertising Acceptance Policy and that the language quoted in Paragraph 114 appears in the Policy.  Defendant denies the remaining allegations in Paragraph 114 of the FAC.

115.   Defendant denies the allegations in Paragraph 115 of the FAC.

116.   Defendant denies the allegations in Paragraph 116 of the FAC.

117.   In answering Paragraph 117 of the FAC, Defendant states that Paragraph 117 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 117 of the FAC.

118.   In answering Paragraph 118 of the FAC, Defendant admits that it offers a free service called the "Button Partner Program," whereby participants place a button on their homepage that directs users to the participant's product detail page

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

on Download.com.  Defendant admits that the language quoted in Paragraph 118 at one time appeared on the Button Partner Program information page.  Defendant denies the remaining allegations in Paragraph 118 of the FAC.

119.   In answering Paragraph 119 of the FAC, Defendant states that Paragraph 119 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 119 of the FAC.

120.   In answering Paragraph 120 of the FAC, Defendant states that Paragraph 120 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 120 of the FAC.

121.   In answering Paragraph 121 of the FAC, Defendant states that Paragraph 121 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 121 of the FAC.

122.   In answering Paragraph 122 of the FAC, Defendant admits that its editors reviewed a variety of P2P software programs and that these reviews discussed the various aspects of the programs.  Defendant denies that these reviews constituted promotion or advertisement of the featured programs.  Defendant denies the remaining allegations in Paragraph 122 of the FAC.

123.   In answering Paragraph 123 of the FAC, Defendant admits that it posted a CNET editor's review of the Windows version of LimeWire on February 12, 2009; that the language quoted in Paragraph 123 appears in that review; and that the editor rated the software four-and-a-half stars out of five.  Defendant denies the remaining allegations in Paragraph 123 of the FAC.

124.    In answering Paragraph 124 of the FAC, Defendant admits that it includes the following CNET editors' note for all P2P software:  "You will be taken to a third-party site to complete your download.  Using P2P and file-sharing

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

18

ANSWER TO FIRST AMENDED COMPLAINT

1  software to distribute copyrighted material without authorization is illegal in the
2  United States and many other countries.  CBS Interactive does not encourage or
3  condone the illegal duplication or distribution of copyrighted content."  Defendant
4  admits that the language quoted in Paragraph 124 regarding BitComet appeared in a
5  CNET editor's review of BitComet and that the editor rated the software three-and-
6  a-half stars out of five.  Defendant denies the remaining allegations in Paragraph
7  124 of the FAC.

8       125.    Defendant has not located the user comments referenced in Paragraph
9  125 in its files and archives and on that basis lacks knowledge or information
10 sufficient to form a belief about the truth of the allegations of Paragraph 125 of the
11 FAC, and denies these allegations on that basis.  Defendant further denies that it is
12 responsible for user reviews posted on its website.  Defendant moreover denies that
13 the alleged user comments, if accurately described in Paragraph 125 of the FAC,
14 demonstrate or exhibit the matters alleged and the characterizations ascribed to such
15 purported statements.  Defendant denies the remaining allegations in Paragraph 125
16 of the FAC.

17      126.   In answering Paragraph 126 of the FAC, Defendant admits that its
18 editors tested the software they reviewed, but denies they infringed copyrights to do
19 so.  Defendant denies the remaining allegations in Paragraph 126 of the FAC.

20      127.   In answering Paragraph 127 of the FAC, Defendant admits that it
21 posted a "First Look" video on Download.com that reviewed LimeWire 5 and
22 demonstrated its features, and states that video is the best evidence of its contents, and
23 denies Plaintiffs' characterizations of the video.  Defendant denies that in the "First
24 Look" video a CNET reviewer entered "Nine Inch Nails" into the LimeWire search
25 screen and then demonstrated the results; on the contrary, the video shows that the
26 CNET reviewer entered "nine inch nails ghosts," which refers to an album by Nine
27 Inch Nails, entitled *Ghosts I-IV*, which famously was released under a Creative
28 Commons license to promote free sharing of the music.  Defendant admits that its

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

19

ANSWER TO FIRST AMENDED COMPLAINT

editor reviewed LimeWire "Classic" for Mac, and states that the review is the best evidence of its contents and denies Plaintiffs' characterizations of the review. Defendant denies that searching for but not downloading a song constitutes copyright infringement.  Defendant denies the remaining allegations in Paragraph 127 of the FAC.

128.   Paragraph 128 of the FAC contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant admits that CNET editor Seth Rosenblatt appeared in a "First Look" video for FrostWire, and states that the video is the best evidence of its contents and denies Plaintiffs' characterizations of the video.  Defendant denies the remaining allegations in Paragraph 128 of the FAC.

129.   In answering Paragraph 129 of the FAC, Defendant admits that CNET editors reviewed the software program MP3 Rocket on November 7, 2008, and states that the review is the best evidence of its contents and denies Plaintiffs' characterizations of the review.  Defendant denies the remaining allegations in Paragraph 129 of the FAC.

130.   In answering Paragraph 130 of the FAC, Defendant admits that a CNET editor reviewed the software program LuckyWire on November 11, 2009, and states that the review is the best evidence of its contents and denies Plaintiffs' characterizations of the review.  Defendant denies the remaining allegations in Paragraph 130 of the FAC.

131.   In answering Paragraph 131 of the FAC, Defendant admits a CNET editor reviewed the software program ZapShares on November 24, 2009, and states that the review is the best evidence of its contents and denies Plaintiffs' characterizations of the review.  Defendant denies the remaining allegations in Paragraph 131 of the FAC.

132.   Paragraph 132 of the FAC contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant has

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

20

ANSWER TO FIRST AMENDED COMPLAINT

1  not located the alleged November 28, 2001 LimeWire review in its files and

2  archives and on that basis lacks knowledge or information sufficient to form a belief

3  about the truth of the allegations in the second sentence of Paragraph 132 of the

4  FAC, and denies these allegations on that basis.  Defendant has not located the

5  alleged September 24, 2002 KaZaa review in its files and archives and on that basis

6  lacks knowledge or information sufficient to form a belief about the truth of the

7  allegations of the third and fourth sentences of Paragraph 132 of the FAC, and

8  denies these allegations on that basis.

9      133.    Defendant admits that it posted articles that noted the differences

10  between various file-sharing applications but denies the remaining allegations in the

11  first sentence of Paragraph 133 of the FAC.  Defendant has not located the alleged

12  December 12, 2001 AudioGalaxy review in its files and archives, and on that basis

13  lacks knowledge or information sufficient to form a belief about the truth of the

14  allegations in Paragraph 133 of the FAC, and denies these allegations on that basis.

15  Defendant denies the remaining allegations in Paragraph 133 of the FAC.

16      134.    Paragraph 134 of the FAC contains legal argument and conclusions for

17  which no response is required.  To the extent a response is required, Defendant

18  denies the allegations in Paragraph 134 of the FAC.

19      135.    In answering Paragraph 135 of the FAC, Defendant denies having

20  published newsletters and articles that recommended P2P programs for copyright

21  infringement and states that the newsletters and articles are the best evidence of their

22  contents and denies Plaintiffs' characterization of these materials.  Defendant has

23  not located the "File Sharing Smackdown" newsletter described in Paragraph 135 of

24  the FAC in its files and archives, and on that basis lacks knowledge or information

25  sufficient to form a belief about the truth of the allegations regarding that newsletter,

26  and denies those allegations on that basis.  Defendant denies the remaining

27  allegations in Paragraph 135 of the FAC.

28

Kendall Brill
& Klieger LLP

10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2                          21
                    ANSWER TO FIRST AMENDED COMPLAINT

136.   Defendant has not located the "File Sharing Smackdown" newsletter described in Paragraph 136 of the FAC in its files and archives, and on that basis lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding that newsletter, and denies those allegations on that basis. Defendant denies the remaining allegations in Paragraph 136 of the FAC.

137.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 137 of the FAC relating to user behavior and comments, and denies these allegations on that basis. Defendant denies the remaining allegations of Paragraph 137 of the FAC. 138.

138.   In answering Paragraph 138 of the FAC, Defendant states that Paragraph 138 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant has not located the alleged ZDNet article purportedly described in Paragraph 138 of the FAC in its files and archives, and on that basis lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding that article, and denies those allegations on that basis.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 138 relating to "another ZDNet article," and denies these allegations on that basis.  Defendant denies the remaining allegations in Paragraph 138 of the FAC.

139.   In answering Paragraph 139 of the FAC, Defendant states that Paragraph 139 contains legal argument and conclusions for which no response is required.  To the extent a response is required, Defendant has not located the alleged August 5, 2000 Gnutella review in its files and archives, and on that basis lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding that review, and denies those allegations on that basis. Defendant denies the remaining allegations in Paragraph 139 of the FAC.

140.   In answering Paragraph 140 of the FAC, Defendant states that Paragraph 140 contains legal argument and conclusions for which no response is

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

22

ANSWER TO FIRST AMENDED COMPLAINT

1   required.  To the extent a response is required, Defendant has not located the alleged

2   Gnutella guides and tips purportedly described in Paragraph 140 of the FAC in its

3   files and archives, and on that basis lacks knowledge or information sufficient to

4   form a belief about the truth of the allegations regarding that review, and denies

5   those allegations on that basis.  Defendant denies the remaining allegations in

6   Paragraph 140 of the FAC.

7        141.   In answering Paragraph 141 of the FAC, Defendant states that

8   Paragraph 141 contains legal argument and conclusions for which no response is

9   required.  To the extent a response is required, Defendant has not located the alleged

10  "Find an Alternative to Napster" guide described in Paragraph 141 of the FAC in its

11  files and archives, and on that basis lacks knowledge or information sufficient to

12  form a belief about the truth of the allegations regarding that guide, and denies those

13  allegations on that basis.  Defendant denies the remaining allegations in Paragraph

14  141 of the FAC.

15       142.   In answering Paragraph 142 of the FAC, Defendant states that

16  Paragraph 142 contains legal argument and conclusions for which no response is

17  required.  To the extent a response is required, Defendant admits its review of

18  LimeWire contained the phrase "post-Napster clone" but denies that this was a

19  recommendation.  Defendant denies the remaining allegations in Paragraph 142 of

20  the FAC.

21       143.   In answering Paragraph 143 of the FAC, Defendant has not located the

22  alleged "how-to guide for Morpheus" described in Paragraph 143 of the FAC in its

23  files and archives, and on that basis lacks knowledge or information sufficient to

24  form a belief about the truth of the allegations regarding that guide, and denies those

25  allegations on that basis.  Defendant denies the remaining allegations in Paragraph

26  143 of the FAC.

27       144.   In answering Paragraph 144 of the FAC, Defendant states that

28  Paragraph 144 contains legal argument and conclusions for which no response is

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

23

1  required.  To the extent a response is required, Defendant has not located the alleged

2  "guide to Scour Exchange" described in Paragraph 144 of the FAC in its files and

3  archives, and on that basis lacks knowledge or information sufficient to form a

4  belief about the truth of the allegations regarding that guide, and denies those

5  allegations on that basis.  Defendant denies the remaining allegations in Paragraph

6  144 of the FAC.

7        145.  In answering Paragraph 145 of the FAC, Defendant states that

8  Paragraph 145 contains legal argument and conclusions for which no response is

9  required.  To the extent a response is required, Defendant has not located the alleged

10  February 1, 2002 "File Sharing Smackdown, part *deux*" newsletter described in

11  Paragraph 145 of the FAC in its files and archives, and on that basis lacks

12  knowledge or information sufficient to form a belief about the truth of the

13  allegations regarding that newsletter, and denies those allegations on that basis.

14        146.  In answering Paragraph 146 of the FAC, Defendant denies the first

15  sentence of Paragraph 146.  Defendant lacks knowledge or information sufficient to

16  form a belief about the truth of the allegations in the second sentence of Paragraph

17  146 of the FAC relating to an unspecified "interview discussing Limewire," and

18  denies these allegations, on that basis.  With respect to the third sentence of

19  Paragraph 146 of the FAC, Defendant admits that in a February 21, 2010 video a

20  CNET editor announced the top 5 download for the week and said, "What a surprise

21  . . . LimeWire," but denies that this was an admission that LimeWire was intended

22  for copyright infringement and states that video is the best evidence of its contents,

23  and denies Plaintiffs' characterizations of the video.  Defendant denies the remaining

24  allegations in Paragraph 146 of the FAC.

25        147.  Defendant denies the allegations in Paragraph 147 of the FAC, except

26  admits that its website was capable of displaying a link to download FrostWire from

27  an unaffiliated external server after an injunction was entered against LimeWire.

28        148.  Defendant lacks knowledge or information sufficient to form a belief

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2                                     24
                        ANSWER TO FIRST AMENDED COMPLAINT

1   about the truth of the allegations of Paragraph 148 of the FAC relating to user

2   comments, and denies these allegations on that basis.  Defendant denies the

3   remaining allegations in Paragraph 148 of the FAC.

4        149.   In answering Paragraph 149 of the FAC, Defendant states that

5   Paragraph 149 contains legal argument and conclusions for which no response is

6   required.  To the extent a response is required, Defendant denies the allegations in

7   Paragraph 149 of the FAC.

8                    **RESPONSE TO COUNT 1**

9           **INDUCEMENT OF COPYRIGHT INFRINGEMENT**

10       150.   Defendant realleges and incorporates by reference its responses to

11   Paragraphs 1 through 149 as if set forth herein in full.

12       151.   Defendant denies the allegations in Paragraph 151 of the FAC.

13       152.   Defendant denies the allegations in Paragraph 152 of the FAC.

14       153.   Defendant denies the allegations in Paragraph 153 of the FAC.

15       154.   Defendant denies the allegations in Paragraph 154 of the FAC.

16       155.   Defendant denies the allegations in Paragraph 155 of the FAC.

17       156.   Defendant denies the allegations in Paragraph 156 of the FAC.

18       157.   Defendant denies the allegations in Paragraph 157 of the FAC.

19        **RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF**

20       Defendant denies that Plaintiffs are entitled to any of the relief requested.

21                  **AFFIRMATIVE DEFENSES**

22       Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant

23   further pleads the following separate and additional defenses.  By pleading these

24   defenses, Defendant does not in any way agree or concede that it has the burden of

25   proof or persuasion on any of these issues.  Defendant reserves the right to assert

26   such additional affirmative defenses as discovery indicates are proper.

27

28

**Kendall Brill
& Klieger LLP**
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

# FIRST AFFIRMATIVE DEFENSE

## (Failure To State A Claim Upon Which Relief May Be Granted)

1.     The FAC fails to state a claim upon which relief can be granted.

# SECOND AFFIRMATIVE DEFENSE

## (Comparative Fault)

2.     The FAC is barred, in whole or in part, based on the doctrine of comparative fault.

# THIRD AFFIRMATIVE DEFENSE

## (Failure to Mitigate Damages)

3.     The FAC is barred, in whole or in part, based on Plaintiffs' failure to mitigate damages.

# FOURTH AFFIRMATIVE DEFENSE

## (Estoppel)

4.     The FAC is barred, in whole or in part, based on principles of estoppel.

# FIFTH AFFIRMATIVE DEFENSE

## (Failure To Join An Indispensable Party)

5.     The FAC is barred, in whole or in part, based on a failure to join necessary or indispensable parties.

# SIXTH AFFIRMATIVE DEFENSE

## (Fair Use)

6.     The FAC is barred, in whole or in part, by the doctrine of fair use.

# SEVENTH AFFIRMATIVE DEFENSE

## (Laches)

7.     The FAC is barred, in whole or in part, by the doctrine of laches.

# EIGHTH AFFIRMATIVE DEFENSE

## (Statute of Limitations)

8.     The FAC is barred, in whole or in part, by the statute of limitations, to the extent Plaintiffs' claim is predicated on acts of copyright infringement occurring

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

1  outside of the statutory period(s) set forth in the Copyright Act, including without

2  limitation 17 U.S.C. § 507(b).

3  ### NINTH AFFIRMATIVE DEFENSE

4  ### (Lack Of Standing)

5      9.    The FAC is barred, in whole or in part, based on a lack of standing.

6  ### TENTH AFFIRMATIVE DEFENSE

7  ### (Nonjoinder Of Parties)

8      10.    The FAC is barred, in whole or in part, based on nonjoinder of parties.

9  ### ELEVENTH AFFIRMATIVE DEFENSE

10  ### (Unclean Hands)

11      11.    The FAC is barred, in whole or in part, by the doctrine of unclean

12  hands.

13  ### TWELFTH AFFIRMATIVE DEFENSE

14  ### (Waiver)

15      12.    The FAC is barred, in whole or in part, by the doctrine of waiver.

16  ### THIRTEENTH AFFIRMATIVE DEFENSE

17  ### (First Amendment)

18      13.    The FAC is barred, in whole or in part, because application of the

19  Copyright Act to impose liability in this case would violate the First Amendment to

20  the United States Constitution.

21  ### FOURTEENTH AFFIRMATIVE DEFENSE

22  ### (Due Process/Vagueness)

23      14.    The FAC is barred, in whole or in part, because application of the

24  Copyright Act to impose liability in this case would violate the Due Process clause

25  and vagueness doctrine of the United States Constitution.

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

15.     The FAC is barred, in whole or in part, for lack of subject matter jurisdiction to the extent Plaintiffs lack valid registrations of copyrights alleged in the FAC.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Copyright Abandonment)

16.     The FAC is barred, in whole or in part, to the extent Plaintiffs have forfeited or abandoned copyright or failed to comply with necessary formalities.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Innocent Infringers)

17.     The FAC is barred, in whole or in part, to the extent any persons, based on whose behavior Plaintiffs seek to hold Defendant liable, are innocent infringers.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Notice)

18.     The FAC is barred, in whole or in part, based on Plaintiffs' failure to provide Defendant with notice that Plaintiffs' works were available on P2P services available through Defendant's websites.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Supervening Events)

19.     The FAC is barred, in whole or in part, because any alleged injury or loss sustained by Plaintiffs was caused by intervening or supervening events over which Defendant had and has no control.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Responsibility of Third Parties)

20.     The FAC is barred, in whole or in part, because any alleged injury or loss sustained by Plaintiffs was the fault and responsibility of third parties over

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

1  whom Defendant had and has no control, and for whose actions Defendant had and
2  has no responsibility.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Proximate Cause)

21.    The FAC is barred, in whole or in part, on the grounds that any alleged
acts or omissions by Defendant were not the proximate cause of any injury or loss
allegedly suffered Plaintiff.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Consent)

22.    The FAC is barred, in whole or in part, based on principles of
Plaintiffs' consent.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
### (P2P Services Not Adjudicated as Infringing)

23.    The FAC is barred, in whole or in part, to the extent that Plaintiffs seek
to hold Defendant liable based on any person's use of P2P services that have not
been adjudicated as infringing.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Nonexistent Entity)

24.    The FAC is barred, in whole or in part, on the basis that CNET
Networks, Inc. is not a legal entity capable of being sued.

WHEREFORE, Defendant prays for relief as follows:

1.    That the FAC be dismissed, with prejudice and in its entirety;

2.    That Plaintiffs take nothing by this action and that judgment be entered
against Plaintiffs and in favor of Defendant;

3.    That Defendant be awarded its and costs incurred in defending this
action;

4.    That Defendant be granted such other and further relief as the Court
may deem just and proper.

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

114006.2

29

ANSWER TO FIRST AMENDED COMPLAINT

1   Dated:  August 13, 2012                KENDALL BRILL & KLIEGER LLP

2

3

4                                    By:   */s/ Laura W. Brill*
                                          Laura W. Brill
5                                          Attorneys for CBS Interactive, Inc. and
                                          CNET Networks Inc.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067