KENDALL BRILL & KLIEGER LLP
Richard B. Kendall (90072)
  rkendall@kbkfirm.com
Laura W. Brill (195889)
  lbrill@kbkfirm.com
Richard M. Simon (240530)
  rsimon@kbkfirm.com
Dorian S. Berger (264424)
  dberger@kbkfirm.com
10100 Santa Monica Blvd., Suite 1725
Los Angeles, CA  90067
Telephone:   310.556.2700
Facsimile:    310.556.2705

FENWICK & WEST LLP
Laurence F. Pulgram (115163)
  lpulgram@fenwick.com
Jennifer L. Kelly (193416)
  jkelly@fenwick.com
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

Attorneys for CBS Interactive Inc. and
CNET Networks, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALKIVIADES DAVID, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>CBS INTERACTIVE INC., CNET NETWORKS, INC.,<br><br>        Defendants. | Case No. CV11-9437 DSF (JCx)<br><br>**DECLARATION OF DORIAN S. BERGER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>*[Filed concurrently with Opposition to Motion for Preliminary Injunction, Declaration of Glenn Reinman, Ph.D., Declaration of Leana Golubchik, Ph.D., and Declaration of Sean Murphy, Evidentiary Objections]*<br><br>Hon. Dale S. Fischer<br><br>Date:   February 25, 2013<br>Time:   1:30 p.m.<br>Crtrm.: 840 |

124722.3

## DECLARATION OF DORIAN S. BERGER

I, Dorian S. Berger, declare as follows:

1. I am an attorney at the law firm of Kendall Brill & Klieger LLP, counsel of record for CBS Interactive, Inc. and CNET Networks Inc. in the above-captioned action. I am a member in good standing of the State Bar of California and am admitted to practice before this Court. Except where otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. Attached as Exhibit 1 hereto is a true and correct copy of Plaintiffs' Report on the Filing or Determination of an Action or Appeal Regarding a Copyright ("First AO 121 Form") filed concurrently with Plaintiffs' Complaint on November 14, 2011.

3. Attached as Exhibit 2 hereto is a true and correct copy of Plaintiffs' Supplemental Report on the Filing or Determination of an Action or Appeal Regarding a Copyright ("Second AO 121 Form") filed by Plaintiffs on July 2, 2012.

4. Plaintiffs have not filed a subsequent AO 121 Form following the First and Second AO 121 Forms.

5. Plaintiffs identified twenty-four works in their Motion for a Preliminary Injunction. (Dkt. No. 42) (hereafter, "Motion"). The twenty-four works include two instances in which Plaintiffs list both the sound recording and musical composition for the same song. Motion at 4:25-5:11; Declaration of Christian Anstett (Dkt. No. 42-2) ("Anstett Decl.") Exs. AA & BB; *id.*, Ex. AA at 7-8 (two registration numbers for one song); *id.* at 19-20 (same). Thus Plaintiffs' Motion refers to twenty-two songs in total.

6. I compared the works that are listed in the Motion to the works identified in Plaintiffs' First and Second AO 121 Forms. Eighteen of the twenty-four works identified in the Motion were not identified in Plaintiffs' First or Second AO 121 Forms as follows:

124722.3

1

DECLARATION OF DORIAN BERGER
IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

| Works Not Listed On Plaintiffs' AO 121 Forms | | |
|---|---|---|
| **Plaintiff** | **Copyright Registration Number For Work Not Identified In Plaintiffs' First Or Second AO 121 Forms** | **Name Of Work** |
| Jalil Hutchins | PA0000187576 | It's all in Mister Magic's Wand |
| Jalil Hutchins | PA0000234071 | Yours for a Night |
| Jalil Hutchins | PA0000234072 | Rap Machine |
| Jalil Hutchins | PA0000175941 | Magic's Wand |
| Jalil Hutchins | PA0000233182 | The Haunted House of Rock |
| Jalil Hutchins | PA0000289304 | Funky Beat |
| Jalil Hutchins | SR0000390469 | Funky Beat |
| Jalil Hutchins | None Provided By Plaintiffs | Fugitive |
| Jalil Hutchins | PA0000291949 | Echo Scratch |
| Jalil Hutchins | PA0000291946 | One Love |
| Jalil Hutchins | PA0000291948 | I'm a Ho |
| Jalil Hutchins | PA0000291951 | The Good Part |
| Jalil Hutchins | PA0000234069 | Nasty Lady |
| Jalil Hutchins | PA0000291950 | Last Night (I had a long talk with myself) |
| Jalil Hutchins | SR0000060859 | Friends |
| Jalil Hutchins | PA0000239440 | Five Minutes of Funk |
| Douglas Davis | SR0000267894 | The Show |
| Douglas Davis | None Provided By Plaintiffs | Chill Will: Cuttin' It Up |

7.   Plaintiffs seek to support their claims of ownership in the works by attaching to the Anstett Declaration printouts from the U.S. Copyright Office. Motion at 4:26-5:11; Anstett Decl. Exs. AA and BB.

8.   I conducted a review of these Copyright Office printouts that were attached to the Anstett Declaration. Of the twenty-four works, Plaintiffs Jalil Hutchins and Douglas Davis are not listed as the copyright claimant for any of

124722.3

2

DECLARATION OF DORIAN BERGER
IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

works. The below table lists the twenty-four works for which Plaintiffs' alleged ownership materials do not list Hutchins or Davis as a copyright claimant. *Id.*

| Works For Which Plaintiffs Are Not Copyright Claimants | | |
|---|---|---|
| **Plaintiff** | **Copyright Registration Number For Work Where Plaintiffs Are Not Listed As Copyright Claimant** | **Name Of Work** |
| Jalil Hutchins | PA0000187576 | It's all in Mister Magic's Wand |
| Jalil Hutchins | PA0000234071 | Yours for a Night |
| Jalil Hutchins | PA0000234072 | Rap Machine |
| Jalil Hutchins | PA0000175941 | Magic's Wand |
| Jalil Hutchins | PA0000233182 | The Haunted House of Rock |
| Jalil Hutchins | PA0000289304 | Funky Beat |
| Jalil Hutchins | SR0000390469 | Funky Beat |
| Jalil Hutchins | PA0000291949 | Echo Scratch |
| Jalil Hutchins | PA0000291946 | One Love |
| Jalil Hutchins | PA0000291948 | I'm a Ho |
| Jalil Hutchins | None Provided By Plaintiffs | Fugitive |
| Jalil Hutchins | PA0000291951 | The Good Part |
| Jalil Hutchins | PA0000234069 | Nasty Lady |
| Jalil Hutchins | PA0000291950 | Last Night (I had a long talk with myself) |
| Jalil Hutchins | SR0000060859 | Friends |
| Jalil Hutchins | PA0000239440 | Five Minutes of Funk |
| Douglas Davis | PAu000727284 | La Di Da Di |
| Douglas Davis | SR0000267894 | The Show |
| Douglas Davis | PAu000727283 | The Show |
| Douglas Davis | PA0000318675 | Play This Only At Night |
| Douglas Davis | None Provided By Plaintiffs | Chill Will: Cuttin' It Up |
| Douglas Davis | PA0000302486 | All the Way to Heaven |
| Douglas Davis | PA0000318673 | Leave it to the Cut Professor |
| Douglas Davis | PA0000318674 | Lovin Every Minute of It |

124722.3

3

DECLARATION OF DORIAN BERGER
IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

9.  On December 13, 2012, Laura Brill, counsel for CBSI, wrote to Jaime Marquart, counsel for Plaintiffs, alerting him that the materials offered in support of the pending Motion were deficient in that, among other things, they provide no evidence of Plaintiffs' ownership in the works at issue and fail to establish direct infringement of the works.  Attached as Exhibit 3 hereto is a true and correct copy of Ms. Brill's December 13, 2012 letter requesting to meet and confer regarding deficiencies in the materials offered in support of the Motion.  I was copied on the email transmitting this correspondence.

10. On January 7, 2013, Mr. Marquart responded to Ms. Brill that Plaintiffs would be dropping two of the twenty-four works – Mr. Hutchins' "Echo Scratch" and "It's All in Mr. Magic's Wand" – from their Motion because Plaintiffs were unable to locate evidence establishing ownership of the works.  Attached as Exhibit 4 hereto is a true and correct copy of Mr. Marquart's January 7, 2013 letter to Ms. Brill "agreeing to withdraw (without prejudice) those works from consideration in connection with our current motion for preliminary injunction."  I was copied on the email transmitting this correspondence.

11. Plaintiffs have not produced registration certificates for any of the twenty-four works either in the Motion or any time since.

12. On January 7, 2013, Plaintiffs produced 26 pages of other materials for the stated purpose of establishing ownership of the remaining works at issue in the Motion ("January 7 Materials").  The January 7 Materials had production numbers P000001-P000026.  None of the documents was authenticated through a declaration or described by a person claiming to have knowledge.

13. The document labeled P000001 appears to be a letter from the law firm of Mannatt, Phelps & Phillips LLP dated March 26, 1997 referencing an agreement to certain works held by Danica Music.

14. The document labeled P000002-P000003 purports to be an exhibit to an agreement and a schedule of works.  The agreement itself was not included in

124722.3

4

DECLARATION OF DORIAN BERGER
IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  any of the January 7 Materials.  The exhibit is in the form of a letter dated as of
2  January 1, 1997, and refers to Mr. Davis acquiring from Danica Music its interests,
3  "if any," in certain works, including *The Show* (P000002).

4      15.    The document labeled P000004-P000006 purports to be a certificate of
5  recordation with the Copyright Office of the United States dated November 13,
6  1986 with an attachment entitled Assignment of Copyright.  The document dated
7  October 22, 1986, states that Mark of Aries Music was transferring to Danica Music
8  a 25% interest in certain works including *The Show* (P000005).  Plaintiffs did not
9  produce work-for-hire or other comparable chain-of-title documents transferring
10 rights from the original authors to Mark of Ares Music.

11     16.    The document labeled P000007-P000008 purports to be a business
12 certificate dated April 30, 1991 stating that Douglas Davis is "conducting or
13 transacting business under the name … Entertaining Music."  Entertaining Music is
14 not a Plaintiff in this litigation nor has it been named in any of Plaintiffs' pleadings
15 or motions.  The business certificate does not show that Douglas Davis is entitled to
16 receive monies from Entertaining Music based on the works at issue.  Nor does the
17 business certificate describe the internal governance of Entertaining Music and
18 Douglas Davis's role.  Nor does the business certificate describe Entertaining
19 Music's corporate form, including, for example, whether it is a sole proprietorship,
20 partnership or corporation.  Nor does it state that Mr. Davis conducts business on the
21 separate name, "Entertaining Music, Inc."  Plaintiffs have not provided any
22 documentation that Entertaining Music continues to exist or of any current
23 relationship between Entertaining Music and Douglas Davis.

24     17.    The document labeled P000009-P000010 is a printout from the public
25 catalog of the United States Copyright Office for a work entitled *Whodini's Haunted*
26 *House*.  The work is listed as having copyright registration number PAu003584953.
27 The printout states that *Whodini's Haunted House* was created in 2011 and
28 registered on November 15, 2011 (P000009).  The Complaint in this case was filed

Kendall Brill
& Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

1  before that registration date. *Whodini's Haunted House* is not identified in the
2  Motion or Plaintiffs' First or Second AO 121 Forms.

3      18.    The documents labeled P000011-P000026 appear to be printouts
4  entitled "ASCAP ACE Search," concerning certain works by Mr. Hutchins. These
5  documents do not designate Mr. Hutchins as the owners of any of the works in
6  issue. Nor do they indicate that Mr. Hutchins is receiving any royalties from any of
7  the works in issue.

8      19.    Plaintiffs have admitted in response to Requests for Admissions Nos. 7,
9  8, 9, *inter alia*, that they did not send CBSI requests to take down references to the
10 works. Attached as Exhibit 5 hereto is a true and correct copy of Plaintiffs'
11 Responses to CBSI's First Set of Requests for Admission.

12     20.    Defendant CBSI sought the production of all take-down notices that
13 Plaintiffs had sent to any alleged infringer. Plaintiffs agreed to produce responsive
14 documents but have produced no take down notices in discovery. Attached as
15 Exhibit 6 hereto is a true and correct copy of Plaintiffs' Responses to Defendant
16 CBS Interactive Inc's First Set of Requests for Production. The relevant response is
17 Number 30 and appears at page 23:9-25

18     21.    Attached as Exhibit 7 hereto is a true and correct copy of a Hollywood
19 Reporter article, Eriq Gardner, *Meet Alki David: The Billionaire Hollywood Bad*
20 *Boy Being Sued by Every TV Network*, October 4, 2012 (available at:
21 http://www.hollywoodreporter.com/news/alki-david-filmon-chris-brown-drake-
22 charlie-sheen-376000).

23     22.    Attached as Exhibit 8 hereto is a true and correct copy of the Docket
24 Sheet for *NBCUniversal Media LLC, et al. v. Aereokiller LLC, et al.*, (C.D. Cal.
25 Case No. 2:12-cv-06950-GW-JC), which I downloaded from the Court's PACER
26 service.

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067

124722.3

6

DECLARATION OF DORIAN BERGER
IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

23. Attached as Exhibit 9 hereto is a true and correct copy of the Docket Sheet for *CBS Broadcasting Inc., et al. v. Filmon.com, Inc.*, (S.D.N.Y. Case No. 10-CV-7532-NRB, which I downloaded from the Court's PACER service.

24. Defendant CBSI requested through discovery the production of all information relating to direct infringement of the works at issue. Plaintiffs have provided no such evidence beyond pointing CBSI back to the PirateBay screenshots in their Motion: "Plaintiffs direct CBSI to pages 13-15 of Plaintiffs motion for a preliminary injunction, which describe the evidence of direct infringement of works by the recording artists Whodini and Doug E. Fresh." Attached as Exhibit 10 hereto is a true and correct copy of Plaintiffs' Responses to Defendant CBS Interactive Inc's First Set of Interrogatories. The relevant response is Number 2 and appears at page 6:19-25.

25. Counsel for Plaintiffs stipulated that Plaintiffs would not put in further evidence of direct infringement of the works at issue in connection with the Motion beyond that which was produced by January 7, 2013.

26. Attached as Exhibit 11 hereto is a true and correct excerpt from the Form 10-K Annual Report filed with the SEC on February 23, 2012 by CBS Corporation. Because the document numbers approximately 250 pages, Defendant is submitting the first ten pages, which contain the relevant excerpt, rather than the entire document.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 25, 2013, at Los Angeles, California.

Dorian S. Berger

125829.1

7

DECLARATION OF DORIAN BERGER
IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

Kendall Brill & Klieger LLP
10100 Santa Monica Blvd.
Suite 1725
Los Angeles, CA 90067