UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-9437 DSF (JCx) | Date | 2/19/13 |
| Title | Alkiviades David, et al. v. CBS Interactive Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  (In Chambers) Order DENYING Motion for Preliminary Injunction (Docket No. 42)[1]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011). Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135 (internal quotation marks omitted).

Plaintiffs have not shown any likelihood that Defendants will be found liable for their continuing activities. There is ample evidence of BitTorrent's – and other P2P software's – ability to infringe copyrights and that a large number of individuals use the software to infringe. Defendants are clearly aware of both of these facts. However,

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for February 25, 2013 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

inducement of infringement requires more than just knowledge of actual or potential infringement.  Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd. 545 U.S. 913, 937 (2005).  While there might be some evidence of past inducement of copyright infringement,[2] there is no evidence of any ongoing distribution of any file sharing software "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement."  Id. at 936-37.

     The Court is well-aware that injunctions are often properly imposed where allegedly wrongful conduct has ceased.  However, there must be at least some evidence that future infringement may occur.  Here, Plaintiffs' only solid evidence of possible inducement comes from reviews that were published a decade ago.  (See Anstett Decl., Ex. P-R.)  The other articles cited by Plaintiffs merely discuss P2P issues, including legitimate distribution through P2P, and the various technological and legal issues that have emerged with the technologies.  (See id., Ex. M, O, T, U, V, X.)  The Court has no reason to believe that Defendants will purposefully encourage copyright infringement now or in the foreseeable future.

     The nature of some of the supposedly problematic articles also demonstrates that an injunction is not in the public interest.  Most of the articles cited by Plaintiffs are straightforward, legitimate news articles that do not in any way encourage or induce copyright infringement.  This suggests that Plaintiffs' goal goes far beyond stopping actual infringement by Defendants and extends instead to silencing public discussion of P2P technologies.

     The motion for preliminary injunction is DENIED.

     IT IS SO ORDERED.

---

[2] Defendants present several arguments against a finding of past inducement that the Court need not consider here.  (See Opp'n at 17-18.)