LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CBS INTERACTIVE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUGAR HILL MUSIC, *et al.*,<br><br>            Plaintiffs,<br><br>     v.<br><br>CBS INTERACTIVE INC.,<br><br>            Defendant. | Case No. 2:11-cv-09437-DSF-JC<br><br>**REQUEST FOR EXPEDITED STATUS CONFERENCE BY DEFENDANT CBS INTERACTIVE, INC. REGARDING IMPROPER DEPOSITION OBJECTIONS**<br><br>**DISCOVERY MATTER**<br><br>Hearing: August 2, 2013<br>Time:    TBD<br>Ctrm:    Courtroom 20, 3rd Floor<br>Judge:   Hon. Jacqueline Chooljian<br><br>Discovery cutoff:     8/30/13<br>Pretrial conference:  5/26/14<br>Trial:                6/24/14 |

Defendant CBS Interactive Inc. hereby requests a Status Conference be held in this matter Friday, August, 2, 2013, Courtroom 20, Third Floor, Los Angeles, California, at a time convenient for the Court. The purpose of the requested Status Conference is to resolve disputes regarding privilege objections interposed by Plaintiffs at their recent depositions. Defendant intends to submit briefing in support of its position by **5:00 p.m. Tuesday, July 30, 2013** and requests Plaintiffs

be ordered to submit any brief in opposition by **5:00 p.m. Thursday, August 1, 2013**.  Additionally, due to Plaintiffs' designation of the deposition transcripts as confidential under the Protective Order, CBSI requests permission to conditionally submit those transcripts under seal by providing them to chambers via email.

The basis for CBSI's request is as follows:

1. Discovery is set to close in this matter on August 30, 2013.  The depositions of many of the Plaintiffs have been scheduled for late July through mid-August.  In the depositions conducted to date, Plaintiffs' counsel has asserted privilege over every fact a witness may have learned from counsel, even as to the basis of their allegations in the complaint and their answers to interrogatories and requests for admissions.  Counsel's instructions not to answer have been so pervasive that it is virtually impossible for CBSI to ascertain the factual basis of Plaintiffs' claims.   As but one of literally hundreds of examples, Plaintiffs' counsel even gave an instruction not to answer the question, "do you understand that you are a plaintiff in a lawsuit?"

2. Plaintiffs' counsel asserts privilege over any communications between Plaintiffs and their co-Plaintiff Mr. Gerald Spence, a non-lawyer who counsel describes as a "liason" between them and their clients.  He is not employed by Plaintiffs' firm and has no professional relationship with many of the Plaintiffs other than this lawsuit.

3. Plaintiffs' counsel has also been making lengthy and improper speaking objections, including in connection with these instructions not to answer, interfering with the conduct of the deposition.

4. Prompt resolution of these issues are necessary because the improper objections are impeding CBSI's ability to effectively depose the Plaintiffs and obtain information necessary to its defense.  Many additional depositions are scheduled in this case beginning August 5, 2013, and discovery closes on August 30, 2013.

1  5. CBSI met and conferred with Plaintiffs with respect to its request. Plaintiffs refused to join the request on the basis that this matter can be heard on the normal motion calendar on August 27, 2013. Such a hearing date, however, would follow all of the depositions of Plaintiffs currently scheduled, and leave only four days before the close of discovery to conduct follow-on depositions of as many as twenty five Plaintiffs. CBSI respectfully submits that this position is an attempt by Plaintiffs to preserve their ability to block CBSI's legitimate questioning of witnesses with additional improper objections. The interests of the parties, as well as judicial efficiency, are better served if the validity of these objections is determined by the Court in advance of the remaining scheduled depositions.

Dated: July 26, 2013                    FENWICK & WEST LLP


                                        By:    */s/ Jennifer Lloyd Kelly*
                                                Jennifer Lloyd Kelly

                                        Attorneys for Defendant
                                        CBS INTERACTIVE INC.