LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:  415.281.1350

Attorneys for Defendant
CBS INTERACTIVE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUGAR HILL MUSIC, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>CBS INTERACTIVE INC.,<br><br>            Defendant. | Case No.: 2:11-cv-09437-DSF-JC<br><br>**DEFENDANT CBS INTERACTIVE INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH COURT ORDER AND FURTHER RESPONSES TO INTERROGATORIES**<br><br>**DISCOVERY MATTER**<br><br>Hearing: August 13, 2013<br>Time:    9:30 AM<br>Ctrm:   Courtroom 20, 3rd Floor<br>Judge: Hon. Jacqueline Chooljian<br><br>Discovery cutoff:    8/30/13<br>Pretrial conference: 5/26/14<br>Trial:                      6/24/14 |

Nowhere do Plaintiffs deny they failed to comply with the Court's June 11 Order, or that they still have not complied mere weeks before the close of fact discovery. Instead they offer excuses, none of which has any exculpatory force:

- One of Plaintiffs' agents dropped his cell phone in a toilet.
- Plaintiffs are too busy with their summer concert tours.
- Plaintiffs refuse to communicate with their counsel directly.
- Plaintiffs' counsel is engaged on many other cases aside from this one.

This disregard for the Court's Order also pervades Plaintiffs' belated attempts at "compliance." Most still have produced no documents other than website printouts generated by Plaintiff Gerald Spence. Many failed to appear for their depositions, and those who did admitted they had not even attempted to collect documents. They also appear have no personal knowledge of the facts supporting their claims—many do not even know who CBSI is and are unfamiliar with the download.com website. (Dkt. No. 81-1 at 36–37 (Resp. to Interrogatory No. 9). In short, the last six weeks of discovery have revealed the attorney-driven nature of this litigation[1] and show why the relief sought by CBSI is warranted. Unless it is granted, CBSI will be prejudiced, as nothing will prevent the absentee Plaintiffs and their missing documents from emerging for the first time on summary judgment or at trial.

## I. PLAINTIFFS IGNORED THE ORDER'S CLEAR INSTRUCTIONS.

### A. Plaintiffs' Failure to Comply is not Excusable.

A party must take all reasonable steps to comply with an Order of the Court. *McCoy v. Southwest Airlines Co.*, 208 F.R.D. 617, 621 (C.D. Cal. 2002). None of Plaintiffs' proffered excuses for their admitted failure to comply with the Order should be credited. Plaintiffs suggest compliance with the Order has been unduly burdensome. However, they failed to raise a burden argument in opposition to CBSI's original motion and should not be permitted to do so now. (Dkt. No. 74

---

[1] As but one further example, Joseph Williams testified *he was unaware he was a Plaintiff in this lawsuit* until Gerald Spence called and told him he needed to appear for a deposition. (Williams Dep. at 11:11-12:5.)

SUPPLEMENTAL MEMO ISO MOTION TO COMPEL COMPLIANCE WITH COURT ORDER        1        CASE NO.: 2:11-cv-09437-DSF-JC

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

at 14:7-21.) They also failed to ask the Court to modify it or even warn CBSI they would not comply—instead, they just failed to comply and forced the expense of a further motion on CBSI.[2] Plaintiffs' burden argument is also premised on the contention that the Order was too burdensome for *their attorneys*. This is not a cognizable basis for resisting discovery. (*See* Fed. R. Civ. P. 26(c) (discussing burden to parties).) Even if it were, Plaintiffs' firm's inability to prosecute a case of this size is no excuse: other firms could have been added as co-counsel.[3]

Second, Plaintiffs suggest various occurrences described above have prevented their compliance with the Order. Yet Plaintiffs make no effort to justify their refusal to communicate with their counsel, or explain why the Court should accept that as a legitimate reason for failing to comply. In fact, the Court specifically warned Plaintiffs' counsel that this was *not* an acceptable excuse. (Dkt. No. 24 at 6:11-13)("I will caution you that each of them is your client and it's your obligation to communicate with them about whatever needs to be done ... ").

Plaintiffs also do not explain why the "summer rap tour season" excuses their noncompliance. (Dkt. No. 79 at 13:21-23.) They do not explain why, practically speaking, such tours are incompatible with conducting a reasonable search of email and other documents. Indeed, such a claim should be viewed with skepticism when Plaintiffs simultaneously claim to have a staff of nine employees working under the direction of Gerald Spence on discovery matters. (*See Id.* at 25:21-23.)

### B.  Plaintiffs Have Not Made Reasonable Efforts to Comply.

Plaintiffs' counsel refers to the diligence of Plaintiffs collectively, suggesting they are *all* engaged in efforts to comply. This is far from the case: a chart

---

[2] *See* 7 Moore's Federal Practice § 37.50[1][c] (3d ed. 2002): "To protect itself from sanctions, and to prevent other parties from needlessly incurring expenses seeking to enforce discovery orders, a party that is unable to comply with a discovery order should promptly bring that fact to the attention of the court and of the other parties. . ."

[3] Plaintiffs also mention a medical emergency that prevents Jamie Marquart from continuing on as lead counsel. (Dkt. No.79 at 26:2-5.) However Mr. Marquart's absence began on July 1, 2013, almost a week *after* Plaintiffs' deadline to comply.

SUPPLEMENTAL MEMO ISO MOTION TO COMPEL COMPLIANCE WITH COURT ORDER         2         CASE NO.: 2:11-cv-09437-DSF-JC

showing the discovery actually provided by each Plaintiff—both before and after the June 25, 2013 deadline—is attached as **Exhibit A**. *Every single Plaintiff* failed to comply in numerous respects, and *many of them have still done nothing*:

- Nine Plaintiffs, Detron Bendross, Drew Carter, Solomon Conner, Emmanuel Deanda, Isaac Freeman Jr., Jeff Redd, Diamond Smith, Solid Productions, and Jeff Thompkins, have still not complied with the Order in any respect.
- Seven Plaintiffs have either already failed to appear for their noticed deposition, or have stated their intent not to appear.
- Thirty-three Plaintiffs have still made no document production whatsoever.
- No Plaintiff has produced a privilege log.[4]

(*See* Ex. A.)  Furthermore, many of the Plaintiffs that have made some showing of compliance have acted in ways prejudicial CBSI.  To date:

- Two Plaintiffs (Douglas Davis and Darryl Gibson) produced documents *after* their deposition, one (Oran Jones) produced them *at* his deposition, and one (Luther Campell) produced them *on the night before* his deposition.
- Five of the six Plaintiffs deposed last week admitted in sworn deposition testimony that they *have not conducted a search for documents*.[5]
- Ten Plaintiffs have each produced fewer than 10 pages of documents.
- Plaintiffs served supplemental responses to CBSI's Second Set of Interrogatories on July 22, 2013, immediately before serving their portion of the joint stipulation.  These responses are deficient for many of the same

---

[4] Plaintiffs' claim that they have not withheld any documents on the basis of privilege contradicts the statements of Plaintiffs' counsel at the July 19, 2013 meet and confer that Mr. Spence is withholding documents and will produce a privilege log. (Dkt. No. 79 at 31:14-16.)

[5] The sixth, Oran Jones, produced registration documents at his deposition that he located months ago following a request from his son. He too, confirmed he had additional documents that he had not searched for this case. (Jones Dep. at 7:9-8:24; 99:3-102:6.) Plaintiffs have further confirmed that certain responsive documents were in fact easily accessible to them. (*See, e.g.,* Williams Dep. at 95:1-6 ("Q. Do you have any royalty statements at all? A. Nope. Q. But you could get them if you asked for them? A. Yeah.").)

SUPPLEMENTAL MEMO ISO MOTION TO COMPEL COMPLIANCE WITH COURT ORDER     3     CASE NO.: 2:11-CV-09437-DSF-JC

reasons outlined in the joint stipulation: they do not provide responses addressing each of the works asserted.  (*See* Dkt. No. 81-1 at 2–151.)

Finally, Plaintiffs admit that their productions *still* are not complete.  In fact, most "Plaintiffs'" productions were not collected from Plaintiffs' own files.  Instead, Mr. Spence purportedly is acting as "agent" for both Plaintiffs and counsel, employing people to *generate evidence* for the case.  (Dkt. 79 at 25; Ex. B.)

## II.     CBSI'S REQUESTED SANCTIONS ARE APPROPRIATE

As CBSI will explain at the hearing, the 24 Plaintiffs subject to CBSI's dismissal request have done nothing to warrant remaining in the case.  At the very least, however, CBSI submits that the nine Plaintiffs who have not complied with any aspect of the Court's Order should be dismissed: they have had more than seven months to respond to the discovery at issue and have given no indication they even wish to participate in the case.  (*See* Dkt. No. 79 at 129.)  Plaintiffs' suggested alternative, that counsel withdraw from their representation, is inadequate, and would only pass the burden of locating absentee Plaintiffs from counsel to CBSI.

With respect to the remaining Plaintiffs, CBSI's requested evidentiary sanction is appropriate.  CBSI does not have "six months" (*Id.* at 144:9) for additional fact discovery, but rather, three weeks.  Plaintiffs' failures have, for example, all but precluded CBSI from investigating dubious ownership claims or determining what acts of inducement it is accused of.  (*See Id.* at 129, 135, 140.) While Plaintiffs emphasize the need to consider lesser sanctions, Plaintiffs have suggested no alternative that would avoid prejudice to CBSI.  In fact, the prejudice resulting from the discovery cutoff distinguishes the current case from many of Plaintiffs' authorities on this point.  *See, e.g., Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981) (per curiam) (less drastic sanctions should be considered when "a case is still young"); *Amersham Pharmacia Biotech, Inc. v. The Perkin-Elmer Corp.,* 190 F.R.D. 644, 649 (N.D. Cal. 2000) (no fact discovery cutoff set).

Plaintiffs contend fees should not be awarded because they have exercised

"substantial efforts to comply." (Dkt. No. 79 at 158:23-24.) But this simply is not true: many have made no effort to comply with the Court's Order, including 33 who have not produced a single document, seven who have refused to appear for deposition, and nine who have done *nothing*. Indeed, it appears that that the need to respond to the current Motion is the only thing driving Plaintiffs' minimal discovery efforts.[6] CBSI has incurred substantial expense—at a current count of three discovery motions, one status conference, and hours of wasted deposition time and meet and confer correspondence—in an attempt to get Plaintiffs to comply.

## III. AT A MINIMUM, CERTAIN SANCTIONS MUST BE IMPOSED.

If for any reason the Court is disinclined to order the requested relief, CBSI requests that it impose the following lesser sanctions to prevent the prejudice it will suffer from undisclosed evidence or testimony:

- Preclude Plaintiffs from using in summary judgment or at trial any documents that were not produced to CBSI by the time of their respective depositions or the hearing on this Motion, whichever is earlier;
- Grant CBSI leave to depose all Plaintiffs who remain in the case, including re-deposing any Plaintiffs whose production was not complete by the date of their original deposition, with the cost of re-deposition borne by Plaintiffs;
- That CBSI be granted leave to challenge by motion any claim of privilege asserted by Plaintiffs in any belatedly-produced privilege log.

## IV. CONCLUSION

For the foregoing reasons, CBSI respectfully requests the Court impose the sanctions set forth in its Proposed Order.

---

[6] For example, Plaintiffs requested a two-hour extension of time for the service of their portion of the joint stipulation—during which time they served their discovery supplements. Most of the Plaintiffs also made their limited productions between July 16 and 19, 2013—*after* CBSI had conducted meet and confer and served its portion of the joint stipulation, and on the eve of depositions. (*See* Ex. A.)

| | | |
|---|---|---|
| 1 | Dated: July 30, 2013 | FENWICK & WEST LLP |
| 2 | | |
| 3 | | By: */s/ Jennifer L. Kelly* |
| 4 | | Jennifer L. Kelly<br>Attorneys for Defendant |
| 5 | | CBS INTERACTIVE INC. |