BAKER MARQUART LLP
Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Christian A. Anstett (Bar No. 240179)
  canstett@bakermarquart.com
Ashley E. Martabano (Bar No. 236357)
  amartabano@bakermarquart.com
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR HILL MUSIC, SOLID PRODUCTIONS, STEVEN BATIZ, TONY BELL, DETRON BENDROSS, DERRICK BRAXTON, REGINALD BROOKS, ELIJAH BROWN, HORACE BROWN, OSCAR BROWN, LUTHER CAMPBELL, JONATHAN CARLTON, SOLOMON CONNER, DAYQUAN DAVIS, DOUGLAS DAVIS, KAREEM DAVIS, SOLAMIN DAVIS, EMMANUEL RAMONE DEANDA, DREW CARTER, NACOLBIE EDWARDS, VANCITO EDWARDS JOHN FLETCHER, WILLIE FINCH, ISAAC FREEMAN, JR., DARRYL GIBSON, JALIL HUTCHINS, EMANON JOHNSON, KEITH JONES, ORAN "JUICE" JONES, TARSHA JONES, NAILAH LAMEES, DANA MCCIEESE, BARRY MOODY, JEFF REDD, QUAME RILEY, ANTHONY ROBINSON, NICHOLAS SANCHEZ, JONATHAN SHINHOSTER, | CASE NO. CV11-9437 DSF (JCx)<br><br>**PLAINTIFFS' [CORRECTED] OPPOSITION TO DEFENDANT CBS INTERACTIVE, INC.'S BRIEF REGARDING PURPORTED IMPROPER DEPOSITION OBJECTIONS**<br><br><u>**DISCOVERY MATTER**</u><br><br>Hearing:  August 2, 2013<br>Time:  2:00 p.m.<br>Ctrm:  Courtroom 20, 3rd Floor<br>Judge:  Hon. Jacqueline Chooljian<br><br>Discovery Cutoff:  8/30/2013<br>Pretrial Conference:  5/26/2014<br>Trial:  6/24/2014 |

| | |
|---|---|
| 1 | DIAMOND SMITH, REMINISCE SMITH, GERALD SPENCE, CHRIS STOKES, IRENE STOKES, JUANITA STOKES, WILLIAM TENNYSON AND THE TENNYSON ESTATE, CARL THOMAS, JEFF THOMKINS, RONDELL TURNER, RICKY WALTERS, KEVIN WILLIAMS, YOLANDA WHITAKE, JOSEPH WILLIAMS, RAHEEM WILLIAMS, CASE WOODWARD, ATTRELL AND JARRETT CORDES, MITCHELL GRAHAM |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | Plaintiffs, |
| 10 | vs. |
| 11 | CBS INTERACTIVE INC., CNET NETWORKS, INC. |
| 12 | |
| 13 | Defendants. |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ - 1 -

FACTUAL BACKGROUND .............................................................................. - 2 -

The Depositions .................................................................................................... - 2 -

CBSI's "Emergency" Motion ............................................................................... - 3 -

ARGUMENT ........................................................................................................ - 4 -

    I.    Plaintiffs' Counsel Properly Preserved Plaintiffs' Privileges ............ - 4 -

        A.    Plaintiffs' Objections and Instructions Were Limited to Privileged Material ....................................................... - 4 -

        B.    CBSI Propounded Improper Questions ......................... - 6 -

    II.    Plaintiffs Will Agree to a Mutual Stipulation Regarding Speaking Objections ................................................................ - 9 -

    III.    Plaintiffs and Their Counsel Should Not Have to Pay Defendants' Fees and Costs Incurred in Bringing This Motion ....... - 10 -

CONCLUSION .................................................................................................. - 14 -

-i-
PLAINTIFFS' CORRECTED OPPOSITION RE PURPORTED IMPROPER DEPOSITION OBJECTIONS

Case 2:11-cv-09437-DSF-JC   Document 111   Filed 08/01/13   Page 4 of 19   Page ID #:4475

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*,
  No. 1:08-cv-01086-AWI-SMS, 2009 U.S. Dist. LEXIS 111569 (E.D. Cal. Nov. 17, 2009) ..................................................................................................... 13

*Cameron Indus., Inc. v. Mothers Work, Inc.*,
  06CIV.1999(BSJ)(HBP), 2007 WL 1649856 (S.D.N.Y. June 6, 2007) ............... 13

*Enns Pontiac, Buick & GMC Truck v. Flores*,
  No. 1:07-cv-01043 OWW DLB, 2011 U.S. Dist. LEXIS 77113 (E.D. Cal. 2011) ............................................................................................................. 11, 12

*Humphreys v. Regents of University of California*,
  2006 U.S. Dist. LEXIS 20148, 2006 WL 1140907 (N.D. Cal. Apr. 3, 2006) ................................................................................................................... 12

*In re Mirant Corp.*,
  03-46590 DML, 2005 WL 6443618 (Bankr. N.D. Tex. Nov. 22, 2005) .................. 7

*In re Rindlisbacher*,
  225 B.R. 180 (B.A.P. 9th Cir. 1998) ........................................................................ 4

*Lance, Inc. v. Ginsburg*,
  32 F.R.D. 51 (E.D. PA 1962) ................................................................................... 7

*Pastrana v. Local 9509 Comme'ns Workers of Am.*,
  2007 WL 290477, No. 06CV1779 (S.D. Cal. 2007) ................................................ 5

*San Francisco Health Plan v. McKesson Corp.*,
  264 F.R.D. 20 (D. Mass. 2010) .............................................................................. 10

*Swidler & Berlin v. United States*,
  524 U.S. 399 (1998) .................................................................................................. 1

*U.S. v. Chen*,
  99 F.3d 1495 ............................................................................................................. 6

*Upjohn v. United States*,
  449 U.S. 383 (1981) .................................................................................................. 6

-ii-
PLAINTIFFS' CORRECTED OPPOSITION RE PURPORTED IMPROPER DEPOSITION OBJECTIONS

**STATE CASES**

*Rifkind v. Superior Court,*
   22 Cal.App.4th 1255, 27 Cal.Rptr.2d 822 (1994) ......................................................... 7

**FEDERAL STATUTES**

28 U.S.C. § 1927 ................................................................................................................ 13

**STATE STATUTES**

Bus. & Prof. Code 6068 ...................................................................................................... 4

**RULES**

Fed.R.Civ.P. 30(d)(3) ......................................................................................................... 13

**INTRODUCTION**

The attorney-client privilege is "one of the oldest privileges for confidential communications." *Swidler & Berlin v. United States,* 524 U.S. 399, 403 (1998). At Plaintiffs' depositions and in its papers before this Court, CBS Interactive, Inc. ("CBSI"), seeks to define that privilege in such a way as to render it virtually meaningless. CBSI complains that Plaintiffs' counsel objected to questions designed to illicit statements made to Plaintiffs by their counsel, statements that are clearly within the ambit of the privilege. Those objections – and the related instructions – were proper and should not be disturbed.

Plaintiffs' counsel also stated proper objections to CBSI's improper and harassing questions. Those repetitive questions related to Plaintiffs' knowledge of technical and legal aspects of their case against CBSI, subjects of which Plaintiffs have little or no independent knowledge. CBSI is, however, not content with establishing that Plaintiffs have no independent personal knowledge on these topics, insists on attempting to force Plaintiffs into divulging the contents of their privileged conversations with counsel.

To the extent Plaintiffs' counsel made remarks on the record, those remarks were only as much as required to preserve the privilege in light of CBSI's improper and harassing questions, while at the same time *allowing* Plaintiffs to testify to their personal knowledge. Plaintiffs did that. CBSI's assertion that it cannot "meaningfully depose" the plaintiffs about their ownership of copyrights, damages, or direct infringement is absurd and untrue. Plaintiffs have provided lengthy testimony on based upon their own independent knowledge, which is all they are required to do. No amount of repetitive, harassing questions can require a waiver of the attorney-client privilege. CBSI's motion should be denied in its entirety.

## FACTUAL BACKGROUND

### The Depositions

CBSI sought leave of the court, via motion to compel, to depose more than the standard 10 individuals per side. Now it comes to the court seeking to impose fees and costs on Plaintiffs for *an offer it made* to travel to New York for some of these depositions, because its counsel could not conduct ask effective proper questions at these depositions. After moving to compel multiple times to obtain discovery responses to numerous written discovery requests, CBSI's counsel sought to consume deposition time attempting to walk each Plaintiff line-by-line through the complaint and Plaintiffs' discovery responses. That in spite of CBSI's knowledge, *because of Plaintiffs' repeated admissions* and interrogatory responses, that Plaintiffs did not have the required independent legal understanding of the import of any facts CBSI sought discovery on. *See, e.g.,* Anstett Decl. Exs. A (third supplemental interrogatory responses at Nos. 6, 9); E (RFA responses).

At all times, Plaintiffs allowed witnesses to testify to facts about when they could do so from their own personal knowledge independent of conversations with their attorneys. *See, e.g.,* Anstett Decl. Ex. H (Daryl Gibson Tr. at 92:24-93:8; 121:25-122:14; 100:15-101:8; 92:24-93:8); Ex. F (McCleese Tr. 78:18-79:16; 81:18-82:18). Where plaintiffs could not testify from personal knowledge, they often clearly and directly admitted to having no personal knowledge from which to testify. Anstett Decl. Ex. F (McCleese Tr.109:23-110:3; 108; 4-108:24; 80:13-81:6); Ex. H (Gibson Tr. at 95:17-96:8). Plaintiffs' counsels' instructions *uniformly* and unambiguously instructed witnesses that they could and should provide testimony based on independent, non-privileged personal knowledge. Anstett Decl. Ex. H (Gibson Tr. 130:11-21; 121:2-9; Anstett Decl. Ex. F at (McCleese Tr. 78:25-79:1; 79:8-16). Included in that non-privileged personal knowledge would be information related to when a particular plaintiff learned a fact. To the extent CBSI

contends the *timing* of a witnesses acquiring certain information is relevant to an issue in the case, CBSI may ask the simple and direct question: "when did you learn x?"

When asked relevant, direct questions that did not invade the privilege about, for example, their ownership of copyrights, Plaintiffs provided responses based on their own knowledge. *See, e.g.,* Darryl Gibson Tr. at 51:20-52:10; 81:7-81:24; 104:10-104:16; 128:7-128:16; Anstett Ex. F (McCleese Tr. at 18:20-19:4). CBSI has not cited a single portion of a transcript where it either failed to receive a substantive response to a key issue in the case like copyright ownership based upon a privilege instruction or failed to determine that the witness possessed no non-privileged information relevant to the topic. The number of privilege instructions issued during the depositions resulted directly from CBSI's tactic of asking repetitive questions based on interrogatories, RFAs, and allegations in the First Amended Complaint of which CBSI <u>knew</u> Plaintiffs had no independent knowledge.

CBSI's "Emergency" Motion

CBSI has known about and objected to the allegedly improper assertions of privilege since May 29, 2013, when Plaintiffs asserted those objections during the deposition of Plaintiff Jalil Hutchins. Plaintiffs again asserted the same objections during the deposition of Douglas Davis on May 30, 2013. CBSI took issue with those objections on the record at the time, and subsequently wrote Plaintiffs a letter concerning those objections. At all times, Plaintiffs believed the assertions of privilege and related instructions were appropriate. Plaintiffs neither responded to CBSI's letter nor provided <u>any</u> reason for CBSI to believe that Plaintiffs would not continue to interpose these objections. Nevertheless, on July 26, 2013, CBSI requested emergency relief from this Court. The Court granted CBSI's request for an expedited hearing, over Plaintiffs' objection. Because CBSI's motion seeks to

- 3 -
PLAINTIFFS' CORRECTED OPPOSITION RE PURPORTED IMPROPER DEPOSITION OBJECTIONS

disregard the attorney-client privilege and subject Plaintiffs to further harassment, the Court should not grant CBSI the relief it seeks.

## ARGUMENT

### I. Plaintiffs' Counsel Properly Preserved Plaintiffs' Privileges

#### A. Plaintiffs' Objections and Instructions Were Limited to Privileged Material

Counsel's obligation to preserve the attorney-client privilege vigilantly is paramount. "An attorney has the duty to preserve the confidences of the client *at every peril to himself* and to assert the privilege for the client even after the attorney-client relationship ends." *In re Rindlisbacher*, 225 B.R. 180, 184 (B.A.P. 9th Cir. 1998); Calif. Bus. & Prof. Code 6068. Plaintiffs' attorneys were merely living up to that duty in the conduct of the depositions at issue.

CBSI's lengthy motion and deposition excerpts make clear that counsel's objections were *not* in fact an attempt to prevent witnesses from disclosing any underlying factual knowledge that they had. They repeatedly told the witness to reveal any underlying factual knowledge that they possessed. Contrary to CBSI's claim that Plaintiffs attempted to prevent the disclosure of underlying facts, Plaintiffs provided the underlying facts, as organized and with their legal import in the discovery responses CBSI sought to walk Plaintiffs through. Plaintiffs did not try to obstruct CBSI's discovery of the facts underlying this case; they sought only to preserve their privileges with counsel.

The order sought by CBSI reveals the improper nature of its questioning, *particularly* in light of the well-known lack of sophistication of Plaintiffs. It claims to "seek the factual basis of their claims that (1) they own copyrights in the works they assert in this action; (2) third parties have directly infringed those works; (3) CBSI has induced direct infringement; and (4) Plaintiffs have been harmed." As an initial matter, Plaintiffs have provided detailed documentation and interrogatory

responses reflecting their copyrights in their claimed music.  Further, had CBSI merely asked, "What copyright claims or interests do you have in your works," a plain English question, plaintiffs would have been allowed to answer whatever they know.  CBSI also chooses to ignore the reality that many music artists do not maintain their own copyright records or handle their own copyright registrations or prosecutions, hence many plaintiffs will not have personal knowledge even of such basic questions.  Lastly, it is clear that the order is seeking the marriage of the underlying facts with the legal issues and conclusions at issue in the case, something plaintiffs cannot be expected to know.

      CBSI cites inapposite cases.  CBSI has cited no case for the proposition that facts communicated to litigants solely by their counsel are not ordinarily within the core of the attorney-client privilege.  The unpublished Southern District of California case that is CBSI's primary cite for this dubious proposition, *Pastrana v. Local 9509 Comme'ns Workers of Am.*, 2007 WL 290477, No. 06CV1779 (S.D. Cal. 2007) does not stand for that proposition.  In that case, defendant wanted to depose plaintiff's counsel concerning a telephone conversation plaintiff's counsel had with a representative of the defendant union <u>and</u> plaintiff.  In other words, the communication at issue did not implicate the attorney-client privilege because the conversation at issue involved a third party (a representative of the defendant!).  The discovery sought did not involve facts communicated by the attorney to the client in confidence, but facts disclosed to the attorney and his client by the defendant.  Further, that case did not involve a motion to compel testimony from a client about facts learned exclusively about an attorney, but rather concerned a motion to compel the deposition testimony of the attorney.  The string of cases cited by CBSI for the proposition that a witness's personal knowledge is not privileged has no bearing on the present case, because the questions at issue here involve issues on which the witnesses have no independent, personal knowledge.  *See*, *e.g.*, *Upjohn v. United*

*States*, 449 U.S. 383, 395 (1981). Even if it were true that bare facts from third parties communicated to clients were not privileged, here the facts upon which CBSI has questioned undoubtedly also implicate aspects of counsels' legal advice to plaintiffs about their claims against CBSI. The attorney-client privilege "protects confidential disclosures made by a client to an attorney to obtain legal advice … as well as an attorney's advice in response to such disclosures." *U.S. v. Chen*, 99 F.3d 1495, 1501 ("the attorney-client privilege the attorney-client privilege applies to communications between lawyers and clients when the lawyers act in a counseling and planning role, as well as when lawyers represent their clients in litigation"). Here, counsel's legal advice and litigation-strategy are inextricably bound up with the facts communicated to its clients.

The record set forth in CBSI's motion does not reveal misconduct, but rather Plaintiffs' counsel living up to their duty to protect the attorney client privilege. CBSI has tried three times now to invade Plaintiffs' attorney client and work product privileges and these baseless attempts are improper and in bad faith.

### B. CBSI Propounded Improper Questions

CBSI's counsel sought to obtain legal conclusions from Plaintiffs while knowing full well that they were not sophisticated litigants familiar with the ins and outs of copyright laws. This is improper.

> The mere inability to identify any facts in support of one's position is not tantamount to an admission that no such facts exist. Fact witnesses who have no legal training cannot be expected to understand what facts support a specific legal position. It is for this reason that courts have held deposition questions seeking facts to support legal contentions to be improper. *See, e.g., Rifkind v. Superior Court,* 22 Cal.App.4th 1255, 1262, 27 Cal.Rptr.2d 822 (1994); *Lance, Inc. v. Ginsburg,* 32 F.R.D. 51, 53 (E.D.Pa.1962). It is common sense that lay

>witnesses do not understand legal issues to the extent necessary to answer such legal contention questions.

*In re Mirant Corp.*, 03-46590 DML, 2005 WL 6443618 (Bankr. N.D. Tex. Nov. 22, 2005). *See also*, *Rifkind v. Superior Court*, 22 Cal. App. 4th 1255, 1262 (1994). ("[legal contention questions'] basic vice when used at a deposition is that they are unfair. They call upon the deponent to sort out the factual material in the case according to specific legal contentions, and to do this by memory and on the spot. There is no legitimate reason to put the deponent to that exercise. If the deposing party wants to know facts, it can ask for facts; if it wants to know what the adverse party is contending, or how it rationalizes the facts as supporting a contention, it may ask that question in an interrogatory."). CBSI asked precisely the kinds of improper questions the case law envisioned. The objections were proper.

     CBSI's discovery requests were wordy, complicated and frequently called for legal interpretation of the facts of the case. *See*, *e.g.*, Interrogatory No. 7, ("Separately for each of Your Works identified in Your response to Interrogatory No. 6, state each date on which you objected to or provided notice of this infringement to (1) the person committing the alleged direct infringement, (2) each publisher of the P2P Software used in the alleged infringement, and (3) any other person, including without limitation CBSI, and provide all facts regarding such objection or notice of infringement" – requiring Plaintiffs to understand the phrases direct infringement, notice of infringement, P2P software, and to understand the import that people illegally downloading their songs through LimeWire and other P2P networks constituted copyright infringement); *see, e.g.*, Request for Admission No. 15: ("Admit that YOU were aware of copyright infringement of YOUR WORKS by means of P2P SOFTWARE prior to November 14, 2008," requiring Plaintiffs to understand that copyright infringement had occurred via P2P software), and Request for Admission No. 16 ("Admit that YOU were not aware of your

1  claims against DEFENDANT prior to November 8, 2010.")  Obtaining the final
2  responses to these interrogatories required discussions with counsel to explain what
3  these interrogatories meant, after which, the *underlying factual knowledge* was set
4  forth in the responses.  CBSI's attempt to "trap" plaintiffs by reading back legalese
5  discovery responses to them was highly improper.  Ms. Simon's questioning, cited
6  in CBSI's brief, is a perfect example of this:  "Q. Then there's a statement from line
7  21 to 22 that says respond as follows. And then plaintiffs' response starting at line
8  23 is plaintiffs direct CBS to the November 14, 2011 and July 2, 2012 forms AO
9  121 report on the filing or determination of an action, et cetera. Is that an accurate
10 answer to the interrogatory?"  *See* CBSI Mot. at 4, citing Simon Decl. Ex. G.   It is
11 not reasonable to expect unsophisticated plaintiffs to know what a form AO-120 is.
12 If CBSI wanted to know about which of any given *plaintiff's* works were at issue, it
13 needed simply ask about those songs, even if those questions were based on the
14 songs listed in interrogatory 1.
15       The same is true of the RFA example provided in CBSI's brief, "to page 6,
16 request for admission number 3, that's lines 18 to 20. A. (The witness reviews the
17 document.)  Q. Is that statement true?"  *See* CBSI Mot. At 3, citing Simon Decl. Ex.
18 E (McCleese).  Request for Admission No. 3 states:  "Admit that you do not know
19 the date(s) on which occurred the act(s) of direct infringement of your works for
20 which you allege Defendant is liable."  Though this phrasing borders on a foreign
21 language even for sophisticated litigants, if CBSI wanted to know whether the
22 Plaintiffs knew specific dates of any illegal downloads using CBSI provided
23 software that was caused by CBSI's behavior, it should have asked as much, not
24 demanding Plaintiffs to determine whether infringement occurred, or whether CBSI
25 would be liable and how.  Not satisfied with the voluminous written discovery it has
26 propounded on plaintiffs, CBSI now seeks to harass and intimidate the plaintiffs
27
28

- 8 -
PLAINTIFFS' CORRECTED OPPOSITION RE PURPORTED IMPROPER DEPOSITION OBJECTIONS

during their depositions.[1]  This should not be tolerated and Plaintiffs' counsel was right to interpose objections to these questions.

## II. **Plaintiffs Will Agree to a Mutual Stipulation Regarding Speaking Objections**

Plaintiffs' counsels' objections were proper invocations of the privilege, instructions not to disclose privileged communications and conversely, *to* disclose any personal knowledge that a witness may have.  Counsel's objections were "stated concisely in a nonargumentative and nonsuggestive manner."  The length of some objections was necessitated by CBSI's counsel's harassing repeated questions, calling for legal conclusions and asking about discovery documents and admissions that were entirely in legalese.  When CBSI asked proper factual questions, Plantiffs were allowed to answer without instance as set forth in Plaintiffs' factual background, above.

Furthermore, though CBSI had agreed to limit the depositions of multiple plaintiffs to three or four hours each (accomplishing two a day), they failed to abide by that agreement (a proposal made to justify its request for more than 10 depositions) in the case of Oran Juice Jones, deposing him for over four and half hours.  Plaintiffs' counsel allowed this deposition to continue unobstructed.  Any claims CBSI makes about being denied its time with Plaintiffs is meritless.

---

[1] CBSI also misrepresented, both in deposition questions and in its current papers, the contents of the verification, which were discussed in front of this court at the June 11 hearing.  The verification provides certification that the information *provided by that individual plaintiff* was true or that plaintiffs believed counsel's answers to be true on information and belief.  The verification states in relevant part, "The responses contained therein which specifically reference me are true of my own knowledge, except as to the matters which are therein stated on information and belief, such as general answers provided by counsel, and as to those matters, I believe them to be true."  *See* Anstett Decl. Ex. C.

Plaintiffs find it highly ironic that CBSI would come to the court complaining of speaking objections and instructions not to answer in light of its own highly improper and obstructive deposition behavior in this case.

That CBSI seeks to chastise Plaintiffs for their proper instructions on this record strains belief. That said, Plaintiffs are amenable to the Court restricting both parties to objections to form and instructions not to answer and providing a remedy for behavior in violation of that order that allows for conferences with chambers. Plaintiffs would welcome a clear remedy to CBSI's counsel's grossly obstructive conduct.

### III. Plaintiffs and Their Counsel Should Not Have to Pay Defendants' Fees and Costs Incurred in Bringing This Motion

CBSI sought leave of the court, via motion to compel, to depose more than the standard 10 individuals per side. Now it comes to the court seeking to impose fees and costs on Plaintiffs for its offer to travel to New York for some of these depositions. In doing so, CBSI ignores federal case law that would have imposed full costs on CBSI for any depositions beyond the ten to which it was entitled by rule: *San Francisco Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010) (Permission to depose 9 witnesses in response to request for 11, granted on condition that defendant would pay the reasonable costs incurred by plaintiffs for any additional depositions beyond the first 5, including counsel's travel and preparation time and cost of a transcript). After suggesting it should be compensated for the extra depositions it sought leave to take, it now suggests that Plaintiffs should be penalized by being subject to additional deposition time and paying fees and costs associated with this motion. Both are incorrect.

First, the additional deposition time which CBSI claims is mandatory is only a "mandatory remedy" when required to fairly examine the deponent or if the "deponent, another person, or any other circumstance impedes or delays the

examination." CBSI has failed to establish such delay or impediment. Had counsel asked proper questions, seeking non-privileged information, the witnesses would have been allowed to answer. Even when they asked *improper* questions, counsel directed them to answer with any personal information they might have (even though CBSI's counsel knew, from interrogatory responses, that these witnesses had no such personal information and they continued to harass them nonetheless). Depositions were not terminated on the basis of time limitations and CBSI voluntarily sought to adjourn them. The privilege objections and instructions were well-founded and not excessive. CBSI's counsel could have continued the deposition and attempted to ask proper questions, but she chose not to. That is not Plaintiffs' or Plaintiffs' counsel's fault.

CBSI cites *Enns Pontiac, Buick & GMC Truck v. Flores*, No. 1:07-cv-01043 OWW DLB, 2011 U.S. Dist. LEXIS 77113, at \*16–\*17 (E.D. Cal. 2011) claiming that it is a case in which the court *permitted* redeposition after defense counsel improperly asserted privilege and instructed witness not to answer. *Enns Pontiac* is distinguishable from the present situation in that there, counsel instructed the designated *person most knowledgeable* witness not to answer foundational questions such as whether or not the expert witness wrote certain portions of the report, as well as asserting improper privilege for documents already in the public record. However, even if the facts were not distinguishable, *Enns* does not stand for the proposition that courts should permit redeposition in light of improper objections. To the contrary, the motion for redeposition and fees were both *denied* in the *Enns Pontiac* case:

> *To the extent Plaintiffs seek further questioning of Mr. Fink to ascertain information beyond the opinions stated in the Site Assessment Report, they may not do so.* As discussed at the hearing, Plaintiffs are entitled to discover the underlying data utilized by Mr. Fink, but any questioning should be

- 11 -
PLAINTIFFS' CORRECTED OPPOSITION RE PURPORTED IMPROPER DEPOSITION OBJECTIONS

> limited to what was stated in the report. Plaintiffs are not permitted to use Pearce's environmental consultant as an expert witness against Pearce. Insofar as Plaintiffs seek further questioning of Mr. Fink to ascertain why Kleinfelder was replaced by Salem Engineering, Pearce provided Plaintiffs with an explanation at the hearing. Given the explanation, any such questions to Mr. Fink would be duplicative.
>
> *Based on the above, Plaintiffs' request for fees and costs associated with bringing the motion to compel and in re-deposing Mr. Fink at defendant's expense is DENIED.* Federal Rule of Civil Procedure 30(d) permits a court to impose an appropriate sanction, including the reasonable expenses and attorney's fees incurred by any party, on "a person who impedes, delays, or frustrates the fair examination of a deponent." Fed. R. Civ. P. 30(d)(2). Courts have awarded fees and costs associated with a motion to compel and imposed re-deposition costs where defense counsel was unjustified in instructing a deponent not to answer. *See, e.g., Humphreys v. Regents of University of California*, 2006 U.S. Dist. LEXIS 20148, 2006 WL 1140907 (N.D. Cal. Apr. 3, 2006). In this case, the instructions not to answer were, at least in part, justified as an attempt to protect a privilege.

*Enns Pontiac*, 2011 U.S. Dist. LEXIS 77113, at *16–*18 (emphasis added). There, the court noted that instructions to answer were justified "at least in part" not even completely, to protect a privilege. The court *refused* to award either additional deposition time *or* fees to counsel. The same result should issue here. Here counsels' objections were clearly to protect the attorney client privilege and in light of testimony that the witnesses admitted they had no personal knowledge.

CBSI wholly ignores federal case law that even in situations where counsel's conduct was "improper and unbecoming," which Plaintiffs vehemently dispute here, "Under 28 U.S.C. § 1927, an award of sanctions is appropriate when the offending attorney essentially destroys a deposition through excessive groundless objections or lengthy personal attacks on his or her adversary. Fed.R.Civ.P. 30(d)(3) provides that

- 12 -
PLAINTIFFS' CORRECTED OPPOSITION RE PURPORTED IMPROPER DEPOSITION OBJECTIONS

an award of sanctions is appropriate if the court finds that any impediment, delay, or other conduct has frustrated the fair examination of the deponent." *Cameron Indus., Inc. v. Mothers Work, Inc.*, 06CIV.1999(BSJ)(HBP), 2007 WL 1649856 (S.D.N.Y. June 6, 2007) (internal quotations omitted) (denying motion for sanctions despite counsel's volunteering of information to the witness, unnecessary and suggestive speaking objections, contradiction of the witness's testimony and improper instructions not to answer). CBSI instead cites case law awarding monetary sanctions for failures to appear in depositions, which is not at issue in this motion and therefore inapposite. The one case they do cite which actually relates to deposition objections is also distinguishable from the present case. In *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-cv-01086-AWI-SMS, 2009 U.S. Dist. LEXIS 111569 (E.D. Cal. Nov. 17, 2009), *hundreds* of objections were lodged by Plaintiff's counsel, many which were *without legal basis* or were unnecessary because less obstructive methods for preserving a challenge were clearly available. The Court was particularly concerned with the frequency of the interruptions and the defensiveness of Plaintiff's counsel. The Court found that Plaintiff's counsel engaged in repeated, unnecessary objections that slowed the progress of the examination, impeded the flow of information from the witness, and unnecessarily prolonged the proceedings. In the current case, in contrast, Plaintiffs' counsel has asserted objections that are legally valid given the protection of attorney-client privilege. If anything, Defendant's counsel has unnecessarily prolonged the depositions and harassed plaintiffs by continuing to ask questions that have already been covered in interrogatories and requests for admission of documents or which plaintiffs have made clear they do not have independent knowledge about. CBSI's eagerness to file motions at every turn in an attempt to run up legal fees and unnecessarily burden Plaintiffs in this case should not be rewarded with an unjustified award of fees. They are not called for on this record and would not be

justified in any way.  Furthermore, CBSI's counsel should be the counsel limited to objections citing Federal Rules only in light of Mr. Pulgram's egregious deposition conduct.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny CBSI's motion in its entirety.

DATED: August 1, 2013                    BAKER MARQUART LLP


                                         By:  /s/ Ryan G. Baker
                                             Ryan G. Baker
                                             Counsel for Plaintiffs