LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CBS INTERACTIVE INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SUGAR HILL MUSIC, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>CBS INTERACTIVE INC.,<br><br>  Defendant. | Case No. 2:11-cv-09437-DSF-JC<br><br>**DEFENDANT CBS INTERACTIVE INC.'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO SHORTEN TIME TO HEAR PLAINTIFFS' MOTION TO COMPEL**<br><br><u>**DISCOVERY MATTER**</u><br><br>Hearing:  *Ex Parte*<br>Time:  *Ex Parte*<br>Courtroom:  20<br>Judge:  Hon. Jacqueline Chooljian |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 2

    A.    The Longstanding Scheduling Order and Discovery Cut-Off ............... 2

    B.    Plaintiffs' Present *Ex Parte* Application to Shorten Time to Hear Plaintiffs' Motion to Compel ................................................................ 3

    C.    CBSI's Diligent Production Throughout Discovery ............................. 5

ARGUMENT ........................................................................................................... 5

I.    PLAINTIFFS IMPROPERLY SEEK RECONSIDERATION OF THE COURT'S AUGUST 2, 2013 RULING. ...................................................... 5

II.    EX PARTE RELIEF IS EXTRAORDINARY AND RARELY GRANTED. 6

III.    PLAINTIFF HAS SHOWN NO GOOD CAUSE FOR SHORTENING TIME FOR A HEARING BEFORE THE DISCOVERY CUT-OFF. ....................... 9

    A.    Allowing an early hearing on Plaintiffs' untimely motion to compel would prejudice CBSI and unduly burden the Court ........................... 10

    B.    If the Court entertains Plaintiffs' motion, it should not be heard until the noticed date, September 3, 2013. ................................................. 11

CONCLUSION ...................................................................................................... 11

OPPOSITION TO PLAINTIFFS' *EX PARTE* REQUEST FOR SHORTENED TIME TO HEAR MOTION TO COMPEL      i      CASE NO. 2:11-CV-09437-DSF-JC

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Sulfuric Acid Antitrust Litig.*,
   230 F.R.D. 527 (N.D. Ill. 2005) ................................................................... 8, 10

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ............................................................................ 6

*Mission Power Eng'g Co. v. Continental Casualty Co.*,
   883 F. Supp. 488 (C.D. Cal. 1995) ................................................................... 6

*Patriot Rail Corp. v. Sierra R.R. Co.*,
   No. 09-00009, 2011 U.S. Dist. LEXIS 83999 (E.D. Cal. Aug. 1, 2011) ............. 9

**RULES**

L.R. 7-18 ..................................................................................................................5

L.R. 37-2.2 ....................................................................................................... 3, 4, 11

L.R. 37-2.3 ............................................................................................................. 11

L.R. 37-3 ......................................................................................................... 4, 7, 8

OPPOSITION TO PLAINTIFFS' *EX PARTE* REQUEST FOR SHORTENED TIME TO HEAR MOTION TO COMPEL    ii    CASE NO. 2:11-CV-09437-DSF-JC

# INTRODUCTION

In their second *ex parte* application in just over a week, Plaintiffs once again inappropriately ask the Court to excuse their untimely failure to do what they could have done within the discovery period, had they chosen to follow the long-established Scheduling Order (Dkt. No. 39). Worse, they ask the Court for some of the same relief that the Court, just last Friday, declined to grant. *See* Dkt. No. 119 [Minutes of August 2, 2013 Status Conference]. In their previous *ex parte* application, Plaintiffs sought an eight-week extension of the Discovery Cut-Off (Dkt. No. 102, at 1:5–6), in part because Plaintiffs "intend[ed] to file a discovery motion" (Dkt. No. 102-1, at 3:3). Plaintiffs concede that their motion to compel was one of the bases for their previous *ex parte* application. Dkt. No. 127, at 4:18–22. During the August 2, 2013 hearing at which she denied Plaintiffs' previous *ex parte* application, Magistrate Judge Chooljian asked Plaintiffs' counsel:

> you're only now seeking to compel it [discovery responses] at the very tail end of the discovery period? That's—that may well be, but we're now at the end of the discovery cutoff . . . . why isn't this a problem of your own making?

Dkt. No. 120 [Transcript of August 2, 2013 hearing], at 27:16–23.

Undeterred, Plaintiffs now seek reconsideration when there has been no material change in circumstances that justifies such reconsideration. Tellingly, in the Joint Stipulation, Plaintiffs admit that counsel for the parties met and conferred long before now—"on multiple occasions" between April and June 2013 (Dkt. No. 126, at i:5–9)—effectively conceding that having waited until too late to move to compel truly is a problem of Plaintiffs' own making. Although Plaintiffs blame their calendaring clerk for their months-long delay, filing their motion a day or two earlier would still have violated the Scheduling Order, which clearly states that "[a]ny motion challenging the adequacy of discovery responses must be filed, served, and calendared **sufficiently in advance of the discovery cut-off date to**

**permit the responses to be obtained before that date**, if the motion is granted." Dkt. No. 39 § II.B.3 (emphasis added). Plaintiffs' request for their motion to compel to be heard just before the Discovery Cut-off is not "sufficiently in advance," and their clerk cannot be blamed for that consequence. Plaintiffs cannot manufacture a last-minute discovery "crisis" to seek *ex parte* relief. The Court should deny Plaintiffs' present *ex parte* application and not entertain Plaintiffs' untimely motion to compel.[1]

## BACKGROUND

### A. The Longstanding Scheduling Order and Discovery Cut-Off

On August 28, 2012, based on dates proposed by the parties (Dkt. No. 35), the Court issued a Scheduling Order (Dkt. No. 39 [Order re Jury Trial]). Among other things, this Scheduling Order set August 30, 2013 as the "Discovery Cut-off." *Id.* at 1.

Defendant CBS Interactive Inc. ("CBSI") has long relied on the established Discovery Cut-off and heeded the Court's admonition in its Standing Order that "the Court will impose strict deadlines for completion of discovery" and that "[i]nability to complete discovery within the deadlines set at the [scheduling] conference will not constitute grounds for a continuance in the absence of good cause." *See* Standing Order § 4.a. After Plaintiffs shirked their discovery obligations—failing to produce key documents or verified responses to CBSI's interrogatories, and failing to attend numerous scheduled depositions without even the courtesy of prior notice—CBSI moved to compel multiple times[2] early enough

---

[1] If the Court denies Plaintiffs' *ex parte* request to shorten time but wishes to reserve judgment on the Plaintiffs' motion to compel for now, the motion could still be heard on the noticed date, September 3, 2013. An earlier hearing, during the fully-booked week before the Discovery Cut-off, is not practicable for CBSI's counsel. Declaration of Jennifer L. Kelly ("Kelly Decl.") ¶ 9.

[2] The Court granted CBSI's requests for discovery relief on June 11 and August 2, 2013. Dkt. Nos. 72, 119. CBSI also has motions to compel set to be heard on August 13 and August 20, 2013. Dkt. Nos. 79, 97. One of those motions (Dkt.

in the discovery period to ensure that Plaintiffs would have sufficient time to comply.

### B. Plaintiffs' Present *Ex Parte* Application to Shorten Time to Hear Plaintiffs' Motion to Compel

In contrast, beginning in April 2013, Plaintiffs stated numerous times in correspondence and in meet and confer calls that they might move to compel, but they never brought a timely motion. Kelly Decl. ¶ 5. At a June 11, 2013 hearing at which the Court granted CBSI's first motion to compel, the Court clearly indicated that Plaintiffs could move to compel: "if and when you [Plaintiffs] file a motion to compel, that will be pertinent to my analysis" (Dkt. No. 74, at 16:22–24). Instead, after several months, on the morning of July 29, 2013, Plaintiffs' counsel surprised CBSI by stating (in connection with Plaintiffs' *ex parte* request for a discovery extension, which the Court denied on August 2, 2013) that they might want to bring some motions to compel later—which would be untimely under the scheduling order. Kelly Decl. ¶ 5. Plaintiffs inexplicably served a proposed Joint Stipulation about their discovery grievances—for the first time—on July 30, 2013 and did not file it until August 7, 2013. *Id.*; *see also* Dkt. No. 126. But as described below, this Joint Stipulation was untimely under the Scheduling Order.

In its July 31, 2013 opposition to Plaintiffs' then-pending *ex parte* application, CBSI explained that Plaintiffs' Joint Stipulation and motion to compel were untimely. Kelly Decl. ¶ 6; Dkt. No. 106, at 7:14–18, 11:9–12. At the August 2, 2013 status conference, CBSI's counsel reiterated that under the Local Rules' procedure for discovery disputes,[3] it was too late for Plaintiffs to move to

---

No. 79) arises from Plaintiffs' noncompliance with a Court Order granting CBSI's first motion to compel.

[3] The procedure for exchange of portions of the joint stipulation calls for the non-moving party to serve its portion within 7 days after receiving the movant's draft joint stipulation. L.R. 37-2.2. After the moving party compiles those portions in the joint stipulation, "the stipulation shall be provided to opposing counsel, who shall

compel. *Id.* ¶ 7; Dkt. No. 120, at 22. Magistrate Judge Chooljian added, "I thought there was already—the time had passed." *Id.* at 22:8–9. On August 5, 2013, CBSI again communicated to Plaintiffs that their Joint Stipulation and motion to compel were untimely. Kelly Decl. ¶ 8, Exh. A, at 4.

On August 5, 2013, Plaintiffs' counsel responded: "We intend to move this week ex parte to shorten notice on the motion to compel so it can be heard on August 27, 2013, or, in the alternative, to have the motion heard prior to the discovery cut-off or the first Tuesday thereafter." *Id.* Plaintiffs' counsel explained that the "basis is we mis-calendared the due date" but that their motion to compel could theoretically be heard before the Discovery Cut-off. *Id.*

CBSI responded that it would oppose Plaintiffs' unjustified *ex parte* application to the extent that Plaintiffs sought to shoehorn a hearing into the fully-booked last week before the August 30, 2013 Discovery Cut-off. *Id.* ¶ 9. CBSI offered, however, to stipulate that—as Plaintiffs requested—it would not oppose a hearing on the first Tuesday after the Discovery Cut-off (that is, September 3, 2013), on condition that "CBSI will reserve its right to argue untimeliness based on the failure to notice the motion for a regular hearing date in August with enough time left that the Court could order further production within the discovery period."[4] *Id.*, Exh. A, at 2. Plaintiffs declined CBSI's offer to so stipulate. *Id.* Surprised that Plaintiffs refused to stipulate to the September 3, 2013 hearing date

---

sign it . . . and return it . . . no later than the end of the next business day." *Id.* Because Plaintiffs served their draft on July 30, Plaintiffs could file the joint stipulation on or after August 7, 2013. Under Local Rule 37-3, the joint stipulation must be filed not fewer than 21 days before the hearing, so September 3 would be the soonest that Magistrate Judge Chooljian (who hers motions on Tuesdays) could hear Plaintiffs' motion, after the August 30, 2013 Discovery Cut-off.

[4] To be clear, CBSI opposes Plaintiffs' underlying motion to compel, in addition to their present *ex parte* application to hear that motion on shortened time. As CBSI describes in greater detail in the Joint Stipulation (Dkt. No. 126) and accompanying Declaration of Erin Simon (Dkt. No. 126-6), CBSI has appropriately responded to Plaintiffs' written discovery requests and requests for depositions.

that they themselves had proposed on August 5, CBSI instructed Plaintiffs' counsel that if they proceeded to file an *ex parte* application to shorten time for hearing their motion to compel, they should note in the application that

> (1) CBSI does not oppose your request for a September 3 hearing date, but (2) opposes the remainder of your request based on the unavailability of counsel for the earlier requested hearing dates; and (3) reserves its right to argue that the underlying motion should be denied as untimely.

*Id.*, Exh. A, at 1.  On August 8, 2013, Plaintiffs filed the present *ex parte* application to shorten time.  Dkt. No. 127.

### C. CBSI's Diligent Production Throughout Discovery

CBSI has been forthcoming and timely with its production, which was delayed by Plaintiffs' belated approval—after four months—of the protective order and Plaintiffs' belated noticing—and frequent rescheduling at their request—of depositions.  Kelly Decl. ¶ 11.  This history is recounted in the Declaration of Erin Simon that accompanies the Joint Stipulation and is not repeated here.  *See* Dkt. No. 126-6.  CBSI's production of documents is largely complete.  *See* Kelly Decl. ¶¶ 11–14.  Plaintiffs falsely suggest that CBSI has surprised their witnesses with previously unproduced documents, when in fact Plaintiffs appear to simply be unaware of what has been produced.  *Id.* ¶ 12.

## ARGUMENT

### I. PLAINTIFFS IMPROPERLY SEEK RECONSIDERATION OF THE COURT'S AUGUST 2, 2013 RULING.

Under Local Rule 7-18, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  Plaintiffs do not dispute that their motion to compel was one of the bases for their previous *ex parte* application heard and denied on August 2,

1  2013. Dkt. No. 127, at 4:18–22. Plaintiffs concede that they sought that relief "to
2  obtain the relief requested in Plaintiffs' *present* joint stipulation." *Id.* at 6:14–15
3  (emphasis added). At the hearing, the Magistrate Judge Chooljian specifically
4  discussed Plaintiffs' prospective motion to compel at the hearing, and commented
5  that the late timing appeared, on the record before her, to be "a problem of your
6  own making." Dkt. No. 120, at 27:16–23.
7      Yet Plaintiffs repeat the same arguments, based on the alleged timing of
8  CBSI's production of documents and supplementation of discovery responses, that
9  they made at the August 2, 2013 hearing regarding the need for a motion to compel.
10 *Compare* Dkt. No. 120, at 27:11–23 ("they are still producing, and they still have
11 not completed production") *with* Dkt. No. 127, at 4:25–26 ("CBSI continues to
12 produce documents and supplement its discovery responses to the present day.") In
13 fact, CBSI's production is largely complete. *See* Kelly Decl. ¶¶ 11–14. But in any
14 event, there are no material changes in circumstances since the Court denied
15 Plaintiffs' previous *ex parte* application, which like the present *ex parte* application
16 sought to allow Plaintiffs to have an untimely motion to compel heard.
17 Accordingly, the Court should deny Plaintiffs' latest attempt to flout the long
18 established deadlines in this case.

19 **II.  EX PARTE RELIEF IS EXTRAORDINARY AND RARELY**
20       **GRANTED.**

21     The Court's Standing Order makes clear that "[e]x parte applications are
22 solely for extraordinary relief and are rarely justified." *Id.* ¶ 11 (citing *Mission
23 Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995)).
24     As to discovery, the Court has "impose[d] strict deadlines for completion of
25 discovery." Standing Order ¶ 4.a; *see also Johnson v. Mammoth Recreations, Inc.*,
26 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would
27 undermine the court's ability to control its docket, disrupt the agreed-upon course
28 of the litigation, and reward the indolent and the cavalier."). One of those strict

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

deadlines is that "[a]ny motion challenging the adequacy of discovery responses must be filed, served, and calendared **sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted**." Dkt. No. 39 § II.B.3 (emphasis added).  Further, the Local Rules provide that a discovery

> motion may be noticed to be heard on the particular judge's regular Motion Day which shall be not earlier than twenty-one (21) days after the filing of the motion. Unless the Court in its discretion otherwise allows, no discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.

L.R. 37-3; *see also* Dkt. No. 39 § II.B.2 ("Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery").

Knowing that the Standing Order states that the Discovery Cut-off is a "strict" deadline for completion of discovery, CBSI relied on and planned for fact discovery ending on August 30, 2013.  CBSI filed motions to compel, with regularly noticed hearing dates as early as June 11, 2013 to ensure that if the motions were granted, CBSI could obtain responses from Plaintiffs before the Discovery Cut-off.  *See supra* n.2.

Because Plaintiffs have repeatedly participated in the joint stipulation process under the Local Rules for discovery disputes, they are clearly familiar with the timing requirements and have been for months.  As early as April 2013, Plaintiffs indicated that they might move to compel.  Kelly Decl. ¶ 5.  They last met and conferred with CBSI's counsel in June 2013.  Based on Magistrate Judge Chooljian's Tuesday hearing dates, the earliest date for Plaintiffs' August 7, 2013 motion to compel to be heard would be September 3, 2013.  *See* L.R. 37-3. Plaintiffs blame their legal staff for a calendaring mistake, but even if Plaintiffs filed their motion a few days earlier and noticed an August 27, 2013 hearing date,

that would violate the Scheduling Order because it is not "sufficiently in advance of the discovery cut-off date" to permit further production if the motion were granted. *See* Dkt. No. 39 § II.B.3.  By the 111-page Joint Stipulation, Plaintiffs seek (among many other things) further responses to thirty requests for production and thirteen interrogatories, as well as an unspecified number of additional depositions without explaining who they would depose or why.  *See* Dkt. No. 126-12.  In addition, Plaintiffs ask that those additional documents and information cover a thirteen-year period and additional search terms beyond those that CBSI agreed to long ago.  *See id.*  The omnibus nature of this laundry list underscores that Plaintiffs have just been saving up a miscellaneous host of discovery grievances that they could have raised much sooner had they been diligent.  *See In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. 527, 534–35 (N.D. Ill. 2005) (denying untimely motion to compel that the plaintiffs filed at the end of the discovery period to "address all these unrelated discovery issues, which occurred weeks and even months apart").  But in any event, Plaintiffs know full well that even if their motion to compel were granted, there would be insufficient time for them to obtain additional discovery responses in the few days between their desired August 27 hearing date and the August 30, 2013 Discovery Cut-off, and their motion is thus untimely under the Scheduling Order.[5]  *See* Dkt. No. 39 § II.B.3.

Blaming their calendaring clerk obscures the fact that Plaintiffs should have brought their motion not just a few days earlier, but months earlier.  Plaintiffs' self-imposed delay in seeking relief from the Court does not excuse their abuse of the *ex parte* process, and their application should be denied as untimely.  *See* L.R. 37-3; *see also In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. at 533 ("if a party has unduly delayed in filing a motion for an order compelling discovery, a court may

---

[5] Tellingly, Plaintiffs' proposed order does not even pretend that compliance within fewer than ten to fourteen days would be reasonable, let alone three.  *See* 126-12, at 1:7:10, 1:20–22, 2:1–2.  Even ten to fourteen days is unrealistically low, given the scope of Plaintiffs' requested relief.

conclude that the motion is untimely."); *Patriot Rail Corp. v. Sierra R.R. Co.*, No. 09-00009, 2011 U.S. Dist. LEXIS 83999, at *7 (E.D. Cal. Aug. 1, 2011) (finding no error in denial of untimely motion to compel that could have been brought six weeks earlier).

Plaintiffs' *ex parte* application and motion to compel are effectively an attempt to keep discovery ongoing beyond the Discovery Cut-off. CBSI has relied on August 30, 2013 being the Discovery Cut-off, with initial expert disclosures due just over a month later.[6] Further, CBSI has relied on the fact that after meeting and conferring over discovery issues that Plaintiffs raised, they sought no timely relief and thus tacitly accepted the scope of CBSI's production. For example, early on in the collection and review of CBSI's documents in April 2013, CBSI made clear which search terms would be applied to electronic documents and what scope of documents CBSI considered responsive to discovery requests. Dkt. No. 126-6 ¶ 13. Since then, in the absence of any motion to compel brought by Plaintiffs, CBSI produced over 40,000 pages after conducting a comprehensive review. Kelly Decl. ¶ 11. If the Court does not treat the Discovery Cut-off as final and instead requires CBSI to redo months of review and production, the cost in additional time from attorneys and CBSI employees would be immense. Plaintiffs' failure to seek relief months ago should not result in a costly and burdensome re-do of discovery.

### III. PLAINTIFF HAS SHOWN NO GOOD CAUSE FOR SHORTENING TIME FOR A HEARING BEFORE THE DISCOVERY CUT-OFF.

Plaintiffs concede that "[i]f the *ex parte* relief were not granted, the Motion would not be able to be heard within the discovery period **as required by Judge Fischer's standing order**." Dkt. No. 127, at 1:17–19 (emphasis added). In other words, the only reason Plaintiffs seek to have their motion heard sometime between August 27 and August 30 is because they belatedly realized that they delayed too

---

[6] Initial expert witness disclosures are due October 11, 2013, with the expert discovery cut-off on December 30, 2013, only three months before the motion hearing cut-off. *See* Dkt. No. 39, at 1.

long in bringing their motion to compel to satisfy the Court's orders.  This is not good cause for excusing the untimeliness of a motion to compel. *See In re Sulfuric Acid Antitrust Litig.*, 230 F.R.D. at 535 (denying untimely motion to compel where "plaintiffs, having delayed too long and planned too little, found themselves out of time, and out of options").

### A. Allowing an early hearing on Plaintiffs' untimely motion to compel would prejudice CBSI and unduly burden the Court.

Moreover, any additional hearing between August 27 and August 30, 2013 would severely harm CBSI's ability to complete discovery before the Discovery Cut-off.  CBSI's counsel is already predisposed on remaining discovery tasks during that time.  Kelly Decl. ¶ 9.  Four of CBSI's outside attorneys are scheduled to be taking, defending, and preparing for at least four depositions during the week of August 26 through August 30, 2013[7].  *Id.*  In addition, other attorneys representing CBSI are scheduled to ensure that any remaining discovery production or updates are served before August 30, 2013, and that CBSI timely responds to the voluminous discovery requests Plaintiffs served by hand on July 31, 2013.[8]  *Id.*  Plaintiffs presumptuously suggest that CBSI can just throw additional "attorney resources" on this case to allow a hearing during that week.  Dkt. No. 127, at n.1.  But in light of the dozens of discovery requests and myriad grievances at issue in the 111-page Joint Stipulation, CBSI's attorneys—much less the attorneys who are most knowledgeable about the issues raised on Plaintiffs' motion—would be unable to fairly represent CBSI at a hearing between August 27 and August 30.  Kelly Decl. ¶ 9.

Furthermore, it is no help to the Court if an arbitrarily shortened time to hear

---

[7] Due to their frequent cancellations and rescheduling, it is possible that one or more of the Plaintiffs will also be deposed on these days.

[8] Responding to Plaintiffs' serial abuse of the *ex parte* process has already forced CBSI attorneys to divert significant attention and time from production of discovery and coordination of witnesses scheduled for deposition.

OPPOSITION TO PLAINTIFFS' *EX PARTE* REQUEST FOR SHORTENED TIME TO HEAR MOTION TO COMPEL   10   CASE NO. 2:11-CV-09437-DSF-JC

Plaintiffs' omnibus motion to compel prevents adequate time and argument for the issues raised. Under the Joint Stipulation process for discovery disputes (L.R. 37-2.2, 37-2.3), the noticed hearing date of September 3, 2013 means that briefing would be completed on August 20, 2013. If the hearing were moved sometime between August 27 and August 30 as Plaintiffs request, the Court would be robbed of necessary time to review the hundreds of pages of briefing, exhibits, and issues. In addition, because of the number of depositions scheduled for that week, it is likely that an August 27 hearing on many of the issues in their motion would be premature, because it would not yet be known from the depositions what remaining information Plaintiffs think they need.

### B. If the Court entertains Plaintiffs' motion, it should not be heard until the noticed date, September 3, 2013.

If the Court does not immediately deny Plaintiffs' motion to compel as untimely, CBSI requests that it be heard on the noticed date, September 3, 2013. As CBSI offered to stipulate prior to Plaintiffs filing the present *ex parte* application, CBSI would not oppose a hearing on that date if the Court were to decide that the motion should be heard at all. Kelly Decl. ¶ 9. Because that date is after the Discovery Cut-off, CBSI's attorneys—including those knowledgeable about the issues raised by Plaintiffs—would be available to appear, and CBSI would not face the same prejudice as if the motion were heard during the last week before the August 30, 2013 Discovery Cut-off.

### CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' *Ex Parte* Application to Shorten Time for Hearing their motion to compel. If the Court decides that Plaintiffs' motion to compel should be heard, CBSI respectfully requests that it be heard no sooner than September 3, 2013.

| | |
|---|---|
| Dated: August 9, 2013 | FENWICK & WEST LLP |
| | By: /s/ Jennifer L. Kelly |
| | Jennifer L. Kelly |
| | Attorneys for Defendant |
| | CBS INTERACTIVE INC. |