BAKER MARQUART LLP
Ryan Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Christian Anstett (Bar No. 240179)
  canstett@bakermarquart.com
Scott M. Malzahn (Bar No. 229204)
  smalzahn@bakermarquart.com
10990 Wilshire Blvd., Fourth Floor
Los Angeles, California 90024
Telephone:  (424) 652-7800
Facsimile:   (424) 652-7850

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR HILL MUSIC, SOLID PRODUCTIONS, STEVEN BATIZ, TONY BELL, DETRON BENDROSS, DERRICK BRAXTON, REGINALD BROOKS, ELIJAH BROWN, HORACE BROWN, OSCAR BROWN, LUTHER CAMPBELL, JONATHAN CARLTON, SOLOMON CONNER, DAYQUAN DAVIS, DOUGLAS DAVIS, KAREEM DAVIS, SOLAMIN DAVIS, EMMANUEL RAMONE DEANDA, DREW CARTER, NACOLBIE EDWARDS, VANCITO EDWARDS, JOHN FLETCHER, WILLIE FINCH, ISAAC FREEMAN, JR., DARRYL GIBSON, JALIL HUTCHINS, EMANON JOHNSON, KEITH JONES, ORAN "JUICE" JONES, TARSHA JONES, NAILAH LAMEES, DANA MCCIEESE, BARRY MOODY, JEFF REDD, QUAME RILEY, ANTHONY ROBINSON, NICHOLAS SANCHEZ, JONATHAN SHINHOSTER, | CASE NO. CV11-9437 DSF (JCx)<br><br>**PLAINTIFFS' BRIEF RE: (1) IMPROPER DEPOSITION OBJECTIONS; AND (2) THE LENGTH AND TIMING OF DEPOSITIONS**<br><br>**<u>DISCOVERY MATTER</u>**<br><br>Hearing:   August 30, 2013<br>Time:       TBD<br>Ctrm:       Courtroom 20, 3rd Floor<br>Judge:      Hon. Jacqueline Chooljian<br><br>Discovery Cutoff:   8/30/2013<br>Pretrial Conference: 5/26/2014<br>Trial:                       6/24/2014 |

-1-
PLAINTIFFS' BRIEF RE: (1) IMPROPER INSTRUCTIONS NOT TO ANSWER; AND (2) THE LENGTH AND TIMING OF DEPOSITIONS

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15 | DIAMOND SMITH, REMINISCE SMITH, GERALD SPENCE, CHRIS STOKES, IRENE STOKES, JUANITA STOKES, WILLIAM TENNYSON AND THE TENNYSON ESTATE, CARL THOMAS, JEFF THOMKINS, RONDELL TURNER, RICKY WALTERS, KEVIN WILLIAMS, YOLANDA WHITAKE, JOSEPH WILLIAMS, RAHEEM WILLIAMS, CASE WOODWARD, ATTRELL AND JARRETT CORDES, MITCHELL GRAHAM<br><br>            Plaintiffs,<br><br>      vs.<br><br>CBS INTERACTIVE INC., CNET NETWORKS, INC.<br><br>            Defendants. |

-2-
PLAINTIFFS' BRIEF RE: (1) IMPROPER INSTRUCTIONS NOT TO ANSWER; AND (2) THE LENGTH AND TIMING OF DEPOSITIONS

## I. INTRODUCTION

Plaintiffs bring this discovery motion on an expedited basis.

In several recent depositions, CBSI has repeatedly instructed its witnesses to not answer important questions concerning their use of P2P software based on unfounded relevance and privacy and objections. It therefore has frustrated Plaintiffs' ability to develop persuasive evidence that is expected to show that CNET's reporters and editors themselves use P2P software to illegally download copyrighted material, and encourage and condone others to do the same by writing reviews of P2P software based on the common uses of that software.

CBSI also has refused to produce two different witnesses for deposition, unless Plaintiffs agree to artificially limit the length of those depositions. Specifically, it has insisted that Greg Sandoval, a former reporter for CNET who wrote many of the reviews of P2P software at issue in this case, is only available for a total of three hours of deposition time. It also has refused to re-produce another witness, Mark Larkin, for more than one additional hour of deposition even though CBSI belatedly produced hundreds of pages of documents from his files that should have been produced before his initial deposition.

## II. DISCOVERY DISPUTES

### A. This Court Should Overrule CBSI's Improper Instructions Not To Answer And Re-Open The Depositions Of Seth Rosenblatt and Molly Wood

In several recent depositions, CBSI has repeatedly instructed its witnesses to not answer important questions concerning their use of P2P software based on unfounded relevance and privacy and objections. This Court should overrule these objections and instructions not to answer, and order CBSI to re-produce these witnesses for an additional hour of deposition time (in addition to any other remaining time left on the record).

1  First, Plaintiffs deposed CBSI employee Seth Rosenblatt on July 9, 2013. Anstett Decl. at ¶ 3.  CBSI has designated this entire transcript Highly Confidential – Attorneys' Eyes Only.  During the deposition, CBSI's counsel, Laurence Pulgram, repeatedly and egregiously wasted Plaintiffs' limited 7 hours on the record by giving long, improper speaking objections which culminated in repeated improper instructions to Mr. Rosenblatt not to answer questions about his own P2P software use and downloading on the basis of privacy, harassment, and relevance objections. *See* Anstett Decl., Exhibit 3.  The law is clear that the only proper instruction not to answer is based on the attorney-client privilege.  "Except as stated, it is generally improper for counsel at a deposition to instruct a deponent not to answer a question and doing so may warrant sanctions. *Boyd v. University of Maryland Med. System*, 173 F.R.D. 143, 147 (D. Md. 1997) (instruction not to answer is "presumptively improper"; *Cobell v. Norton*, 213 F.R.D. 16, 27 (D. D.C. 2003) (alleged "harassment" not a proper ground for instructing witness not to answer questions). "Rule 30(d)(1) of the Federal Rules of Civil Procedure provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." FED.R.CIV.P. 30(d)(1) (emphasis added)." *Schmidt v. Levi Strauss & Co.*, Dist. Court, ND California 2006, No. C04-01026 RMW (HRL).  Mr. Anstett more than adequately laid a foundation for the relevance of the specific line of questioning (not even required under the broad discovery rules) and it was not harassing.  CBSI employed Mr. Rosenblatt during the relevant time period to review P2P software and make videos and recommendations as to which software was worth using.  Mr. Rosenblatt's personal opinions and behaviors clearly would have informed his writing.  Mr. Pulgram was clearly seeking to waste Plaintiffs' seven hours and deny Plaintiffs discovery to which they are clearly entitled, and Plaintiffs' counsel informed him of the improper nature of his instructions.  Both parties made

it clear on the record that the discussion at the deposition sufficed for a meet and confer on the issue such that Plaintiffs could and would bring a motion to reopen Mr. Rosenblatt's deposition to allow questioning on this issue and seeking an extra hour of deposition time in addition to the remaining time reserved on the record to make up for Mr. Pulgram's egregious, specious, time wasting speaking objections and instructions. Plaintiffs request that the Court grant their request for an additional hour of time with Mr. Rosenblatt and prevent CBSI's counsel from improperly instructing the witness not to answer on relevance or privacy grounds.

Second, Plaintiffs deposed CBSI employee Molly Wood on August 15, 2013. Anstett Decl., ¶ 4.  As occurred in the Rosenblatt deposition, CBSI's counsel repeatedly instructed Ms. Wood not to answer questions about her own P2P software use and downloading on the basis of privacy, harassment, and relevance objections.  *See* Anstett Decl., Ex. 2.  Ms. Martabano more than adequately laid a foundation for the relevance of the specific line of questioning (not even required under the broad discovery rules) and it was not harassing.  CBSI employed Ms. Wood during the relevant time period to review P2P software and make videos and recommendations as to which software was worth using.  Ms. Wood's personal opinions and behaviors clearly would have informed her writing.  Accordingly, this Court should overruled CBSI's improper instructions not to answer and order CBSI to re-produce Ms. Wood and Mr. Rosenblatt for further questioning on these topics.

### B. This Court Should Order Mr. Sandoval To Appear For A Full Seven Hours Of Deposition

Several months ago on May 16, 2013, Plaintiffs properly served a subpoena for the production of testimony and documents on Greg Sandoval, a former CNET reporter.  Anstett Decl., ¶ 4 & Ex. 3.  CBSI's counsel has stated that they represent Mr. Sandoval for the purpose of his deposition.  Anstett Decl., ¶ 5.  After extensive negotiations over the scheduling of Mr. Sandoval's deposition, the parties agreed to

1  start his deposition in New York on August 28, 2013. *Id.* However, CBSI has
2  insisted that he is only available for a total of three hours on August 28th and has
3  refused to make him available on subsequent days to complete his deposition. *Id*.
4  Accordingly, Plaintiffs have reserved their right to complete Mr. Sandoval's
5  deposition on a subsequent date, and have offered to continue his deposition "during
6  off hours . . . that would not impact his work day". *Id*. & Ex. 4.

7  Regardless of whether Mr. Sandoval is a party or non-party witness, CBSI is
8  clearly entitled to take Mr. Sandoval's deposition for a total of seven (7) hours. *See*
9  F.R.C.P. 30(d)(1) (limiting length of a deposition to seven hours in absence of a
10 court order). Further, CBSI never sought a protective order to limit the length of
11 Mr. Sandoval's deposition and only recently stated that Mr. Sandoval's deposition
12 needed to be limited to three hours in a recent e-mail on August 20, 2013. *See*
13 Anstett Decl., Ex. 4.

14 Mr. Sandoval is an important witness in this case. He was one of a handful of
15 CNET writers who wrote reviews of P2P software during the time period at issue in
16 this lawsuit, and he purportedly resigned over the lack of CNET's editorial
17 independence. Under these circumstances, there certainly is nothing inappropriate
18 about Plaintiffs' insistence that Mr. Sandoval be made available for deposition for a
19 full seven hours, if needed.

20 Additionally, Plaintiffs have diligently sought Mr. Sandoval's deposition. *See*
21 Anstett Decl., ¶ 6. Since his deposition was originally noticed in May 2013, the
22 parties have engaged in extensive and continuing negotiations over the scheduling
23 of Mr. Sandoval's deposition. *Id*. Initially, after repeated requests for available
24 deposition dates, CBSI offered to make Mr. Sandoval available on July 30, 2013 at
25 12 p.m. in New York. *Id*. Plaintiffs' counsel responded to this offer 45 minutes
26 later saying that date, only six days away at the time, would not work and requested
27 a date for Mr. Sandoval in August. *Id*. Subsequently, Plaintiffs' counsel sent
28

several more e-mails to CBSI's counsel in a good faith effort to schedule Mr. Sandoval's deposition on a mutually convenient date. *Id*. It was only recently on August 20th near the discovery cut-off date when CBSI's counsel informed Plaintiffs for the first time that Mr. Sandoval's deposition needed to be limited to three hours. *Id*.

### C. This Court Should Re-Open Mark Larkin's Deposition In Light Of CBSI's Untimely Document Production Of Larkin Documents

On August 14, 2013, Plaintiffs deposed Mark Larkin, a Senior Vice President and General Manager at CBSI News and CNET. Anstett Decl., ¶ 7. Mr. Larkin testified in his deposition that he did not collect any documents for this litigation, did not search his personal files for documents related to this case, and does not know whether anyone else collected documents on his behalf. *Id*.

Just a few days ago shortly before the discovery cut-off, on August 22, 2013, CBSI sent Plaintiffs a letter enclosing a document production consisting of more than a 1,000 pages of responsive documents. Anstett Decl., Ex. 5. CBSI explained that "this production includes some additional documents from Mark Larkin which we recently discovered." *See id*. In light of its failure to timely produce these documents, CBSI agreed to make Mr. Larkin available for only a single hour of deposition during a four-hour time window on Wednesday, August 28, 2013 between 1 p.m. and 4 p.m. *See* Anstett Decl., Ex. 6.

However, in light of the existing discovery calendar and other commitments, it is simply unrealistic for CBSI to insist that Plaintiffs depose Mr. Larkin on CBSI's proposed time-table. Anstett Decl., ¶ 10. There already are four other depositions scheduled this week, including one deposition on August 28 that is expected to last a full seven years. *Id*. Additionally, the parties are engaged in several other urgent discovery matters and motion practice this week on the eve of the discovery cut-off. Under the circumstances and given that CBSI had caused this problem, this Court

should order CBSI to re-produce Mr. Larkin after the discovery cut-off date for the time remaining on the record so that he may be questioned about topics relating to the "recently discovered" documents.  Plaintiffs also should be entitled to use up the remaining time left on the record (2 hours and 11 minutes) for Mr. Larkin's deposition and should not be artificially restricted to one hour.  *Id*.

## III.   CONCLUSION

This Court should order CBSI to stop its abusive litigation tactics and make its witnesses available for deposition.  It also should overrule Defendants' improper instructions not to answer and allow Plaintiffs to re-open depositions for a limited but reasonable period of time.

DATED: August 27, 2013                     BAKER MARQUART LLP


                                           By: /s/ Scott M. Malzahn
                                               Scott M. Malzahn