LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

Attorneys for Defendant
CBS INTERACTIVE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUGAR HILL MUSIC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CBS INTERACTIVE INC., <br><br> Defendant. | Case No. 2:11-cv-09437-DSF-JC <br><br> **DEFENDANT CBS INTERACTIVE INC.'s OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED STATUS CONFERENCE** <br><br> Hearing:   August 30, 2013 <br>           **[requested]** <br> Time:     TBD <br> Courtroom: 20, 3rd Fl. <br> Judge:    Hon. Jacqueline <br>            Chooljian <br><br> Discovery Cutoff:  8/30/2013 <br> Pretrial Conference: 5/26/2014 <br> Trial:         6/24/2014 |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant CBS Interactive Inc. ("CBSI") opposes Plaintiffs' request to hold a status conference a mere than three days after its filing.  There is no need for such urgency here, and no justification for the relief Plaintiffs request.

Indeed, Plaintiffs have raised these and similar issues before the Court in two separate *ex parte* filings and a tardy motion to compel.  Dkts. 102, 126, 127.  As this Court has already advised Plaintiffs, the "timing issues" that explain their present rush are "to a large degree, of plaintiffs' own making."  Dkt. 120 (8/2/2013 Tr.) at 30:9-23; *see also* Dkt. 134 (8/13/2013 Tr.) at 57:17-58:1 (explaining that the Court is not available for a hearing the week of August 26th).

Further, these issues require more explanation and consideration than Plaintiffs' expedited schedule would allow.  Their brief contains blatant misrepresentations and partial fragments of the truth designed to imply misconduct where none occurred.  For example, Plaintiffs omit the emails between the parties and certain deposition transcripts in favor of their counsel's self-serving and inaccurate summaries.  They begin their stories in late July or mid-August to omit the months of context for CBSI's present positions.  On a complete record, there is no justification either to hold an expedited status conference or to grant Plaintiffs' requested relief.

### A.    Plaintiffs' Questions about CBSI Employees' Personal, Non-Work Use of P2P Software

While CBSI has instructed its witnesses not to answer irrelevant, harassing questions about their personal and private use of P2P software unconnected to their jobs, it has permitted them to testify in full about their use of P2P software with respect to any use related to the witnesses' work or employment.  Anstett Decl. (Dkt. 145-2) Ex. 1[1]; Simon Decl. ¶ 2.  Plaintiffs have chosen *not* to question the

---

[1] This transcript is not designated Highly Confidential – Attorneys' Eyes Only in its entirety, as Plaintiffs claim.  *See* Br. (Dkt. 145-1) at 4.  CBSI designated it *provisionally* on the record, then de-designated the non-confidential portions 30 days later as the Protective Order instructs.  Dkts. 63 at 5; 68.  Plaintiffs have

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

witnesses about these subjects, demonstrating that they are not interested in the relevant aspects of CBSI's employees' use of P2P technology.  The Rosenblatt deposition took place on July 9, 2013, and CBSI's position on this issue was amply clear then.  *Id.* Ex. 1.  Plaintiffs' decision to raise this issue with the Court 7 weeks later, on the eve of the discovery cutoff,  does not justify holding a status conference at a moment's notice.  *See* 8/13/2013 Tr. at 49:16-50:16 (explaining a discovery motion heard on August 27, 2013 would be untimely, as production could not be ordered before the discovery cutoff, and the Court was disinclined to extend the discovery cutoff "solely for the purpose of allowing Plaintiffs to litigate a motion to compel which could have been brought within the discovery cutoff.").

To the extent there were any basis to consider this issue, it would be on a duly noticed motion after full briefing and hearing.  With respect to Mr. Rosenblatt, briefing has already occurred in the Plaintiffs' Motion to Compel (Dkt. 126).  CBSI addressed the propriety of its objections in its portions of the joint stipulation filed on August 7, 2013.  *Id.* at 109-110.   It will not repeat them here.

## B.     Third Party Greg Sandoval

CBSI has not refused to produce any witness for deposition; it *cannot* produce Greg Sandoval, as he is a former employee who resides in New York. Simon Decl. ¶ 3, Ex. A.  The subpoena compelling his attendance issued out of the Southern District of New York, and it is that court which has jurisdiction to enforce the subpoena.  Anstett Decl. Ex. 3; Fed. R. Civ. P. 45(e).

Moreover, Mr. Sandoval (not CBSI) imposed a 3-hour limit on his deposition only because, when Plaintiffs asked for a new deposition date on *August 19, 2013* (after rejecting the date he offered in July), his schedule was already very full for the two weeks remaining in discovery.  Simon Decl. ¶ 7, Ex. D.

Plaintiffs initially served the subpoena on May 16, 2013, but less than two weeks later Plaintiffs themselves asked to postpone his deposition so that it could

followed the same procedure for their witnesses.

be scheduled to coincide with other depositions in New York.  Anstett Decl. Ex. 3; Simon Decl. Ex. B.  Plaintiffs' counsel asked for a new date on July 23, 2013, and Mr. Sandoval responded *the next day* to propose July 30, 2013.  Simon Decl. ¶ 6, Ex. C.  Plaintiffs' counsel were already scheduled to be in New York at the deposition of Plaintiff John Fletcher that day, who did not appear.  But they rejected Mr. Sandoval's proposed date because counsel was unavailable that week.  *Id.* ¶ 6, Ex. C.  Plaintiffs' implication that Mr. Sandoval did not provide them enough advance notice, therefore, ignores both Mr. Sandoval's accommodation of their request to schedule in conjunction with the New York depositions and their confirmed availability on that date, which had been reserved for a deposition for a month.

### C.    Mark Larkin's Document Production

CBSI produced the vast majority of Mr. Larkin's documents a week before his deposition.  Simon Decl.  ¶ 8, Ex. F.  Plaintiffs knew this both from receiving the production and from receiving an email from CBSI identifying the Bates range of his production on August 27, 2013—the very day they filed their request.  *Id.* That Mr. Larkin did not collect these documents *himself* does not mean that no documents of his were collected and produced, as Plaintiffs imply in their brief.  Br. (Dkt. 145-1) at 7.

Fewer than 250 of the documents CBSI produced on August 22, 2013 were Mr. Larkin's.  Simon Decl. ¶ 8.  CBSI discovered only after his deposition that these documents had not been produced, and immediately produced them.  *Id.* Further, it *volunteered* to make him available for an hour of continued deposition before the discovery cutoff in the very letter accompanying this production, notwithstanding that nearly every Plaintiff CBSI has deposed has produced documents only *after* his deposition and then refused to respond to CBSI's requests to continue those depositions.  *Id.* Ex. E.  Plaintiffs rejected CBSI's offer to provide *more* time for Mr. Larkin on the ground that their counsel were too busy this week

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

to spend an hour deposing Mr. Larkin.  *Id.* ¶ 9, Ex. F.  This position is odd in light of their ability to prepare and file the instant motion, supporting brief, and declaration, as well as attend a court hearing on the matter.  Further, Plaintiffs fail to identify even a single new issue raised by the documents that they seek leave to question Mr. Larkin about.

### CONCLUSION

Plaintiffs' motion is untimely and unjustified.  CBSI respectfully requests that it be denied in its entirety.

Dated:  August 28, 2013              FENWICK & WEST LLP


                                     By: _____*/s/ Erin Simon*_____
                                          Erin Simon

                                     Attorneys for Defendant
                                     CBS INTERACTIVE INC.