LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
TODD R. GREGORIAN (CSB No. 236096)
tgregorian@fenwick.com
ERIN SIMON (CSB No. 268929)
esimon@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

Attorneys for Defendant
CBS INTERACTIVE INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUGAR HILL MUSIC, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>CBS INTERACTIVE INC.,<br><br>　　　　Defendant. | Case No. 2:11-cv-09437-DSF-JC<br><br>**DEFENDANT CBS INTERACTIVE INC.'s OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE CAPTION**<br><br>███████████████<br><br>Hearing:　September 23, 2013<br>Time:　　1:30 P.M.<br>Courtroom: 840<br>Judge:　　Hon. Dale S. Fischer |

# TABLE OF CONTENTS

Table of Contents

**Page**

Factual Background ................................................................................................ 5

    A.    Mr. Spence's role as Plaintiff from the FAC until August 2013. ................................................................................................ 5

    B.    Mr. Spence's central role in Plaintiffs' claims and discovery.... 6

    C.    Mr. Spence's attempts to shirk his discovery obligations. .......... 9

Argument ................................................................................................ 13

    I.    Mr. Spence CANNOT Dismiss his Claims Without Leave of Court or a Stipulation by CBSI. ................................................................................................ 13

    II.    CBSI would be prejudiced Were the Court to Treat Mr. Spence as dismissed by the FAC. ................................................................................................ 14

    A.    CBSI would be prejudiced if Mr. Spence were deemed not subject to the Court's June 11, 2013 discovery order. ............. 15

    B.    CBSI would be prejudiced by a retroactive dismissal of Mr. Spence that may limit CBSI's ability to recover fees and costs for Mr. Spence's activity after the filing of the FAC. .............. 17

    III.    If the Court Chooses to Dismiss Mr. Spence at This Juncture, that dismissal should be with prejudice. ................................................... 17

    IV.    CBSI does not oppose the correction of Ms. Whitaker's name .......... 18

Conclusion ................................................................................................ 18

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Burnette v. Lockheed Missiles & Space Co. Inc.*
    72 F. 3d 766 (9th Cir. 1995) .................................................................................. 18

*Pac. Gas & Electric Co. v. Fibreboard Prods., Inc.*
    116 F. Supp. 377, 382-83 (N.D. Cal. 1953 ............................................................ 13

*Ethridge v. Harbor House Restaurant*
    861 F.2d 1389, 1392 (9th Cir. 1988) ..................................................................... 13

*Gartin v. Par Pharm. Cos., Inc.*
    561 F. Supp. 2d 670 (E.D. Tex. 2007) ............................................................. 14, 16

*Pac. Gas & Electric Co. v. Fibreboard Prods., Inc.*
    116 F. Supp. 377 (N.D. Cal. 1953) ........................................................................ 15

*Williams v. Bradshaw*
    459 F.3d 846 (8th Cir. 2008) ................................................................................. 16

**OTHER AUTHORITIES**

Rule 15(a), F.R.C.P. ................................................................................................. 7, 15

Rule 21, F.R.C.P. ...................................................................................................15, 16

Fed. R. Civ. P. 41(a)(1), (2) .......................................................................................... 15

Fed. R. Civ. P. 41(a)(1)(A) ........................................................................................... 15

Rule 34 ......................................................................................................................... 11

Rule 41(a) .................................................................................................................7, 15

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## INTRODUCTION

Defendant CBSI opposes Plaintiffs' motion to amend the caption for the simple reason that Gerald Spence remains a Plaintiff in this action. Mr. Spence is a unique figure among the dozens of plaintiffs—who as Magistrate Judge Chooljian recognized "certainly on some view is the driver of the entire litigation." Declaration of Erin Simon ("Simon Decl.), Ex. I (8/13/2013 Tr.) at 14:23-15:7. Mr. Spence: (1) created fraudulent copyright registrations for compilations of Plaintiffs' works that do not exist, misrepresenting which artists or entities actually hold rights in the works; (2) recruited many of the other Plaintiffs to the litigation; (3) falsely represented to the Court that he had a consulting arrangement with Baker Marquart dating to October 2011, when in fact that arrangement was entered into mere weeks ago, in a misguided attempt to use the attorney-client privilege to prevent further discovery into his misdeeds and to justify his continued active participation in a case he now says he withdrew from more than a year ago.

Plaintiffs suggest that his inclusion on the caption of the July 25, 2012 First Amended Complaint (Dkt. No. 31, "FAC") was as inadvertent as a misspelling of Plaintiff Yolanda Whitaker's name. To the contrary, Mr. Spence's role was consistently *as a plaintiff* who, as the docket reflects, was one of the express filers of the FAC and every one of Plaintiffs' subsequent filings in this case until this month. Only after CBSI moved on July 30, 2013 to compel the production of documents from Mr. Spence[1] did Plaintiffs begin omitting Mr. Spence's name from the Plaintiffs on whose behalf documents are filed.

But dismissal of Mr. Spence is not effective merely because he no longer expressly joins in Plaintiffs' filings. Further, neither his counsel's unilateral

---

[1] On August 13, 2013, Magistrate Judge Chooljian granted CBSI's motion in part, but her ruling did not depend on whether Mr. Spence was in fact still a plaintiff, and she accordingly declined at that time to reach the issue. Dkt. No. 134, at 22:7–16.

statements that Mr. Spence is no longer a Plaintiff nor the filing of an amended complaint effects a dismissal of Mr. Spence's claims. Because CBSI answered Plaintiffs' claims, under Rules 15 and 41(a), Mr. Spence cannot unilaterally dismiss them; instead, he must obtain either a stipulation of dismissal by all parties or a court order. He has obtained neither. He has never even moved to dismiss. The present Motion notably does not seek dismissal, only amendment of the caption.

Tellingly, Plaintiffs rejected CBSI's offer to stipulate to Mr. Spence's dismissal on condition that he comply with his obligation to respond to discovery requests. This underscores that Plaintiffs' Motion is simply an improper attempt to backdoor a dismissal of Mr. Spence so that, among other things, Mr. Spence can try to shirk his discovery obligations and avoid the fee recovery to which CBSI might be entitled if it prevails in this action had he properly dismissed his claims. This prejudice to CBSI—in addition to the procedural impropriety of the Motion—justifies the denial of the Motion.

## FACTUAL BACKGROUND

### A.  Mr. Spence's role as Plaintiff from the FAC until August 2013.

Mr. Spence joined in the filing of both the Complaint and the First Amended Complaint in this action. Simon Decl. ¶ 2, Ex. A [Dkt. Nos. 1, 31]. He did not merely appear in the caption of those documents: the docket expressly shows his name as one of the filers. *Id.* Since the July 25, 2012 filing of the FAC, Mr. Spence joined in the filing of every document that Plaintiffs filed in this case through July 2013, including

- the Joint Stipulation to Dismiss Alkiviades David as a Plaintiff on August 7, 2012 [Dkt. No. 33];
- Plaintiffs' Notice of Motion and Motion for Preliminary Injunction on November 9, 2012 [Dkt. No. 42] and related documents [Dkt. No. 43];
- Plaintiffs' Reply in Support of their Motion for Preliminary Injunction on February 11, 2013 [Dkt. No. 51];

- Plaintiffs' response in support of their motion for preliminary injunction on February 19, 2013 [Dkt. No. 58] and related documents [Dkt. Nos. 54-57];
- the parties' Joint Application for Protective Order on April 25, 2013 [Dkt. No. 63];
- Plaintiffs' Supplemental Memorandum regarding CBSI's Motion to Compel Further Responses to Discovery on May 28, 2013 [Dkt. No. 70];
- Plaintiffs' Opposition to CBSI's Request for a Status Conference on July 29, 2013 [Dkt. No. 87];

*Id.* At no time did Mr. Spence file a motion to dismiss his claims despite his counsel's statements that he might do so. *Id.* ¶ 3.

**B.    Mr. Spence's central role in Plaintiffs' claims and discovery.**

Mr. Spence has been central to the discovery in this case, both because he coordinated other Plaintiffs' participation in the discovery process and because he personally possesses important evidence regarding alleged copyright ownership, motive, and other key issues.

As early as April 2013, Plaintiffs' counsel identified Mr. Spence as a manager or agent for many of the Plaintiffs and a custodian of their documents. *Id.* ¶ 4. Subsequent discovery in the case confirmed that Mr. Spence indeed acts as a business manager for various Plaintiffs, including performing functions related to ownership and licensing of their copyrights. *See, e.g.*, Dkt. No. 100 [Spence Declaration] ¶¶ 6, 9. For example, Plaintiff Jalil Hutchins testified that Mr. Spence assists him in recovering unpaid licensing royalties. Dkt. No. 98, Ex. B [Hutchins Depo.] at 82:9-83:9. Plaintiff Douglas Davis testified that Mr. Spence assists him with music publishing. *Id.*, Ex. C [Davis Depo.] at 18:5-16.

Mr. Spence himself (or his assistant) applied to register many of the copyrights at issue in this case on behalf of other Plaintiffs[2]—often without their

---

[2] Including, for example, registrations for Plaintiffs Jalil Hutchins, Douglas Davis, Oran Jones, Barry Moody, Yolanda Whitaker, and Nicholas Sanchez.

1  knowledge or authorization—well after the works' creation, under the fictional
2  names of nonexistent compilations, covering several songs that had previously been
3  registered on behalf of different claimants and omitting the names of these
4  claimants and co-authors.  *See id.*, Ex. D.  Mr. Spence apparently filed these
5  registrations, which are dated around the filing of the Complaint, to concoct new
6  rights of ownership on which to sue.  *See id.*  Mr. Spence "certified" these
7  registrations or listed himself as the contact regarding "rights and permissions."  *Id.*
8  Mr. Spence testified that he assisted in registering copyrights.  *Id.*;

[redacted lines 9–20]

Strikingly, many Plaintiffs other
21  than Mr. Spence were unaware of these registrations of these works they
22  purportedly own.  For example, when Mr. Hutchins, at his deposition, reviewed a
23  registration in his name for "Whodini's Haunted House"—a registration that lists
24  Mr. Spence's email address as the contact for "rights and permissions"—
25  Mr. Hutchins had no idea why this registration occurred or what it was.  Dkt. No.
26  98, Ex. B at 113:19-114:1 & Ex. E [Depo. Ex. 4].)  He then testified as follows:
27      Q.    Do you see where it says "Copyright Claimant" and it—it
28           identifies you?

Fenwick & West LLP
Attorneys at Law
San Francisco

| | | |
|---|---|---|
| 1 | A. | Yes, ma'am. |
| 2 | Q. | And then do you see where it says "Registration Number/Date," |
| 3 | | and it lists November 15th, 2011? |
| 4 | A. | Yes, ma'am. |
| 5 | Q. | Can you think of what it is you would have been applying to |
| 6 | | register in 2011? |
| 7 | A. | No, ma'am. |
| 8 | Q. | Do you have any knowledge of applying to register a copyright |
| 9 | | in 2011? |
| 10 | . . . | |
| 11 | THE WITNESS: | No, ma'am. |

*Id.*, Ex. B at 116:2-14.  Mr. Hutchins testified that he created the works listed in the registration before 1996, not in 2011.  *Id.* at 114:2-115:1.

Other Plaintiffs have also testified that Mr. Spence recruited them to be plaintiffs. *Id.* at 79:6-12; *id.*, Ex. C at 14:18-15:14 27:22-24 ("Gerald Spence [has] been the leader or one of the people who played a part in bringing all this to our attention").  Mr. Spence's involvement in the litigation is so extensive, and other Plaintiffs' so minimal, that Plaintiffs scarcely know anything about the litigation apart from what they have been told by Mr. Spence or their attorneys.  *See, e.g.*, *id.*, Ex. B at 94:2-24; 95:16-19 ("Q. Was there a point before Mr. Spence called you when you concluded that CBSI had any role in this? . . . [A:] No."), 125:9- 127:8 ("Q. Do you know what peer-to-peer file-sharing software is? A. No, ma'am."), 127:10-12 ("Q. Do you know how people use programs like Napster or LimeWire? A. Really, no, ma'am."), 129:13-24 ("Q. . . . is it your understanding that Download.com is a website operated by CBSI? A. I wouldn't know, ma'am."), 132:18 -134:14; *id.*, Ex. C at 108:9-11 ("Q. Okay. You don't know what the Download.com website is? A. No."), 106:14-107:12 ("[Q:] Do you know what kind of software Napster is?  A. No. . . . Q. Okay. Do you know what CNET is?

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  A. No."), 109:12-18.

2  ████████████████████████████████████████

3  ████████████████████████████████████████████

4  ████████████████  He collected Plaintiffs' documents for production. *Id.*,

5  Ex. F. He even hired a staff to generate evidence for the case. Dkt. No. 100 ¶ 11.

6  And after hearing on CBSI's motion to compel further production from Mr. Spence,

7  Magistrate Judge Chooljian ordered him to (among other things) make a reasonable

8  search for and produce additional responsive documents on behalf of Plaintiffs.

9  Dkt. No. 133 ¶ 2.

      **C.**    **Mr. Spence's attempts to shirk his discovery obligations.**

Because of Mr. Spence's prominent role in Plaintiffs' business and in this litigation, CBSI secured Plaintiffs' commitment that they would collect documents from Mr. Spence. Simon Decl. ¶ 5, Ex. C [4/5/13 E. Simon Ltr. to J. Marquart]. But as demonstrated by CBSI's multiple motions to compel to obtain discovery from Plaintiffs, Mr. Spence has repeatedly shirked his discovery obligations. *See* Dkt. Nos. 72, 96, 133 ¶ 2. The present motion is Mr. Spence's latest attempt to evade discovery by recategorizing himself as a third party who would not be subject to the Court's June 11, 2013 discovery order (Dkt. No. 72) or CBSI's party discovery requests.

Because Mr. Spence expressly joined in Plaintiffs' filing of the FAC and subsequent filings until August 2013, CBSI continued to openly treat Mr. Spence as a party. For example, on April 19, 2013, CBSI propounded interrogatories specifically on Mr. Spence. Simon Decl. ¶ 6.

On April 30, 2013, Plaintiffs' counsel informed CBSI that Mr. Spence would no longer be a Plaintiff in this action. *Id.* Mr. Spence nevertheless did not move to dismiss his claims at that time. *Id.* Mr. Spence never specifically responded to CBSI's interrogatories or Rule 34 document requests. *Id.*

CBSI faced the prospect that Mr. Spence would move to dismiss his claims

before responding fully to CBSI's discovery requests. As a precaution, on May 14, 2013, in order to preserve CBSI's rights and because Mr. Spence possesses important evidence, CBSI separately served him with a subpoena containing seven document requests similar or identical to requests previously served on all Plaintiffs. Simon Decl. ¶ 7; Dkt. No. 98, Ex. H [5/14/2013 Subpoena].) Plaintiffs' counsel accepted service of the Subpoena on Mr. Spence's behalf, prepared his responses to the Subpoena, and served his responses to the Subpoena. Dkt. No. 98, Ex. I [6/10/13 Responses].

On May 21, 2013, CBSI moved to compel further responses and production from all Plaintiffs. Dkt. No. 64, at 1:9-10 (requesting "an order compelling Plaintiffs to provide complete responses to the following five categories of discovery . . . [enumeration of categories including ownership, direct infringement, inducement, and damages]." On June 11, 2013, Magistrate Judge Chooljian heard the motion and ordered that further production from all Plaintiffs occur by June 25, 2013. Dkt. No. 72, at 2-4. Mr. Spence still had not filed a dismissal by that time and remained on the case caption as a Plaintiff.

On July 17, 2013, in response to CBSI's inquiry about Mr. Spence's inadequate document production, Plaintiffs' counsel stated that they would "file a formal dismissal next week." Simon Decl. ¶ 7, Ex. D. Mr. Spence did not move to dismiss the next week. *Id.* Instead, on July 23, 2013, Plaintiffs' counsel emailed CBSI to state, "[a]s we have mentioned several times, we plan to file a formal dismissal this week with respect to Gerald Spence." *Id.* ¶ 8, Ex. E. Plaintiffs further requested—for the first time—that CBSI stipulate to dismissal of his claims. *Id.* CBSI responded that it was willing to stipulate to dismissal with prejudice provided "he is willing to abide by his discovery obligations as if he was a party," and that the dismissal would not prejudice CBSI's ability to seek fees. *Id.* Plaintiffs' counsel sent a draft stipulation, which CBSI revised to make clear that Mr. Spence needed to fulfill his discovery obligations notwithstanding his

dismissal. *Id.*, Ex. F. Plaintiffs' counsel rejected this position and stated "Plaintiffs will just move to dismiss Mr. Spence's claims." *Id.*, Ex. G. To the contrary, Mr. Spence did not move to dismiss but instead joined in Plaintiffs' next filing, opposing CBSI's Request for a Status Conference on July 29, 2013. Simon Decl., Ex. A, Dkt. No. 87.

Despite behaving as a Plaintiff, Mr. Spence claimed that the Court's June 11, 2013 discovery order (Dkt. No. 72) did not apply to him as a third party. By July 9 (after the deadline set by the Court's June 11, 2013 discovery order), he had made only a limited production in response to CBSI's May 14, 2013 Subpoena. Dkt. No. 98 ¶ 14. As detailed in meet and confer correspondence to Mr. Spence's counsel on July 9, 2013, this production was deficient in numerous respects, including but not limited to:

- Mr. Spence refused to search for and produce license agreements or contracts relating to Plaintiffs' works.
- Mr. Spence refused to search for or produce communications with other Plaintiffs regarding this case.
- Mr. Spence produced no certificates of copyright registration, and produced assignment documents only with respect to a single work, "The Show."
- Mr. Spence produced only a small set of documents relating to notices of infringement, and these related only to a single Plaintiff, Douglas Davis.
- Mr. Spence had not produced documents sufficient to show the nature of his business relationship with other Plaintiffs.
- Although Mr. Spence withheld documents on the basis of attorney-client privilege, he had produced no privilege log.

Dkt. No. 98 ¶ 14, Ex. K.

Because of these deficiencies, on July 30, 2013, CBSI moved to compel

Mr. Spence—specifically—to produce documents. Simon Decl. ¶ 9. At a hearing on August 2, 2013 before Magistrate Judge Chooljian, CBSI apprised the Court that Mr. Spence remained a Plaintiff and had joined in the filing of the FAC. *Id.*, Ex. H at 10:12-11:8. Magistrate Judge Chooljian stated that Mr. Spence, "like every other plaintiff in the case, has to disclose facts within his knowledge from wherever they are acquired." *Id.* at 10:19-21. She further advised that "[h]e hasn't been dismissed by Judge Fischer, he's still in the case. So that should be pretty clear-cut at this point." *Id.* at 11:6-8. Although Plaintiffs expressed their view that Mr. Spence was no longer a plaintiff, Mr. Spence did not stop joining in Plaintiffs' filings until after CBSI moved to compel him to fulfill his discovery obligations. Simon Decl. ¶ 9.

Now, never having moved to dismiss Mr. Spence, Plaintiffs' present Motion seeks to drop Mr. Spence as a plaintiff by merely excising his name from the caption. He still has not answered CBSI's interrogatories or made productions pursuant to Magistrate Judge Chooljian's June 11, 2013 discovery order.

As a further tactic to have Mr. Spence evade his discovery obligations, Plaintiffs have recently contrived a position that his communications and actions are privileged on grounds that Mr. Spence is a "liaison" or consultant between counsel and the Plaintiffs as well as an agent for many of the Plaintiffs. *See* Dkt. No. 134 [August 13, 2013 hearing transcript], at 5. In support, Plaintiffs rely on a retainer agreement that Mr. Spence admittedly signed only a month ago but backdated to the filing of the FAC. *Id.*; [redacted]

# ARGUMENT

## I. MR. SPENCE CANNOT DISMISS HIS CLAIMS WITHOUT LEAVE OF COURT OR A STIPULATION BY CBSI.

The filing of the First Amended Complaint did not, and could not, dismiss Mr. Spence as a Plaintiff.  Under Rule 41(a), a plaintiff can dismiss an action without leave of court only if it files "(i) a notice of dismissal before the opposing party serves either an answer or a motion for a summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A).  CBSI filed and served an answer on August 13, 2012.  Dkt. No. 31.  Accordingly, Mr. Spence cannot dismiss his claim against CBSI without either a stipulation signed by CBSI and the other Plaintiffs or leave of Court.  *See* Fed. R. Civ. P. 41(a)(1), (2).  Mr. Spence has neither.

Plaintiffs' assertion that Mr. Spence can dismiss his claim by amending the complaint (without seeking leave of Court) is incorrect and unsupported by the authority Plaintiffs cite.  *Ethridge v. Harbor House Restaurant* holds only that "a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint," and that a motion under Rule 15(a) is the appropriate mechanism to dismiss only a subset of a plaintiff's claims.  861 F.2d 1389, 1392 (9th Cir. 1988).  But the question of *which* rule a Plaintiff should move under is an academic one, as Mr. Spence has not moved under either rule to dismiss his claim against CBSI.[3]  The present motion is only to amend *the caption*, not the contents

---

[3] At least one district court in the Ninth Circuit has held that Rule 21, not Rule 15(a), applies in this situation: "[a]n amendment to a complaint which adds or drops a party requires an order of the court as specified in Rule 21, F.R.C.P., regardless of whether it precedes or follows the first responsive pleading of any defendant." *Pac. Gas & Electric Co. v. Fibreboard Prods., Inc.*, 116 F. Supp. 377, 382-83 (N.D. Cal. 1953). "Rule 15(a), F.R.C.P., refers, in general terms, to the broad subject of changes in the pleadings, by amendment. Rule 21, F.R.C.P., refers, in specific terms, to changes in the parties to the action, by adding or dropping some of such

of Plaintiffs' FAC.

Similarly off-point is the fact that a caption is not determinative of the parties. *See Gartin v. Par Pharm. Cos., Inc.*, 561 F. Supp. 2d 670, 678-79 (E.D. Tex. 2007) (discussing misnomers of party names). Mr. Spence concedes that he was a Plaintiff in this case and makes no claim that the original inclusion of his name in the caption was a misidentification or misspelling. *See* Dkt. No. 100 ¶ 3.

Plaintiffs know full well how to dismiss a Plaintiff properly, as they did when stipulating to dismiss former Plaintiff Alkiviades David. Dkt. No. 33. Mr. Spence himself joined in the filing of that stipulation on August 7, 2012, after he and his fellow Plaintiffs filed the FAC. *Id.*; Simon Decl., Ex. A. Until he obtains a stipulation or leave of court—under any rule—Mr. Spence remains a party.

## II. CBSI WOULD BE PREJUDICED WERE THE COURT TO TREAT MR. SPENCE AS DISMISSED BY THE FAC.

Should it succeed, Plaintiffs' attempt to have Mr. Spence retroactively dismissed as of the filing of the FAC would severely prejudice CBSI. Plaintiffs' Motion aims to insulate Mr. Spence from the consequences of his failure to comply with his discovery obligations and to deprive CBSI of the opportunity to seek fees and costs from Mr. Spence. Mr. Spence is the central figure in this case: ██████████████████████████████████████████████████████████████████████████████████████████████████████████████ He also prepared responses to written discovery for Plaintiffs and even retained a staff to generate evidence. Dkt. No. 100 ¶¶ 4, 11. If the Court were to deem the FAC as

---

parties." *Id.* The Ninth Circuit Court of Appeals has not addressed the issue. Plaintiffs' present Motion does not apparently seek to drop Mr. Spence as a party pursuant to Rule 21.

silently having dismissed Mr. Spence's claims—contrary to his conduct as a Plaintiff up through July 2013 (*see* Simon Decl. ¶ 2, Ex. A)—it would amount to a retroactive dismissal of Mr. Spence as of the FAC's filing on July 25, 2012.  By effectively recasting himself as a third party as of that date, he would seek to avoid responsibility for his actions in this litigation.

### A. CBSI would be prejudiced if Mr. Spence were deemed not subject to the Court's June 11, 2013 discovery order.

If the Court were to deem the FAC as having effectively dismissed Mr. Spence's claims, he and his fellow Plaintiffs would assert that he is not subject to Magistrate Judge Chooljian's June 11, 2013 order (Dkt. No. 72) granting CBSI's motion to compel against all *Plaintiffs*.  Mr. Spence has thus far refused to abide by that order.

But Mr. Spence's compliance with his discovery obligations is especially important because he has been the central participant in discovery from Plaintiffs, and he has been the driver behind much of this lawsuit.  Indeed, Mr. Spence is *conducting* discovery on behalf of several other Plaintiffs, *manufacturing* evidence on behalf of others, and *coordinating* all discovery for Baker Marquart in this case. In particular:

- 

- Mr. Spence previously represented to the Court in a signed declaration that he acts as a "liaison" between Plaintiffs and their counsel to coordinate the discovery efforts. Dkt. No. 100 ¶ 4 ("I have continued to facilitate communication between plaintiffs and counsel, and have assisted plaintiffs in preparing discovery responses, at counsel's

direction."). ████████████████████████████
████████████████████████████

CBSI has relied on the June 11, 2013 order to obtain crucial discovery from Mr. Spence, particularly since the Court *already decided* at a status conference on August 2 that he is subject to it, like all other Plaintiffs. *See* Dkt. No. 120, at 10:19-21. Furthermore, as the Court acknowledged, as the agent for other Plaintiffs and of counsel, he is subject to the discovery obligations of the other Plaintiffs whether or not he is a Plaintiff. *See id.* at 13 ("even if he's a third-party witness, same rules apply. So, for my purposes, it doesn't matter if he's a plaintiff or a third-party witness.").

Plaintiffs' belated argument that Mr. Spence is not a Plaintiff reveals their understanding that Mr. Spence has failed to comply with the June 11, 2013 discovery order. By way of example, Mr. Spence has made seven productions of documents. Simon Decl. ¶ 10. *Six* of these, totaling approximately 75% of his total production, were produced after the Court-ordered deadline of June 25, and the earliest of these is dated July 29. *Id.*

If the Court accepts Plaintiffs' position that Mr. Spence was not a Plaintiff at the time of the June 11, 2013 order, Plaintiffs will argue that it exonerates Mr. Spence's untimely production of documents and failure to meet Plaintiffs' discovery obligations. Such an approach would prejudice CBSI because *Mr. Spence's* misbehavior—as Plaintiffs' ringleader—contributed to Plaintiffs' failure to comply with the June 11, 2013 order. *See* Dkt. 78 [CBSI's Motion to Compel Compliance with Court Order, submitted]. CBSI relied on the unbroken series of filings listing Mr. Spence in the caption and list of filers for the understanding that he, too, is subject to the June 11, 2013 discovery order. *See Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2008) ("While a caption is not determinative as to who is a party to a suit, we think that it is entitled to considerable weight when determining who the plaintiffs to a suit are since

plaintiffs draft complaints.") (internal citation omitted).

### B. CBSI would be prejudiced by a retroactive dismissal of Mr. Spence that may limit CBSI's ability to recover fees and costs for Mr. Spence's activity after the filing of the FAC.

CBSI intends to seek fees and costs from Mr. Spence for his litigation misconduct and for dramatically increasing the costs of this litigation to CBSI. If the Court deems him to have been dropped as a Plaintiff as of July 2012, he will surely argue that since he was not a technically a party thereafter—when his misconduct was responsible for Plaintiffs' failure to meet their discovery obligations, including the fundamental tasks of preserving, searching for, collecting, and producing documents on their behalf—he should not be held accountable for the hundreds of hours that CBSI's counsel has exhausted trying to obtain discovery from Plaintiffs and defeat their claims.

Plaintiffs have indicated for weeks that they would imminently move to dismiss Mr. Spence, thereby acknowledging that he remained a Plaintiff who required dismissal.  Simon Decl., Exs. D, E, G.  CBSI relied on this representation with the understanding that Mr. Spence remained a Plaintiff until he was dismissed by the Court.  Instead, Plaintiffs blindsided CBSI with a backdoor attempt through the present Motion to amend the caption and have Mr. Spence deemed dismissed more than a year ago without any formal motion to dismiss.  The Court should not permit Plaintiffs to exploit CBSI's reliance on Mr. Spence's decision to remain active in this case as reflected in the information conveyed in the docket and the caption of every pleading up to the present Motion and his counsel's repeated assurances that he would move to dismiss his claim as acknowledging that claim remained pending, and should not overlook Mr. Spence's key role in discovery.

### III. IF THE COURT CHOOSES TO DISMISS MR. SPENCE AT THIS JUNCTURE, THAT DISMISSAL SHOULD BE WITH PREJUDICE.

If the Court is inclined to dismiss Mr. Spence, CBSI respectfully requests

that: (1) that dismissal be with prejudice; and (2) any order notes that Mr. Spence remains subject to Magistrate Judge Chooljian's June 11, 2013 discovery order (Dkt. No. 72) and his other discovery obligations. In ruling on a plaintiff's motion to dismiss, a court may dismiss with prejudice even if the plaintiff sought dismissal without prejudice. *See Burnette v. Lockheed Missiles & Space Co. Inc.*, 72 F. 3d 766, 767 (9th Cir. 1995). For the reasons stated above, namely Mr. Spence's fraud on the copyright office and misconduct throughout this litigation, if the Court dismisses his claims, that dismissal should be with prejudice to prevent Mr. Spence from later resurrecting his claims.

## IV. CBSI DOES NOT OPPOSE THE CORRECTION OF MS. WHITAKER'S NAME

CBSI does not object to correcting the spelling of Ms. Whitaker's name. CBSI further suggests that Plaintiffs take this opportunity to confirm, and where necessary, correct. the spellings of all parties in this case.[4]

## CONCLUSION

For the foregoing reasons, CBSI respectfully requests that the Court deny Plaintiffs' motion as to the dismissal of Mr. Spence.

Dated: August 30, 2013            FENWICK & WEST LLP


                                  By:     */s/ Erin Simon*
                                          Erin Simon

                                  Attorneys for Defendant
                                  CBS INTERACTIVE INC.

---

[4] Plaintiffs' counsel apparently remain confused regarding the proper spelling of a number of their clients' names: "Attrell Cordes" and "Attrell Cordez;" "Case Woodard" and "Case Woodward;" "Solomon Davis" and "Solamin Davis;" "Raheem Williams" and "Raheim Williams."