UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-9437 DSF(JCx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive, Inc., et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| None | None |

| Proceedings: | ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION AND MOTION TO COMPEL (DOCKET NOS. 126, 127) |
|---|---|

    Pending before the Court and addressed in this order are: (1) Plaintiffs' Ex Parte Application to Shorten Time on Plaintiffs' Motion to Compel, or in the Alternative to Have the Motion Heard Prior to August 30, 2013, or on September 3, 2013 ("Ex Parte Application") and (2) Plaintiffs' Motion to Compel Further Responses to Interrogatories and Requests for Production ("Plaintiffs' Motion").[1]

    The Court initially focuses on the Ex Parte Application which defendants have opposed and as to which the Court held a hearing on August 13, 2013. The Ex Parte Application essentially requests that the Court consider the merits of Plaintiffs' Motion which was not filed in time to be heard on regular notice before the August 30, 2013 non-expert discovery cut-off. As the Court advised the parties at the August 13, 2013 hearing, the Court was then tentatively inclined to deny the Ex Parte Application and not to consider Plaintiffs' Motion on the merits because even if the Court heard Plaintiffs' Motion on shortened notice, Plaintiffs' Motion would nonetheless have been untimely because there was insufficient time within the discovery cut-off to allow for the production of any discovery which might have been ordered produced as a result thereof as required. As the Court had not then reviewed Plaintiffs' Motion itself, and as counsel's arguments hinged to some degree on the contents of Plaintiffs' Motion, the Court submitted the Ex Parte Application in order to have the benefit of a review of Plaintiffs' Motion before ruling thereon.

    Having now reviewed Plaintiffs' Motion (which has since been fully briefed), as well as related briefings and submissions, and notwithstanding the fact that at status conferences, the Court has permitted plaintiffs to take some limited additional discovery after the discovery cut-off, the Court is now even more convinced that denial of the Ex Parte Application is appropriate and that good cause has not been demonstrated for the relief it seeks. The Court further concludes that Plaintiffs' Motion is untimely and should be denied as such and because, due to its untimely nature and the scope of relief

---

    [1]Plaintiffs' Motion has to some degree been expanded by subsequently filed status reports. The Court's ruling herein encompasses plaintiffs' outstanding requests in the status reports which, as noted, the Court essentially views as expansions of/supplements to Plaintiffs' Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-9437 DSF(JCx) | Date | March 31, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive, Inc., et al. | | |

requested, granting Plaintiffs' Motion (even assuming it had merit which the Court has not determined) would unduly and unfairly burden defendant at this juncture in the litigation. Plaintiffs' Motion broadly challenges the scope of defendant's searches and responses to their discovery requests,[2] seeks to compel the production of discovery responsive to 46 discovery requests which fall within ten categories,[3] seeks leave to take 20 additional depositions beyond the presumptive 10-deposition limit, and seeks leave to further depose a particular witness. While defendant takes the position in its supplemental memorandum that much of Plaintiffs' Motion is moot – something with which plaintiffs appear to disagree in their own supplemental memorandum, it is clear to the Court that the nature and sheer expanse of the remaining disputed discovery sought to be compelled thereunder – if granted – would be extremely time-consuming, would be tantamount to restarting discovery at virtually square one, and, given the history of the parties' interactions to date, would likely engender even more endless discovery litigation. For example, plaintiffs seek to compel defendant to search multiple websites beyond those which have already been searched even though plaintiffs have long known defendant's contrary position on the matter. Similarly, plaintiffs seek to compel defendant to redo previously conducted electronic searches with additional broad key words, as well as to search additional websites with such key words, even though plaintiffs have again long known defendant's contrary position on the matter. While plaintiffs vehemently argue about the importance of the requested discovery and the prejudice they may suffer if defendant is not compelled to produce it, the Court views these to be problems of plaintiffs' own making.

IT IS THEREFORE ORDERED that the Ex Parte Application and Plaintiffs' Motion are denied.

Initials of Deputy Clerk: hr

---

[2] With respect to scope, plaintiffs seek to compel defendant to: (1) produce responsive documents going back to 2001; (2) produce responsive documents (including video files/podcast files) on all websites owned or controlled by defendant, not just cnet.com, download.com and upload.com; and (3) conduct/reconduct searches across all websites and custodians with expanded key search terms such as "movie," "show," and "Mp3."

[3] More specifically, plaintiffs seek to compel defendant to produce discovery in the following categories which discovery is assertedly responsive to the referenced requests for production ("RFP") and interrogatories: (1) defendant's hosting of P2P software (RFP Nos. 7-10, 21; Interrogatory Nos. 2, 4, 7); (2) defendant's motives, relationships with, control over, or advertising on behalf of P2P software publishers (RFP Nos. 12-17, 21, 31-34, 36-37); (3) inducement (RFP Nos. 18-20, 22-25, 35; Interrogatory No. 8); (4) defendant's awareness of P2P's illegal uses (RFP Nos. 26-29); (5) P2P software advertised on defendant's websites (Interrogatory No. 3); (6) revenues generated from P2P software (RFP No. 30; Interrogatory Nos. 5-6, 9); (7) viewership of content advocating P2P use/direct infringement evidence (Interrogatory Nos 10-12); (8) evidence of defendant's efforts to prevent infringement (Interrogatory Nos.15-16); (9) evidence that defendant stopped using certain software (Interrogatory No. 17); (10) evidence of distribution agreements (Interrogatory No. 18).