UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUGAR HILL MUSIC, et al.,                         ) Case No. CV 11-9437 DSF(JC)
                                                  )
                    Plaintiffs,                   )
                                                  )
              v.                                  ) ORDER (1) DISMISSING ENTITY
                                                  ) PLAINTIFFS SUGAR HILL MUSIC
CBS INTERACTIVE, INC., et al.,                    ) AND SOLID PRODUCTIONS FROM
                                                  ) LITIGATION; AND (2) DIRECTING
                                                  ) CLERK TO AMEND DOCKET TO
                    Defendants.                   ) UPDATE STATUS/ADDRESSES OF
                                                  ) CERTAIN PLAINTIFFS
_____                    )

        On August 12, 2013, plaintiffs' counsel filed an Amended Motion for Leave
to Withdraw as Counsel ("Motion") seeking leave to withdraw as counsel for the
following sixteen plaintiffs:  Detron Bendross,[1] Drew Carter, Jarrett Cordes,
Emmanuel Ramone Deanda, John Fletcher, Isaac Freeman, Jr., Emanon Johnson,
Keith Jones, Jeff Redd, Jonathan Shinhoster, Diamond Smith, Reminisce Smith,
Jeff Thomkins, Ricky Walters, Solid Productions, and Sugar Hill Music
(collectively "Withdrawal Plaintiffs").  (The first fourteen Withdrawal Plaintiffs
will hereinafter be referred to as the "Individual Withdrawal Plaintiffs."  The last

---

[1]On September 16, 2013, the Court dismissed Detron Bendross and any claims by him
against CBS Interactive Inc. from this action with prejudice in accordance with the parties'
stipulation so requesting.

1  two Withdrawal Plaintiffs will hereinafter be referred to as the "Entity Withdrawal

2  Plaintiffs").  Defendant CBS Interactive Inc. opposed the Motion.

3      On August 30, 2013, the Court conditionally granted the Motion subject to

4  plaintiffs' counsel's filing, by not later than September 5, 2013, of a declaration

5  containing specified information and a proof of service reflecting that such

6  declaration and order had been served upon the Withdrawal Plaintiffs ("Order").

7  The Order specified that the Withdrawal Plaintiffs had ten days after the date

8  plaintiffs' counsel filed and served counsel's declaration upon them, to submit any

9  objections to the Court, and that effective on the date counsel complied with the

10  Order, the Individual Withdrawal Plaintiffs would represent themselves, and the

11  docket would be amended to reflect the addresses for them as described in counsel's

12  declaration.  The Order afforded the Entity Withdrawal Plaintiffs – who may appear

13  in an action only through counsel (see D-Beam, Ltd. Partnership v. Roller Derby

14  Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004); Rowland v. California Men's

15  Colony, 506 U.S. 194, 201-02 (1993)) – until October 7, 2013 to find substitute

16  counsel and for such counsel to enter an appearance on their behalf.  The Order

17  further expressly cautioned the Entity Withdrawal Plaintiffs that if they failed to

18  engage new counsel, the Court would dismiss them from this action without

19  prejudice for failure to prosecute.

20      On September 5, 2013, plaintiffs' counsel timely filed a declaration which

21  materially complies with the Order.  To date, none of the Withdrawal Plaintiffs

22  have submitted objections to the Court and no substitute counsel has entered an

23  appearance on behalf of the Entity Withdrawal Plaintiffs.

24      It is well-established that a district court has authority to dismiss a plaintiff's

25  action because of such plaintiff's failure to prosecute.  See Fed. R. Civ. P. 41(b);

26  Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962).  In determining

27  whether to dismiss an action for failure to prosecute, a district court must consider

28  several factors:  (1) the public's interest in expeditious resolution of litigation;

2

(2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994).

   The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting the Entity Withdrawal Plaintiffs' retention of counsel.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as the Entity Withdrawal Plaintiffs have already been cautioned of the consequences of their failure to retain counsel, have been afforded ample opportunity to do so, and have not done so, no sanction lesser than dismissal without prejudice is feasible.

   IT IS THEREFORE ORDERED:  (1) the Entity Withdrawal Plaintiffs and any claims by them against defendants are dismissed from this action without prejudice based upon the Entity Withdrawal Plaintiffs' failure to prosecute; and (2) the Clerk shall amend the docket to reflect that the Individual Withdrawal Plaintiffs are proceeding pro se and have the addresses reflected on the proof of service accompanying plaintiffs' counsel's above-referenced declaration.

   IT IS SO ORDERED.

              3/31/14

DATED: _____

                        _____

                        HONORABLE DALE S. FISCHER
                        UNITED STATES DISTRICT JUDGE