UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR HILL MUSIC, et al., | ) Case No. CV 11-9437 DSF(JC) |
| Plaintiffs, | ) ORDER DISMISSING ACTION AS TO PLAINTIFFS (1) ISAAC FREEMAN, JR., (2) DIAMOND SMITH, (3) JEFF REDD, AND (4) KEITH JONES |
| v. | |
| CBS INTERACTIVE, INC., et al., | |
| Defendants. | |

On July 25, 2012, Plaintiffs Isaac Freeman, Jr., Diamond Smith, Jeff Redd and Keith Jones (collectively "Plaintiffs in Issue") and multiple other plaintiffs, all of whom were then represented by counsel, filed the operative First Amended Complaint asserting a claim of inducement of copyright infringement against remaining defendant CBS Interactive Inc. By orders dated August 30, 2013 ("August Order") and March 31, 2014 ("March Order"), this Court granted counsel's motion for leave to withdraw as counsel for the Plaintiffs in Issue and others, ordered that the Plaintiffs in Issue and others were now proceeding *pro se*, and directed the Clerk to update the docket to reflect the last known addresses for the Plaintiffs in Issue and others as reflected on documentation submitted by counsel. Such addresses are the current addresses of record for the Plaintiffs in Issue.

1    The Clerk caused the March Order to be mailed to the Plaintiffs in Issue at
2 their current addresses of record on or about March 31, 2014.  The copies of the
3 March Order which were sent to Isaac Freeman, Jr., Diamond Smith and Keith
4 Jones were returned undelivered on April 18, 2014, June 2, 2014, and July 1, 2014,
5 respectively.  The copy of the March Order which was sent to Jeff Redd has not
6 been returned to date.
7    On May 8, 2014, this Court issued an Order on Joint Stipulation of Counsel
8 to Vacate Trial and Related Dates Pending Rulings ("May Order").  The Clerk
9 caused the May Order to be mailed to the Plaintiffs in Issue at their current
10 addresses of record on or about May 8, 2014.  The copies of the May Order which
11 were sent to Isaac Freeman, Jr. and Jeff Redd were returned undelivered on
12 May 29, 2014 and June 4, 2014, respectively.  The copies of the May Order which
13 were sent to Diamond Smith and Keith Jones have not been returned to date.
14    In light of the foregoing, the Court, on July 31, 2014, issued an order ("Order
15 to Show Cause") directing the Plaintiffs in Issue, by not later than August 14, 2014,
16 to update their addresses of record and to show cause why this action should not be
17 dismissed as to the Plaintiffs in Issue for lack of prosecution.  The Order to Show
18 Cause, which was sent to the Plaintiffs in Issue at their current addresses of record,
19 also expressly cautioned that the failure timely to comply therewith might result in
20 the dismissal of this action for want of prosecution and/or for failure to comply with
21 such order.  The Clerk caused the Order to Show Cause to be mailed to the
22 Plaintiffs in Issue at their current addresses of record on or about July 31, 2014.
23 On August 14, 2014, the copy of the Order to Show Cause which was sent to Isaac
24 Freeman, Jr. was returned undelivered.  Although the deadline to respond to the
25 Order to Show Cause has now passed, to date, none of the Plaintiffs in Issue has
26 filed a response thereto.
27    Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the
28 Court and opposing parties apprised of such party's current address.  Local Rule 41-

6 further provides that if mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, as detailed above, more than fifteen (15) days have passed since one or more orders sent to the Plaintiffs in Issue at their current addresses of record have been returned by the Postal Service. To date, the Plaintiffs in Issue have not notified the Court of their current addresses. Nor has any Plaintiff in Issue timely responded to the Order to Show Cause.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot indefinitely hold this case in abeyance as to the Plaintiffs in Issue based on their failure to notify the Court of their correct addresses as directed and their failure to respond to the Order to Show Cause. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just

because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the apparent inability to communicate with the Plaintiffs in Issue based on their failure to keep the Court apprised of their current addresses, and as this Court has already cautioned or attempted to caution the Plaintiffs in Issue of the consequences of failing to prosecute this action and afforded, or attempted to afford them the opportunity to do so, and as the Plaintiffs in Issue have not responded, no sanction lesser than dismissal is feasible.

     Accordingly, it is ORDERED that this action is dismissed as to the Plaintiffs in Issue for lack of prosecution and for failure to comply with a Court order.

     IT IS SO ORDERED.

DATED:  8/27/14 _____

                                   _____
                                   HONORABLE DALE S. FISCHER
                                   UNITED STATES DISTRICT JUDGE