UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| none present | none present |

**Proceedings:**     (IN CHAMBERS)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION REGARDING WAIVER AND PRODUCTION OF ASSERTEDLY PRIVILEGED DOCUMENTS**

**I.     Summary**

Pending before the Court and addressed herein is the portion of defendant CBS Interactive Inc.'s ("CBSI" or "defendant") Motion to Compel Compliance with Court Order and Further Responses to Interrogatories ("Motion to Compel") which seeks an order (1) finding that plaintiffs, by not including documents in a privilege log as ordered by the Court, have waived all applicable privileges over any documents responsive to request for production nos. 1-5, 11-15, 21, 22, 26-28, 30-32 and 39 and modified versions of request for production nos. 20, 29, 33-35, 57 and 58 that were in their possession, custody or control as of the Court-ordered production deadline; and (2) directing plaintiffs promptly to produce such documents.[1]  (JS at 128-30).  Plaintiffs – except Gerald Spence whose status as a plaintiff

---

[1] In connection with the Motion to Compel, the parties submitted a joint stipulation ("Joint Stipulation " or "JS"), a declaration of Erin Simon ("Simon MTC Decl.") with exhibits ("Simon MTC Ex."), a declaration of Ashley E. Martabano ("Martabano MTC Decl.") with exhibits ("Martabano MTC Ex."), a declaration of Christian Anstett ("Anstett MTC Decl") with exhibits ("Anstett MTC Ex."), plaintiffs' supplemental memorandum ("Pltf. MTC Supp.") and another declaration of Ashley E. Martabano ("Martabano Supp. Decl."), and defendant's supplemental memorandum ("Deft. MTC Supp.") with exhibits ("Deft. MTC Supp. Ex.").  The Court has also considered, to the extent pertinent, the parties' submissions in connection with defendant's related motion to compel production of subpoenaed documents from Gerald Spence (Docket Nos. 96-100 and 125, including declarations of Spence ["Spence Decl."] and counsel Christian Anstett ["Anstett Spence MTC Decl."]), the arguments at the August 13, 2013 hearing on the Motion to Compel (8/3/13 Transcript [Docket No. 134]), and the parties' submissions and arguments in connection with the September 10, 2013 and September 16, 2013

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

was in question – initially responded that they have not withheld responsive documents based upon an assertion of privilege. (JS at 142). Such plaintiffs have since suggested that, to the extent they are deemed to have possession, custody or control of documents in Spence's possession, custody or control, the privilege logs Spence produced in August 2013, constitute their privilege logs as well.

Based upon this Court's consideration of the parties' submissions and arguments regarding the waiver and privilege issues and pertinent legal authorities, the Court grants in part and denies in part the Motion to Compel regarding the waiver and privilege issues. More specifically, and as further explained below, the Court (1) finds that plaintiffs have waived any privileges as to documents in their possession, custody or control as of August 30, 2013 which are not included on privilege logs produced in August 2013; (2) orders plaintiffs to produce any such documents by September 22, 2014 (or later deadline to which the parties agree in writing); (3) declines to find a waiver or to order plaintiffs to produce documents included on privilege logs produced in August 2013 *at this juncture*; and (4) affords plaintiffs one *final* opportunity to produce, by September 22, 2014 (or later deadline to which the parties agree in writing), a consecutively numbered chronological supplemental privilege log and supporting declaration(s) relative to the items which appear on the August 27, 2013 privilege log and which (a) identify the preparer(s) of the log and person(s) who can knowledgeably attest to the basis for the inclusion of the items and the assertions of privilege therein; (b) explain the basis for the inclusion of the items and the assertions of privilege therein; and (c) provide sufficient information to enable others to assess such claims of privilege, including the purpose(s) of each communication, a more detailed/less

---

[1](...continued)
status conferences (respectively, 9/10/13 Transcript [Docket No. 193] and 9/16/13 Transcript [Docket No. 210]). Defendant's submissions in connection with such status conferences consist of (1) Defendant's Status Report Following Close of Discovery ("Deft. Status Report") with a declaration of Erin Simon ("Simon Status Report Decl.") and exhibits ("Simon Status Report Ex."); (2) Defendant's Supplement to Status Report ("Deft. 1st Supp.") with a supporting declaration of Erin Simon ("Simon 1st Supp. Decl.") and exhibits ("Simon 1st Supp. Ex."); and (3) Defendant's Second Supplement to Status Report ("Deft. 2nd Supp.") with a supporting declaration of Jennifer L. Kelly ("Kelly 2nd Supp. Decl.") and exhibits ("Kelly 2nd Supp. Ex."). Plaintiffs' submissions in connection with status conferences are: (1) Plaintiffs' Status Report for September 10, 2013 Status Conference ("Pltf. Status Report") with a declaration of Christian A. Anstett ("Anstett Status Report Decl.") and exhibits ("Anstett Status Report Ex.") and a declaration of Scott M. Malzahn ("Malzahn Status Report") and exhibits ("Malzahn Status Report Ex."); (2) Plaintiffs' Response to Deft.['s] 1st Supp. ("Pltf. 1st Supp.") with a corrected declaration of Christian Anstett ("Anstett 1st Supp. Decl.") and exhibits ("Anstett 1st Supp. Ex."); and (3) Plaintiffs' Second Supplemental Submission Regarding Status Conference ("Pltf. 2nd Supp.") with a supporting declaration of Christian Anstett ("Anstett 2nd Supp. Decl.") and exhibits ("Anstett 2nd Supp. Ex.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

cryptic description of each communication, and, as to each communication involving Gerald Spence the capacity/capacities in which he was then acting.[2]

## II. Procedural History

### A. Pleadings – Parties

On November 14, 2011, 58 plaintiffs, including Gerald Spence, initiated this action by filing the Original Complaint against CBSI and CNET Networks, Inc.[3] (Docket No. 1).

After the filing of the Original Complaint, but before July 25, 2012, Spence advised plaintiffs' counsel that he wished to withdraw/dismiss his claims in this case and to cease being a party. (Anstett MTC Decl. ¶ 3; Spence Decl. ¶ 3).

On July 25, 2012, the same 58 plaintiffs named in the Original Complaint filed the operative First Amended Complaint raising a single claim of inducement of copyright infringement against CBSI and CNET Networks, Inc. (Docket No. 31). The caption of the First Amended Complaint includes Gerald Spence as a plaintiff, but Spence is not listed as a plaintiff in the body of such document. (Docket No. 31). The inclusion of Spence's name in the caption of the First Amended Complaint was assertedly a typographical error. (Docket No. 142-1 [Declaration of Christian Anstett in Support of Motion for Leave to Amend Caption of Plaintiffs' First Amended Complaint], ¶ 3).

After the filing of the First Amended Complaint, plaintiffs' counsel telephonically advised defendant's then counsel that Spence was no longer a plaintiff. (Anstett MTC Decl. ¶ 4).

On August 7, 2012, the parties stipulated to the dismissal with prejudice of plaintiff Alkiviades David's claims against defendants, leaving a total of 57 plaintiffs. (Docket No. 33). On August 13, 2012, defendants filed an Answer responding to the allegations in the First Amended Complaint and asserting multiple affirmative defenses. (Docket No. 34).

On February 25, 2013, the District Judge, in accordance with the parties' stipulation, dismissed defendant CNET from this case without prejudice, leaving CBSI as the sole defendant. (Docket No. 60).

---

[2]To the extent the Court herein references information that a party has designated as confidential/highly confidential, the Court has found no good cause to withhold such information from the public record.

[3]The Court counts deceased plaintiff William Tennyson and the William Tennyson Estate as a single plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

  On April 26, 2013, defendant, through current counsel, inquired as to whether Spence remained a plaintiff in the action in light of his inclusion in the caption, but not the text of the First Amended Complaint. (Anstett MTC Decl. ¶ 5; Anstett MTC Ex. A). On April 30, 2013, plaintiffs' counsel responded that Spence was "no longer a plaintiff in this action." (Anstett MTC Decl. ¶ 5; Anstett MTC Ex. A). On May 7, 2013, plaintiffs' counsel advised that such counsel could nonetheless accept service on behalf of Spence. (Anstett MTC Decl. ¶ 6; Anstett MTC Ex. B). Thereafter, the parties had multiple exchanges in which plaintiffs' counsel reiterated that Spence was no longer a plaintiff and defendant's counsel took the positions that Spence's status was "uncertain" and that he remained a plaintiff. (Anstett MTC Decl. ¶¶ 7-9; Anstett MTC Ex. D). Plaintiffs thereafter filed a motion for leave to amend the caption of the First Amended Complaint to remove Spence's name therefrom, which defendant opposed. (Docket Nos. 142, 159).

  On September 16, 2013, the District Judge approved the parties' September 13, 2013 stipulation to dismiss this action as to twelve plaintiffs and dismissed the action as to such plaintiffs with prejudice, leaving 45 plaintiffs.[4] (Docket Nos. 184, 188).

  On September 19, 2013, the District Judge denied plaintiffs' motion to amend the caption of the First Amended Complaint to remove Gerald Spence, finding that it was "not clear that Mr. Spence dropped all of his claims and was no longer a plaintiff as of the filing of the [First Amended Complaint]." (Docket No. 190).

  On March 31, 2014 and August 27, 2014, the District Judge dismissed this action as to six other plaintiffs for lack of prosecution,[5] leaving 39 remaining plaintiffs.[6]

---

  [4]More specifically, the District Judge dismissed the action as to the following plaintiffs: (1) Detron Bendross; (2) Reginald Brooks; (3) Jonathan Carlton; (4) Nacolbie Edwards; (5) Vancito Edwards; (6) Emanon Johnson; (7) Nailah Lamees; (8) Dana McCleese; (9) Anthony Robinson; (10) Chris Stokes; (11) Yolanda Whitaker; and (12) Kevin Williams.

  [5]More specifically, the District Judge dismissed this action as to the following plaintiffs: (1) Solid Production; (2) Sugar Hill Music, (3) Isaac Freeman, Jr.; (4) Keith Jones; (5) Jeff Redd; and (6) Diamond Smith.

  [6]The remaining 39 plaintiffs are: (1) Steven Batiz; (2) Tony Bell; (3) Derrick Braxton; (4) Elijah Brown; (5) Horace Brown; (6) Oscar Brown; (7) Luther Campbell; (8) **Drew Carter**; (9) Solomon Conner; (10) Attrell Cordes; (11) **Jarret Cordes**; (12) Dayquan Davis; (13) Douglas Davis; (14) Kareem Davis; (15) Solamin Davis; (16) **Emmanuel Ramone Deanda**; (17) Willie Finch; (18) **John Fletcher**; (19) Darryl Gibson; (20) Mitchell Graham; (21) Jalil Hutchins; (22) Oran Jones; (23) Tarsha Jones;

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

**B.    Discovery Cut-Off, Pertinent Discovery Motions/Proceedings, and Discovery Orders**

On August 28, 2012, the District Judge set a non-expert Discovery Cut-off of August 30, 2013, which was not extended.[7]

On May 21, 2013, defendant filed a motion to compel further responses to discovery ("May Motion") which sought, among other things, an order compelling plaintiffs to provide complete responses to certain of defendant's documents requests.[8] (Docket No. 64, 65, 67). On June 11, 2013, this Court held a hearing on the May Motion and granted it in part and denied it in part ("June Order"). (Docket Nos. 71, 72; 6/25/13 Transcript [Docket No. 74]). The June Order, among other things, directed plaintiffs, by not later than June 25, 2013, to (1) produce all non-privileged documents in their possession, custody or control which were responsive to request for production nos. 1-5, 11-15, 21, 22, 26-28, 30-32 and 39 and modified versions of request for production nos. 20, 29, 33-35, 57 and 58; and (2) a privilege log relative to all documents withheld based upon an assertion of privilege. (Simon MTC Ex. B; 6/11/13 Transcript at 9-12, 15-16, 43-44).[9]

No plaintiff produced a privilege log by June 25, 2013. (Simon MTC Decl. ¶ 23; Simon Status Report Decl. ¶ 24). On August 2, 2013, plaintiffs' counsel for the first time produced a privilege log.

---

[6](...continued)
(24) Barry Moody; (25) Quame Riley; (26) Nicholas Sanchez; (27) **Jonathan Shinhoster**; (28) **Reminisce Smith**; (29) Gerald Spence; (30) Irene Stokes; (31) Juanita Stokes; (32) William Tennyson/The Tennyson Estate; (33) Carl Thomas; (34) **Jeff Thompkins**; (35) Rondell Turner; (36) **Ricky Walters**; (37) Joseph Williams; (38) Raheem Williams; and (39) Case Woodward. The plaintiffs whose names appear in bold-face print, although previously represented by Baker Marquart LLP, are now proceeding *pro se*.

[7]With the District Judge's authorization, the Magistrate Judge authorized limited discovery beyond the discovery cut-off. The District and Magistrate Judges vacated other deadlines pending the Magistrate Judge's determination of the instant issues and other discovery issues.

[8]The document requests in issue were not directed to Spence (presumably because the parties were then proceeding on the assumption that he was no longer a plaintiff). (Docket No. 67, Ex. C at 34 [cover page of requests for production with footnote listing plaintiffs to whom requests directed]). Accordingly, the June Order, although directed to "plaintiffs," did not impose any obligation upon Spence as a plaintiff.

[9]This Court did not then caution plaintiffs that the failure timely to produce a privilege log or other items called for by the June Order might subject plaintiffs to sanctions (or that it might result in the Court deeming plaintiffs to have waived any privileges).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

(Simon Status Report Ex. 13; Simon 1st Supp. Decl. ¶ 8; Simon 1st Supp. Ex. C). As detailed below, the evidence in the record is inconsistent as to whether such log and subsequently provided logs were produced on behalf of Spence only or on behalf of all plaintiffs, and relatedly reveals that Spence has acted in multiple capacities vis-a-vis the other plaintiffs.

Spence, who is not an attorney, assertedly has acted at least as: (1) a business associate of nine remaining plaintiffs on matters unrelated to this litigation;[10] (2) an agent of all but fifteen of the plaintiffs named in the Original Complaint and First Amended Complaint related to this action as of at least May 2011 – prior to being retained by plaintiffs' counsel;[11] and (3) a retained, but unpaid consultant to/agent of plaintiffs' counsel relative to all plaintiffs in connection with this litigation since the outset of this litigation.[12] (8/13/13 Transcript at 5-11; Spence Decl. ¶¶ 2-7; Simon Status Report Ex. 20; Kelly 2nd Supp. Ex. N at 148; Anstett 2nd Supp. Exs. A, E).

As to the third capacity, the retention arrangement assertedly was originally verbal and had no "terms," but was documented in a backdated written agreement in approximately July 2013. (8/13/13

///
///
///
///

---

[10] Such remaining plaintiffs are: (1) Steven Batiz; (2) Elijah Brown; (3) Dayquan Davis; (4) Douglas Davis; (5) Willie Finch; (6) Tarsha Jones; (7) Barry Moody; (8) Nicholas Sanchez; and (9) Raheem Williams. (Spence Declaration, ¶¶ 6, 7). None of those business arrangements have been memorialized in written contracts. (Spence Decl. ¶ 6; Anstett 2nd Supp. Ex. D).

[11] The record does not reflect which fifteen plaintiffs are excepted from this group. Plaintiffs' counsel represented that Spence's arguable agency relationship with litigants predating plaintiffs' counsel's retention of Spence also predated the filing of a prior related and since dismissed lawsuit. (8/13/13 Transcript at 8-10 [referencing Alki David, et al. v. CBSI, et al, CDCA No. 11-3807 DSF(JCx), in which several of the plaintiffs in this action, not including Spence, were plaintiffs and were then represented by Adam B. Wolfson and Michael T. Zeller (collectively "Quinn Emanuel attorneys") of Quinn Emanuel Urquhart and Sullivan LLP (the "predecessor lawsuit")]). Spence testified that he was never a consultant for the Quinn Emanuel firm. (Simon 1st Supp. Ex. F at 47).

[12] Spence has represented that he served in such capacity since October 2011. (Spence Declaration ¶ 2; Kelly 2nd Supp. Ex. N at 148; Anstett 2nd Supp. Ex. A). Plaintiffs' counsel represented that Spence served in such capacity since at least the filing of the First Amended Complaint (*i.e.*, July 25, 2012). (8/13/13 Transcript at 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

Transcript at 5-6, 31; Simon Status Report Ex 16 at 268-69 and Ex. 20; Anstett 2nd Supp. Ex. A).[13] Spence assertedly agreed to liaise with counsel on plaintiffs' behalf and was "retained" by counsel to coordinate litigation efforts with certain plaintiffs. (Spence Declaration ¶ 2). He has assertedly facilitated communications between plaintiffs and counsel and, at counsel's direction has had numerous conversations with various plaintiffs in which he described the allegations against defendant and the alleged underlying conduct by defendant that assertedly gave rise to this lawsuit and has assisted plaintiffs in preparing discovery responses. (Spence Decl. ¶¶ 2, 4, 5; Anstett Spence MTC Decl. ¶ 15).

Plaintiffs' counsel initially referred to the August 2, 2013 log as "Plaintiff Sugar Hill Music's privilege log," but shortly thereafter noted that the log had been "mislabeled [and was] Mr. Spence's privilege log not plaintiff's [sic]." (Simon 1st Supp. Decl. ¶ 8; Simon 1st Supp. Ex. C).

As noted above, on July 23, 2013, defendant filed the Motion to Compel in issue seeking among other things, an order finding that plaintiffs have waived all privileges in connection with any documents they had been ordered to, but did not log by June 25, 2013, and directing them promptly to produce any such documents.

On August 13, 2013, this Court held a hearing on, and granted in part the Motion to Compel and a separate motion to compel production of subpoenaed documents from plaintiff Spence ("August Order").[14] (Docket No. 133). The August Order, among other things: (1) ordered plaintiffs to produce the following items called for by the June Order by not later than August 30, 2013: (a) all non-privileged documents in plaintiffs' possession, custody or control responsive to request for production nos. 1-5, 11-15, 21, 22, 26-28, 30-32 and 39 and modified versions of request for production nos. 20, 29, 33-35, 57 and 58; and (b) an updated privilege log regarding any documents withheld based upon an assertion of privilege; and (2) directed Spence and plaintiffs' counsel to revise, correct, and update the August 2, 2013 privilege log and produce any documents incorrectly included thereon by August 20,

---

[13]The only copy of such written letter agreement in the record is signed by Spence alone, not any representative of plaintiffs' counsel, and does not bear plaintiffs' counsel's letterhead (or any letterhead). (Kelly 2nd Supp. Ex. N at 148). Plaintiffs' counsel affirmed the existence of a signed such written agreement on the record at the August 13, 2013 hearing. (8/13/13 Transcript at 5, 31).

[14]As noted above, at this juncture, the parties disagreed as to whether Spence was or was not a plaintiff and the District Judge had not yet ruled on the matter. As previously noted, defendant's document requests to plaintiffs did not list Spence as a plaintiff to whom such requests were directed. (Docket No. 67, Ex. C at 34 [cover page of requests for production with footnote listing plaintiffs to whom requests directed]). Defendant instead later served Spence with a subpoena seeking many of essentially the same categories of documents called for by the document requests. (8/13/13 Transcript at 21; Anstett MTC Ex. C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

2013. (Docket No. 133). The Court also admonished plaintiffs that any future failure to comply with Court orders may result in the imposition of sanctions including terminating, preclusive, evidentiary and monetary sanctions. (Docket No. 133). The Court submitted portions of the Motion to Compel, including the portion which sought an order finding that plaintiffs had waived all privileges in connection with any documents they had not logged by June 25, 2013, and directing them to produce any such documents.

At the August 13, 2013 hearing, the Court observed that "Spence's" August 2, 2014 privilege log was effectively also plaintiffs' privilege log. (8/13/13 Transcript at 30). Plaintiffs' counsel agreed that it was "to some extent." (8/13/13 Transcript at 30). The Court also observed that such log was deficient in multiple respects.[15] (8/13/13 Transcript at 23-25).

On August 20, 2013, plaintiffs' counsel produced a second version of a privilege log, identifying it as "a supplemental privilege log for Gerald Spence[.]" (Simon Status Report Decl. ¶ 24; Simon Status Report Ex. 14; Simon 1st Supp. Decl. ¶ 9; Simon 1st Supp. Ex. D). On August 27, 2013, plaintiffs' counsel produced a final consolidated version of Spence's privilege log ("final log") at Spence's August 27, 2013 deposition. (Simon Status Report Decl. ¶ 24; Simon Status Report Ex. 15; Simon 1st Supp. Decl. ¶ 10). (The Court collectively refers to the August 2, 2013, August 20, 2013 and August 27, 2013 privilege logs as the "August privilege logs.").

The parties thereafter submitted further discovery status reports and the Court held two additional status conferences on September 10, 2013 and September 16, 2013. See supra note 1.

During the September 10, 2013 status conference, plaintiffs' counsel affirmatively represented that "Mr. Spence's privilege log was a privilege log that was provided not only on his behalf, but on behalf of the other plaintiffs to the case too." (9/10/13 Transcript at 67, 68).[16]

---

[15]The Court noted that (1) it failed to include the names of parties to the communications (and instead included only email addresses); (2) it failed to reflect the role of the parties to the communications (*e.g.*, attorney); (3) it included communications with third parties, such as government agencies, which could not be privileged; (4) it included communications which appeared to have been undertaken in Spence's role as a business associate of certain plaintiffs; and (5) the log was untimely and should have been produced in conjunction with plaintiffs' responses to defendant's document requests instead of merely in conjunction with Spence's response to a subpoena. (8/13/13 Transcript at 23-25).

[16]On September 12-13, 2013, Spence produced contracts signed by multiple plaintiffs (including 21 remaining plaintiffs) agreeing to pay Spence a share of their recovery in this action for serving as their personal representative and agent in connection with an infringement action against defendant.

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

### III. Pertinent Law

Questions of privilege that arise in the course of the adjudication of federal rights – such as those involved in this action – are governed by the principles of federal common law. United States v. Zolin, 491 U.S. 554, 562 (1989) (citing Federal Rule of Evidence 501).

Under federal common law, information is covered by the attorney-client privilege, if: (1) legal advice was sought, (2) from a professional legal advisor in his or her legal capacity, (3) the communications were related to that purpose, (4) were made in confidence, (5) by the client or the attorney, (6) the privilege is asserted by the client, (7) to prevent disclosure by the client or the attorney, and (8) the protection has not been waived. See United States v. Graf, 610 F.3d 1148, 1156 (9th Cir. 2010) (citations omitted).[17] Communications between a lawyer and a client which enable the lawyer to perform a legal function are also privileged. United States v. Chen, 99 F.3d 1495, 1501 (9th Cir. 1996), cert. denied, 520 U.S. 1167 (1997). The attorney-client privilege may also extend to communications

---

[16](...continued)
(Kelly 2nd Supp. Decl. ¶ 11; Kelly 2nd Supp. Exs. G-K [dated August to October 2011]). Such remaining plaintiffs are: (1) Steven Batiz; (2) Derrick Braxton; (3) Elijah Brown; (4) Luther Campbell; (5) Drew Carter; (6) Dayquan Davis; (7) Douglas Davis; (8) Solamin Davis; (9) John Fletcher; (10) Mitchell Graham; (11) Oran Jones; (12) Tarsha Jones; (13) Barry Moody; (14) Quame Riley; (15) Nicholas Sanchez; (16) Irene Stokes; (17) Juanita Stokes; (18) William Tennyson/The Tennyson Estate; (19) Carl Thomas; (20) Rondell Turner; and (21) Ricky Walters. (Kelly 2nd Supp. Decl. ¶ 11; Kelly 2nd Supp. Exs. G-K). The contracts identify Spence's New York counsel, Robert Celestin, as a person to whom notice could be sent. (Kelly 2nd Supp. Decl. ¶ 11; Kelly 2nd Supp. Exs. G-K). At his deposition, Spence testified that he had written contracts with some plaintiffs and oral contracts with others, expressed uncertainty as to the plaintiffs with which he had written agreements, but stated that he did not have such a written contract with Douglas Davis (contrary to the above) and both that he did and might not have such a written contract with Dayquan Davis. (Anstett 2nd Supp. Ex. E).

[17]Business advice does not fall within the purview of attorney-client privilege. United States v. Ruehle, 583 F.3d 600, 608 n.8 (9th Cir. 2009). Although the Ninth Circuit does not appear to have addressed the issue, other circuits and other district courts in the Ninth Circuit have determined that a party asserting that a communication is privileged must demonstrate that the "dominant" or "primary" purpose of the communication is to obtain legal advice. See, e.g., County of Erie, 473 F.3d 413, 420 & n.7 (2d Cir. 2007) (applying "predominant purpose" test) (citing, *inter alia*, 24 Charles Alan Wright & Kenneth W. Graham, Federal Practice and Procedure § 5490 (1986) (observing that while this issue is "seldom discussed by the courts and writers," the majority rule is the "dominant purpose doctrine")); Mora v. Baroni, 2008 WL 2509143 *7 (E.D. Cal. June 23, 2008); United States v. ChevronTexaco Corp., 241 F. Supp. 2d 1065 (N.D. Cal. Sept. 12, 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

with third parties who have been engaged to assist the attorney in providing legal advice, United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011), and to communications shared with a third party who is acting as an agent of the client, United States v. Landof, 591 F.2d 36, 39 (9th Cir. 1978).

The work product doctrine, codified in Federal Rule of Civil Procedure 26(b)(3), generally protects from discovery documents prepared (1) in anticipation of litigation or for trial;[18] and (2) by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent). See Fed. R. Civ. P. 26(b)(3); In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir. 2004). As at least one District Judge in this District has recently recognized, the work product doctrine is not limited to work performed by or for an attorney and extends to work performed by or for a party or any representative acting on his behalf. Frank O'Connell v. J.D. Smith, No. 13-1905 MWF(PJWx) (C.D. Cal. Aug. 4, 2014).

Rule 26(b)(3) distinguishes between work product, which consists of factual material prepared in anticipation of litigation or trial ("fact work product"), and opinion work product, which consists of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Fact work product is discoverable only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. See Fed. R. Civ. P. 26(b)(3); Upjohn Co. v. United States, 449 U.S. 383, 400-02 (1981); In re Grand Jury Subpoena, 357 F.3d at 906. Opinion work product is discoverable only "when mental impressions are at issue in a case and the need for the material is compelling." Holmgren v. State Farm Mutual Automobile Insurance Co., 976 F.2d 573, 577 (9th Cir. 1992).

The party asserting a privilege bears the burden of proving each essential element of such privilege. United States v. Ruehle, 583 F.3d 600, 608 (9th Cir. 2009). To meet this burden, a party must demonstrate that its documents adhere to the essential elements of the privilege in issue. See In re Grand Jury Investigation, 974 F.2d 1068, 1070-71 (9th Cir. 1992). In essence, the party asserting the privilege

---

[18] A document should be deemed prepared "in anticipation of litigation," and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. In re Grand Jury Subpoena, 357 F.3d 900, 907 (9th Cir. 2004). The "because of" standard does not consider whether litigation was a primary or secondary motive behind the creation of a document. Id. at 908. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation. Id. (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

must make a *prima facie* showing that the privilege protects the information the party intends to withhold. Id. at 1071; see Fed. R. Civ. P. 26(b)(5)(A) (when party withholds information otherwise discoverable by claiming that information is privileged, party must expressly make such claim and describe nature of the documents, communications, or things not produced or disclosed in manner that, without revealing information itself privileged, will enable other party to assess claim). Parties generally make or attempt to make the requisite showing through a privilege log. See In re Grand Jury Investigation, 974 F.2d at 1071 ("We have previously recognized a number of means of sufficiently establishing the privilege, one of which is the privilege log approach.") (citing Dole v. Milonas, 889 F.2d 885, 888 n.3, 890 (9th Cir. 1989)).

The attorney-client privilege and the protection for work product may be waived by disclosure or by other conduct.[19] United States v. Nobles, 422 U.S. 225, 239-40 (1975). For example, voluntarily sharing privileged information with third parties will generally destroy the attorney-client privilege unless the third party is acting as an agent of the attorney or client. See In re Pacific Pictures Corp., 679 F.3d at 1126-27; United States v. Landof, 591 F.2d at 39. Although the Court has located no Ninth Circuit authority addressing such issue as to the work product doctrine, most circuits which have addressed the issue have held that the voluntary disclosure of work product to a third party does not waive the work product protection unless such disclosure enables an adversary to gain access to the information.[20]

---

[19]The Ninth Circuit has recognized that the "common interest" or "joint defense" rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other in accordance with some form of an agreement, whether written or unwritten. In re Pacific Pictures Corp., 679 F.3d 1121, 1129 (9th Cir. 2012) (citations omitted); but see United States v. Gonzalez, 669 F.3d 974, 981 (9th Cir. 2012) (characterizing same as an extension of the attorney-client privilege). Such rule protects not only the confidentiality of communications passing from a party to his attorney, but also from one party to the attorney for another party where a joint effort or strategy has been decided upon and undertaken by the parties and their respective counsel. United States v. Austin, 416 F.3d 1016, 1021 (9th Cir. 2005). The rule applies irrespective of whether or not litigation has begun or is contemplated. Continental Oil v. United States, 330 F.2d 347, 350 (9th Cir. 1964). The privileged status of communications falling within the common interest doctrine cannot be waived without the consent of all of the parties. Gonzalez, 669 F.3d at 982 (citations omitted).

[20]See United States v. Massachusetts Institute of Technology, 129 F.3d 681, 687 & n.6 (1st Cir. 1997) (waiver of work product protection differs slightly from waiver of attorney-client privilege in that original disclosure must be to an "adversary" in order to find initial waiver); In re Steinhardt Partners, L.P., 9 F.3d 230, 235 (2nd Cir. 1993) (voluntary disclosure of work product to adversary constitutes

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

    While the untimely assertion of a privilege is a factor to be considered in assessing whether a party has waived such privilege, the Ninth Circuit has rejected a per se waiver rule that deems a privilege waived if a privilege log is not produced within the time limits provided in Fed. R. Civ. P. 34 or in a pertinent agreement or order.  Burlington Northern & Santa Fe Railway Co. v. United States District Court for District of Montana ("Burlington"), 408 F.3d 1142, 1149 (9th Cir. 2005).  Instead, a district court should make a case-by-case determination, taking into account the following factors:  (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard.  Id.  These factors should be applied in the context of a holistic reasonableness analysis, intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process.  Id.  They should not be applied as a mechanistic determination of whether the information is provided in a particular format.  Id.

///
///

---

    [20](...continued)
waiver as to other parties; declining to adopt rule that disclosure of work product to third party otherwise waives work product protection as doing so would not account for situation in which disclosure made to third party with common interests); In re Chevron Corp., 633 F.3d 153, 165 (3rd Cir. 2011) (it is only in cases in which work product material is disclosed in a manner inconsistent with keeping it from an adversary that the work product doctrine is waived); Ecuadorian Plaintiffs v. Chevron Corp., 619 F.3d 373, 378 (5th Cir. 2010) (work product not automatically waived by disclosure of protected material to third parties, but is waived if disclosure has substantially increased opportunities for potential adversaries to obtain the information); In re Columbia/HCA Healthcare Corp. Billing Practices Litigation, 293 F.3d 289, 306 (6th Cir. 2002) (absent initial disclosure to an adversary, work product protection not waived by voluntary disclosure to third party), cert. dismissed, 539 U.S. 977 (2003); United States v. Deloitte LLP, 610 F.3d 129, 139-40 (D.C. Cir. 2010) (voluntary disclosure of work product to third party does not necessarily waive work product; such disclosure can waive protection if, under the circumstances, it is inconsistent with the maintenance of secrecy from the disclosing party's adversary); Genentech, Inc. v. United States International Trade Commission, 122 F.3d 1409, (Fed. Cir. 1997) (generally disclosure of work product to third party, such as an adversary in litigation, constitutes a waiver); see also In re Syncor ERISA Litigation, 229 FRD 636, 645 & n.8 (C.D. Cal. 2005) (work product protection waived where disclosure made to third party and that disclosure enables adversary to gain access to the information); but see United States v. Ary, 518 F.3d 775, 783 (10th Cir. 2008) (courts will imply a waiver when a party claiming work product protection has voluntarily disclosed work product to a party not covered by the work product doctrine).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

**IV.    Discussion and Orders**

First, plaintiffs clearly had an obligation to conduct a reasonable inquiry for, and timely to produce all documents in their possession, custody or control responsive to the document requests which are the subject of the June and August Order, and to contemporaneously produce a privilege log regarding any documents withheld based upon an assertion of privilege.[21]  This includes documents in the possession, custody or control of Spence because, irrespective of whether or not Spence is/was then characterized as a plaintiff, all plaintiffs are deemed contemporaneously to have had possession, custody or control of relevant documents in Spence's possession if, for no other reason, than that he assertedly acted as an agent of plaintiffs' counsel relative to all plaintiffs in connection with this litigation at the pertinent times in issue.  Plaintiffs' counsel conceded as much at the August 13, 2013 hearing.  (8/13/13 Transcript at 12-13) (plaintiffs' counsel responding that the Court was "correct" in stating that all plaintiffs were deemed to have possession, custody or control of information in Spence's possession, custody or control because Spence assertedly was plaintiffs' counsel's agent as to all plaintiffs). Accordingly, plaintiffs (except Spence, see supra notes 8, 21) had an obligation to produce by June 25, 2013:  (1) documents then in their own and Spence's possession, custody or control which were responsive to the document requests in issue and encompassed by the June Order; and (2) a privilege log as to any documents withheld based upon an assertion of privilege.  Plaintiffs did not do so.

Second, the Court addresses whether plaintiffs (except Spence) have waived or should be deemed to have waived any privilege/work product protection as to documents in their possession, custody or control as of June 25, 2013 (the production deadline in the June Order) and August 30, 2013 (the production deadline in the August Order) which were not included on *any* privilege log in the record as of the parties' latest submissions on the issue (*i.e.*, September 20, 2013).[22]  The Court, after considering the factors set out in Burlington and performing the holistic reasonable analysis referenced therein, concludes that the circumstances here warrant a finding that each remaining plaintiff (except Spence) has waived any privilege/work product protection he/she may have relative to any such

///

---

[21]The Court excepts Spence from the "plaintiffs" who had such an obligation because, as indicated in note 8, supra, defendant's document requests were not directed to him.  While Spence may well have had a similar obligation by virtue of his asserted agency role vis-a-vis the plaintiffs'/plaintiffs' counsel or as a recipient of the subpoena directed to him, those obligations are not the subject of this order.

[22]As the analysis is somewhat different, the Court separately discusses the waiver issue relative to those documents in plaintiffs' possession, custody or control as of June 25, 2013 and August 30, 2013 which are referenced in the August privilege logs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

documents. Accordingly, plaintiffs (except Spence) are directed to produce any such documents by September 22, 2014 (or later deadline to which the parties agree in writing).[23]

Third, the Court considers whether plaintiffs (except Spence) have waived or should be deemed to have waived any privilege/work product protection as to documents in their possession, custody or control as of June 25, 2013 (the production deadline in the June Order) and August 30, 2013 (the production deadline in the August Order) which were included on the August privilege logs. Preliminarily, and notwithstanding plaintiffs' counsel's vacillation on the matter, the Court, as it intimated at the August 13, 2013 hearing (8/13/13 Transcript at 30), views the August privilege logs to be privilege logs of all plaintiffs, including Spence, at least to the extent a particular plaintiff is a participant in a communication referenced therein. Accordingly, the issue before the Court is whether, in light of plaintiffs' untimely provision of the August privilege logs, plaintiffs (except Spence) have waived any privileges relative to documents referenced thereon and should be ordered to produce such documents. As to that issue, the Court, after considering the factors set out in Burlington and performing the holistic reasonable analysis referenced therein, concludes that the circumstances here do not *at this juncture* warrant the issuance of an order finding a waiver and directing plaintiffs to produce the documents in issue and that plaintiffs should be afforded one *final* opportunity to produce an adequate privilege log and supporting declaration(s). The Court explains its analysis under Burlington and its rationale for the foregoing conclusion below.

As to timeliness, the Court recognizes that the August privilege logs are untimely as they were produced well beyond the presumptive Fed. R. Civ. P. 34 thirty-day deadline, with the first log having been produced on August 2, 2013, more than a month beyond the June 25, 2013 court-ordered deadline, and the final log having been produced on August 27, 2013, more than two months beyond such court-ordered deadline. Such factor weighs in favor of finding a waiver.

As to the magnitude of the document production, the volume of the August privilege logs (ranging from more than 40 pages to more than 60 pages, and referencing approximately 700 documents) point to the scope and magnitude of the document review and production in issue. While it is certainly not the case that each plaintiff individually reviewed/produced a large volume of documents – indeed, the record suggests the contrary – the evidence in the record regarding the magnitude of the collective review/production of documents weighs against a finding of waiver at this juncture.

///

---

[23]To the extent a material and good faith dispute arises as to whether a plaintiff had possession, custody or control of a particular document within the time frame referenced above, such plaintiff shall promptly supply defendant with a sworn statement attesting to when such plaintiff obtained possession, custody or control of such document and the source thereof.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

Next, the particular circumstances of this litigation – including the sheer number of plaintiffs, the lack of sophistication of many such plaintiffs, the attendant logistical difficulties experienced by plaintiffs' counsel in collecting, reviewing and producing documents, the good faith, albeit ultimately incorrect belief of plaintiffs' counsel and Spence regarding Spence's non-party status between July 2012 and September 2013, and the complexity of assessing whether, in light of the multiple capacities in which Spence has assertedly acted, it was appropriate to assert a privilege/work product claim as to a given document – made responding to discovery unusually difficult in this case. Although the Court recognizes that the genesis of all such circumstances rests with plaintiffs, the Court nonetheless concludes that this factor weighs against a finding of waiver at this juncture.

The Court next addresses the degree to which the assertions of privilege in the August privilege logs enable the defendant and the Court to evaluate whether each of the withheld documents is privileged/subject to work product protection. Although the Court has reviewed each such log in detail, it focuses on the final log, produced on August 27, 2013, as the analysis of the other factors above is essentially the same irrespective of which version of the log is in issue. The final log is 46 pages long and, by the Court's count, includes more than 700 documents dated between May 2011 and August 2013. (Simon Status Report Ex. 15). It essentially provides the following information regarding each referenced document: (1) the date the document was generated; (2) the time the document was generated; (3) the author of the document; (4) the recipient(s) of the document; (5) persons who were copied on the document; (6) a "description" of the document; and (7) privilege(s) asserted as to such document. The Court has also considered, to the extent pertinent, other evidence presented by the parties including the sworn statements and testimony of Spence and counsel. In short, in light of the extremely cryptic descriptions provided,[24] the multiple capacities in which Spence assertedly acted relative to the other plaintiffs, the absence of an indication of the capacity/capacities in which he was acting relative to a given communication, the absence of virtually any indication of the purpose(s) of communications,[25] and Spence's apparent inability at his deposition to recall certain facts pertinent to the foregoing issues, the final log and other evidence before the Court are simply insufficient to enable the

---

[24]As examples, but by no means the only instances of overly cryptic descriptions, the final log describes more than 100 documents as "email(s) [or email chains] re lawsuit," more than 75 documents as "email(s) [or email chains] re discovery," multiple other documents as "email(s) re discovery and lawsuit," and more than 40 other documents as "email(s) [or email chains] re copyright(s)." While mindful of the fact that plaintiffs are not required to reveal information itself privileged, the Court nonetheless concludes that few, if any of the entries in the final log provide a description sufficient to enable the Court to assess plaintiffs' claims of privilege/work product protection.

[25]For example, to the extent a communication consists of Spence conveying the advice or request of counsel regarding the collection of discovery to another plaintiff, plaintiffs should state such purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

Court to evaluate plaintiffs' claims of privilege/work product protection. Accordingly, this factor weighs in favor of finding that plaintiffs have waived the privileges/work product protection in issue.

    While the Court, in light of the foregoing, concludes that plaintiffs have not currently met their burden affirmatively to properly invoke the attorney-client privilege and work product protection, and certainly has a basis to deem plaintiffs to have waived the privileges/work product protection asserted in the final log and to order plaintiffs to produce such documents, the Court declines to do so at this juncture. The Court notes that although the final log is in many respects deficient, plaintiffs have remedied many, if not all of the substantive deficiencies previously identified by the Court and conveyed to counsel. See supra note 15. The Court further notes that prior to the instant order, the Court had not addressed the adequacy of plaintiffs' descriptions in any of the logs or the other deficiencies which the Court now affords plaintiffs an opportunity to reassess and cure. Accordingly, by September 22, 2014 (or later deadline to which the parties agree in writing), plaintiffs shall produce to defendant: (1) a consecutively numbered[26] chronological supplemental privilege log and supporting declaration(s) relative to the items which appear on the August 27, 2013 privilege log and which (a) identify the preparer(s) of the log and person(s) who can knowledgeably attest to the basis for the inclusion of the items and the assertions of privilege therein; (b) explain the basis for the inclusion of the items and the assertions of privilege therein; and (c) provide sufficient information to enable others to assess such claims of privilege, including the purpose(s) of each communication, a more detailed/less cryptic description of each communication, and, as to each communication involving Gerald Spence the capacity/capacities in which he was then acting.[27]

    **Plaintiffs are cautioned that the failure timely to produce an adequate supplemental privilege log may be deemed a waiver of any privileges/work product protection relative to the documents in issue (i.e., those currently referenced on the final log).**

    To facilitate plaintiffs' above-referenced reassessment of this matter and to minimize any future disputes between the parties regarding these issues, the Court provides the following guidance: (1) Absent, at a minimum, an indication that Spence (whether acting as an agent of a client or counsel) was conveying (a) counsel's legal advice; (b) counsel's request that counsel's client supply information to enable counsel to render legal advice; (c) a client's request for legal advice; or (d) the client's

---

    [26]The Court requires that the entries be consecutively numbered (*e.g.*, left-most column beginning with "1") for ease of reference should any further disputes arise.

    [27]This Order does not give plaintiffs license to assert privileges/protections not previously asserted in the final log or to include documents not already referenced therein which are responsive to the document requests in issue and which were in plaintiffs' possession, custody or control as of August 30, 2013.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9437 DSF(JCx) | Date | September 5, 2014 |
|---|---|---|---|
| Title | Sugar Hill Music, et al. v. CBS Interactive Inc. | | |

provision of information to enable counsel to render legal advice (collectively "legal-advice-related information"), the Court is disinclined to conclude that communications between Spence and another plaintiff, as to which an attorney is not a participant, are attorney-client privileged; (2) Absent, at a minimum, an indication that communications between Spence (whether acting as an agent of a client or counsel) and his assistants/agents/affiliates were to facilitate the conveyance of the legal-advice-related-information to other plaintiffs or plaintiffs' counsel, the Court is disinclined to conclude that communications between Spence and such assistant/agent/affiliate are attorney-client privileged; (3) Absent, at a minimum, an indication that a communication between Spence and another plaintiff which did not include an attorney as a participant or a communication between Spence and his assistant/affiliate/agent was generated (a) in anticipation of litigation or for trial; and (b) by or for a plaintiff or by or for a plaintiff's representative, the Court is disinclined to conclude that such communication is protected work product; and (4) Absent, at a minimum, an indication that a communication regarding or attaching a retention, representation, or engagement agreement or letter describes or reveals the substance of a confidential professional communication between an attorney and client, the Court is disinclined to deem such a communication privileged.[28]

IT IS SO ORDERED.[29]

|  | Initials of Deputy Clerk | hr |
|---|---|---|

---

[28] The attorney-client privilege does not ordinarily protect information regarding fee arrangements reached with a client unless such disclosure would convey the substance of a confidential professional communication between the attorney and the client. Reiserer v. United States, 479 F.3d 1165 (9th Cir. 2007); Ralls v. United States, 52 F.3d 223, 226 (9th Cir. 1995). For example, where letters of consultation and retainer agreements describe the intended scope of the attorney-client relationship or reveal the client's motivation for seeking legal representation, the nature of the services provided or contemplated, strategies to be employed in the event of litigation, or other confidential information exchanged during the course of representation, such items are privileged. United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999); In re Horn, 976 F.2d 1314, 1317-18 (9th Cir. 1992).

[29] The parties are advised that the 10-day period referenced in the District Judge's May 8, 2014 order is not triggered by this Order and that it will be triggered upon the issuance of a ruling on the outstanding sanctions requests in the Motion to Compel.