UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUGAR HILL MUSIC, et al., | ) Case No. CV 11-9437 DSF(JC) |
| Plaintiffs, | ) ORDER DISMISSING ACTION AS TO PLAINTIFF REMINISCE SMITH |
| v. | ) |
| CBS INTERACTIVE, INC., et al., | ) |
| Defendants. | ) |

On July 25, 2012, Plaintiff Reminisce Smith ("Smith") and multiple other plaintiffs, all of whom were then represented by counsel, filed the operative First Amended Complaint asserting a claim of inducement of copyright infringement against remaining defendant CBS Interactive Inc. By orders dated August 30, 2013 and March 31, 2014, this Court granted counsel's motion for leave to withdraw as counsel for Smith and other plaintiffs, ordered that Smith and the other plaintiffs in issue were now proceeding *pro se*, and directed the Clerk to update the docket to reflect the last known addresses for Smith and the other plaintiffs in issue as reflected on documentation submitted by counsel. Such addresses are the current addresses of record for Smith and the other plaintiffs in issue.

On September 5, 2014, the assigned Magistrate Judge issued a discovery order directing Smith and other plaintiffs to produce certain documents and a supplemental privilege log ("September Order"). The Clerk caused the September Order to be mailed to Smith and other parties at their current addresses of record on or about September 5, 2014. The copy of the September Order which was sent to Smith was returned undelivered on September 15, 2014.

In light of the foregoing, the Court, on February 27, 2015, issued an order ("Order to Show Cause") directing Smith, within fourteen (14) days thereof, i.e., by not later than March 13, 2015, to update her address of record and to show cause why this action should not be dismissed as to Smith for lack of prosecution. The Order to Show Cause, which was sent to Smith at her current address of record, also expressly cautioned that the failure timely to comply therewith might result in the dismissal of this action for want of prosecution and/or for failure to comply with such order. The Clerk caused the Order to Show Cause to be mailed to Smith at her current address of record on or about February 27, 2015. Although the deadline to respond to the Order to Show Cause has now passed, to date, Smith has not filed a response thereto.

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court and opposing parties apprised of such party's current address. Local Rule 41-6 further provides that if mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, as detailed above, more than fifteen (15) days have passed since the copy of the September Order that was sent to Smith at her current address of record was returned by the Postal Service. To date, Smith has not

///

notified the Court of her current address. Nor has Smith timely responded to the Order to Show Cause.

It is well-established that a district court has authority to dismiss a plaintiff's action because of her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot indefinitely hold this case in abeyance as to Smith based on her failure to notify the Court of her correct address as directed and her failure to respond to the Order to Show Cause. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the apparent inability to communicate

with Smith based on her failure to keep the Court apprised of her current address, and as this Court has already cautioned or attempted to caution Smith on the consequences of failing to prosecute this action and afforded, or attempted to afford her the opportunity to do so, and as Smith has not responded, no sanction lesser than dismissal is feasible.

Accordingly, it is ORDERED that this action is dismissed as to Smith for lack of prosecution and for failure to comply with a Court order.

IT IS SO ORDERED.

DATED: 3/23/15 _____

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE